JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Mitchell S. Fineman, M.D. & Lucy Q. Fineman, h/w

**DEFENDANTS**

Trek Bicycle Corporation, LTD, Electra Bicycle Company, Inc., Trek Retail Corporation, SRAM, LLC

**(b)** County of Residence of First Listed Plaintiff    Montgomery County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Jefferson
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Marc H. Perry, Esquire
Post & Schell
13th Floor, Four Penn Center, 1600 John F. Kennedy

Attorneys *(If Known)*
John C. Farrell, Elizabeth A. Underwood
Marshall Dennehey Warner Coleman and Goggin
2000 Market Street, Suite 2300

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1   U.S. Government Plaintiff | ☐ 3   Federal Question *(U.S. Government Not a Party)* |
| ☐ 2   U.S. Government Defendant | ☒ 4   Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*    and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☒ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding    ☒ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from Another District *(specify)*    ☐ 6 Multidistrict Litigation - Transfer    ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1441

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____ DOCKET NUMBER _____

DATE   6/12/2023

SIGNATURE OF ATTORNEY OF RECORD   *John C. Farrell*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

05/2023

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _2312 Holly Lane, Lafayette Hill, PA_

Address of Defendant: _801 W. Madison Street, Waterloo, WI  53594; 1000 W. Fulton Market #4, Chicago, IL 60607_

Place of Accident, Incident or Transaction: _New Jersey_

---

**RELATED CASE IF ANY:**

Case Number:_____ Judge:_____ Date Terminated_____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1.  Is this case related to property included in an earlier numbered suit pending or within one year    Yes ☐  No ☒
    previously terminated action in this court?
2.  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit
    Pending or within one year previously terminated action in this court?                              Yes ☐  No ☒
3.  Does this case involve the validity or infringement of a patent already in suit or any earlier
    Numbered case pending or within one year previously terminated action of this court?                Yes ☐  No ☒
4.  Is this case a second or successive habeas corpus, social security appeal, or pro se case filed
    by the same individual?                                                                             Yes ☐  No ☒

I certify that, to my knowledge, the within case ☐ is /☒ is **not** related to any now pending or within one year previously terminated action in this court except as note above.

DATE:_____   52824

*Attorney-at-Law (Must sign above)*                    *Attorney I.D. # (if applicable)*

---

**Civil** (Place a √ in one category only)

**A. Federal Question Cases:**

☐ 1.  Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2.  FELA
☐ 3.  Jones Act-Personal Injury
☐ 4.  Antitrust
☐ 5.  Wage and Hour Class Action/Collective Action
☐ 6.  Patent
☐ 7.  Copyright/Trademark
☐ 8.  Employment
☐ 9.  Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. All Other Federal Question Cases. *(Please specify):*_____

**B. Diversity Jurisdiction Cases:**

☐ 1.  Insurance Contract and Other Contracts
☐ 2.  Airplane Personal Injury
☐ 3.  Assault, Defamation
☐ 4.  Marine Personal Injury
☐ 5.  Motor Vehicle Personal Injury
☐ 6.  Other Personal Injury *(Please specify):*_____
☒ 7.  Products Liability
☐ 8.  All Other Diversity Cases: *(Please specify)*_____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration)*

I, _John C. Farrell_, counsel of record *or* pro se plaintiff, do hereby certify:

☒   Pursuant to Local Civil Rule 53.2 § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐   Relief other than monetary damages is sought.

DATE: _6/14/2023_   52824

*Attorney-at-Law (Sign here if applicable)*                    *Attorney ID # (if applicable)*

NOTE: A trial de novo will be a jury only if there has been compliance with F.R.C.P. 38.

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

Mitchell S. Fineman, M.D. and Lucy Q. Fineman,   :
h/w   :
  :
Plaintiffs,   :
  :
v.   :
  :
Trek Bicycle Corporation, Ltd., Electra Bicycle   :
Company, Inc., Electra Bicycle Corporation,   :
LLC, Trek Retail Corporation (d/b/a Trek Bicycle   :
Philadelphia Manayunk), Beacon Stores, Inc.,   :
(d/b/a Beacon Cycling and/or Beacon Cycling &   :
Fitness), Mitchell Rovins and Susanna Rovins   :
(d/b/a Beacon Stores, Inc. (d/b/a Beacon Cycling   :
and/or Beacon Cycling & Fitness), SRAM, LLC,   :
John Doe(s) and Jane Doe(s), ABC Corporation   :
and DEF, LLC, and Heng Ying Machinery Co.,   :
Ltd.,   :
  :
Defendants.   :
  :

## PETITION FOR REMOVAL

**To the Honorable Judges of the United States District Court for the Eastern District of Pennsylvania:**

Pursuant to 28 U.S.C. § 1441, Defendants, Trek Bicycle Corporation, LTD, Electra

Bicycle Company, Inc., Electra Bicycle Corporation, LLC, Trek Retail Corporation, and SRAM,

LLC, by and through their counsel, Marshall Dennehey Warner Coleman & Goggin, respectfully

petition for the removal of this action to the United States District Court for the Eastern District

of Pennsylvania. In support thereof, defendants aver the following:

1. On or about June 9, 2023, Plaintiffs, Mitchell and Lucy Fineman, filed a Civil

Action Complaint in the Philadelphia Court of Commons Pleas against defendants, Trek Bicycle

Corporation, LTD, Electra Bicycle Company, Inc., Electra Bicycle Corporation, LLC, Trek

Retail Corporation, SRAM, LLC, Beacon Cycling Stores, Inc., Mitchell and Susanna Rovins, and Heng Ying Machinery Co., Ltd. See Exhibit 1, Complaint.

2.      Plaintiff's Complaint alleges that Plaintiff, Mitchell Fineman, is a left hand dominant surgeon who suffered a left tricep tendon rupture requiring surgery as a result of an accident while Dr. Fineman was riding an Electra bicycle. See Exhibit 1 at ¶¶ 81-82, 89, 91-93.

3.      Plaintiff's Complaint seeks damages sounding in negligence, product liability, breach of warranty and unfair trade practices and makes claims for punitive damages. Id.

4.      Under 28 U.S.C. § 1332(a) federal district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000 and is between citizens of different States. See 28 U.S.C. § 1332(a).

5.      Under 28 U.S.C. 1441(a) & (b), any civil action brought in State court of which the district courts of the United States have original jurisdiction by virtue of diversity of citizenship may be removed to the district court of the United States for the district and division in the place where such action is pending. See 28 U.S.C. § 1441(a) & (b).

6.      The citizenship of a limited liability is determined by the citizenship of its members. See Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 420 (3d Cir. 2010).

7.      When pleading diversity of citizenship of an LLC's members, the pleading party must conduct a reasonable inquiry into the citizenship of the LLC. See Lincoln Ben. Life Co. v. AEI Life, LLC, 800 F.3d 99, 107 (3d Cir. 2015).

8.      In pleading the diversity of citizenship of an LLC's members, it is sufficient to allege that a defendant is not a citizen of the plaintiff's state of citizenship. Id. at 108 & 111.

2

9.     A defendant whose citizenship is misidentified in the Complaint may remove a matter to federal court if, in actuality, its true citizenship allows for complete diversity. See Moore v. Johnson & Johnson, 907 F. Supp. 2d 646, 651, 657-61 (E.D. Pa. 2012).

10.     Finally, all defendants, "who have been properly joined and served" must join in or consent to the removal of the action. 28 U.S.C. § 1446(a)(2)(A).

11.     Plaintiffs, Mitchell and Lucy Fineman, are citizens of Pennsylvania.

12.     Defendant, Trek Bicycle Corporation is a Wisconsin Corporation with a Principal place of business in Wisconsin and, as such, is a citizen of the state of Wisconsin. See Exhibit 2, Affidavit of Jason Schroeder.

13.     Defendant, Trek Retail Corporation is a Wisconsin corporation with a principle place of business in Wisconsin and, a such, is a citizen of Wisconsin. Id.

14.     Defendants, Electra Bicycle Company, Inc. and Electra Bicycle Corporation, LLC, are not legal entities, nor were they legal entities at any time relevant to the claims in the Complaint. Id.

15.     The proper name of Defendant, Electra, is "Electra Bicycle Company, LLC." Id.

16.     Electra Bicycle Company, LLC, is a citizen of the State of Wisconsin. Id.

17.     Defendants, Beacon Stores, Inc. and Mitchell and Susanna Rovins are citizens of the state of New Jersey. See Exhibit 1.

18.     Defendants, Beacon Stores, Inc. and Mitchell and Susanna Rovins have consented to the removal of this case. See Exhibit 3, Consent.

19.     Defendant, SRAM, LLC, is a citizen of the states of Delaware and Illinois.

20.     Defendant, Heng Ying Machinery Co., Ltd., is a citizen of Taoyuan City, Taiwan (R.O.C.).

3

21.     Defendant, Hang Ying Machinery Co., Ltd, has not been served with the Complaint. See Exhibit 4, Dockets.

22.     Accordingly, diversity of citizenship exists because plaintiffs are citizens of Pennsylvania and all defendants are citizens of different states.

23.     Further, as noted above, plaintiff, Mitchell Fineman, a surgeon, seeks damages for pain and suffering as a result of the accident and his subsequent surgery, loss of "significant income," scarring, past and future medical expenses, continued claimed permanent damages including cold intolerance in his left elbow, among other alleged damages.  Plaintiffs' Complaint also seeks punitive damages. See Exhibit 1 at ¶¶ 80-120, Wherefore Clauses.

24.     Accordingly, the matter in controversy exceeds the sum of $75,000.

25.     As such, this Honorable Court has original jurisdiction pursuant to the provisions of 28 U.S.C. § 1332 based upon the fact that there exists diversity of citizenship between the plaintiffs, Mitchell and Lucy Fineman, and Defendants, Trek Bicycle Corporation, LTD, Electra Bicycle Company, Inc., Electra Bicycle Corporation, LLC, Trek Retail Corporation, SRAM, LLC, Beacon Stores, Inc., Mitchell and Susanna Rovins, and Heng Ying Machinery Co., Ltd., and the amount in controversy exceeds $75,000.00.

26.     The present lawsuit is removable from the Philadelphia County Court of Common Pleas pursuant to 28 U.S.C. §§ 1441 and 1446.

27.     The request for removal is timely because it is being made within 30 days of the filing of plaintiff's Complaint in the Philadelphia County Court of Common Pleas. See 28 U.S.C. § 1446; see also Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 223 (3d Cir. 2005) (holding that, in Pennsylvania, it is the filing of a Complaint that triggers the 30-day period for removal).

28.     True and correct copies of this Notice of Removal, with accompanying exhibits

and separate Notice to State Court of Filing of Notice of Removal, a copy of which is attached as

Exhibit 5, will be filed with the Prothonotary of the Court of Common Pleas of Philadelphia

County, Pennsylvania, in accordance with the provisions of 28 U.S.C. § 1446(d), and will be

served upon counsel for the Plaintiff via the Philadelphia Court of Common Pleas e-filing

system.

WHEREFORE, petitioner, Trek Bicycle Corporation, LTD, Electra Bicycle Company,

Inc., Electra Bicycle Corporation, LLC, Trek Retail Corporation, and SRAM, LLC, respectfully

requests that the above-captioned action be removed to the United States District Court for the

Eastern District of Pennsylvania

**MARSHALL, DENNEHEY, WARNER
COLEMAN & GOGGIN**

BY: _____

JOHN C. FARRELL, ESQUIRE
PA Bar ID: 52824
ELIZABETH UNDERWOOD
PA Bar ID: 93802
*Attorneys for Defendants,*
Trek Bicycle Corporation, LTD, Electra
Bicycle Company, Inc., Electra Bicycle
Corporation, LLC, Trek Retail Corporation,
and SRAM, LLC

Date:  June 14, 2023

# EXHIBIT 1

**POST & SCHELL, P.C.**
BY: MARC H. PERRY, ESQUIRE
I.D. #: 68610
13TH FLOOR
FOUR PENN CENTER
1600 JOHN F KENNEDY BLVD.
PHILADELPHIA, PA  19103
(215) 587-1000
mperry@postschell.com

ATTORNEYS FOR PLAINTIFFS
MITCHELL S. FINEMAN and
LUCY Q. FINEMAN

*Filed and Attested by the
Office of Judicial Records
09 JUN 2023 09:13 am
G. IMPERATO*

---

MITCHELL S. FINEMAN, M.D.
and LUCY Q. FINEMAN, h/w
2312 Holly Lane
Lafayette Hill, PA 19444

          Plaintiffs,

      v.

TREK BICYCLE CORPORATION, LTD.
801 W Madison Street
Waterloo, WI 53594

ELECTRA BICYCLE COMPANY, INC.
1010 South Coast Hwy 101
Suite 101
Encinitas, CA 92024

ELECTRA BICYCLE CORPORATION, LLC
3275 Corporate View
Vista, CA  92081

TREK RETAIL CORPORATION (d/b/a Trek
Bicycle Philadelphia Manayunk)
4159 Main Street
Philadelphia, PA 19127

BEACON STORES, INC. (d/b/a Beacon
Cycling and/or Beacon Cycling & Fitness)
231 Tilton Road
Northfield, NJ  08225

MITCHELL ROVINS and SUSANNA
ROVINS (d/b/a Beacon Stores, Inc. (d/b/a Beacon
Cycling and/or Beacon Cycling & Fitness)
1005 Maple Ave
Linwood, NJ 08221

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

NO: _____

JURY TRIAL DEMANDED

Case ID: 230600934

SRAM, LLC
1000 W. Fulton Market #4
Chicago, IL 60607

JOHN DOE(S) and JANE DOE(S)
1234 Main Street
Anywhere, USA 19107

ABC CORPORATION and DEF, LLC
1234 Main Boulevard
Anytown, USA 19107

HENG YING MACHINERY CO., LTD.
136 Jen Teh 5th St. 33545
Taoyuan City, Taiwan (R.O.C.)

                              Defendants.

## NOTICE

YOU HAVE BEEN SUED IN COURT.  IF YOU WISH TO DEFEND AGAINST THE
CLAIMS  SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION
WITHIN TWENTY (20) DAYS AFTER THIS COMPLAINT AND NOTICE ARE SERVED
BY ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND
FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE
CLAIMS SET FORTH AGAINST YOU.  YOU ARE WARNED THAT IF YOU FAIL TO DO
SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED
AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY
CLAIMED IN THE COMPLAINT OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED
BY THE PLAINTIFF.  YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS
IMPORTANT TO YOU.  YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT
ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR
TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET
LEGAL HELP.

**PHILADELPHIA BAR ASSOCIATION**
**Lawyer Referral and Information Service**
**One Reading Center**
**Philadelphia, PA  19107**
**Telephone: (215) 238-1701**

Case ID: 230600934

# A V I S O

Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion.  Hace falta asentar una comparencia escrita a o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion.  Ademas, la corte puede decidir a favor del demandante y require que usted cumpla con todas las provisiones de esta demanda.  Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

**LLEVE ESTAT DEMANDA A UN ABOGADO INMEDIATAMENTE.  SI NO TIENE ABOGADO O SINO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE IENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.**

**ASOCIACION DE LICENCIADOS DE FILADELFIA**
**Servicio De Referencia E Informacion Legal**
**One Reading Center**
**Filadelfia, Pennsylvania 19107**
**Telefono: (215) 238-1701**

3

Case ID: 230600934

TO: Defendants

You are hereby notified to plead to the enclosed Complaint within twenty (20) days of service thereof or a default judgment may be entered against you.

BY: _____
      **Attorney for Plaintiffs**

**POST & SCHELL, P.C.**
BY:  MARC H. PERRY, ESQUIRE
I.D. #: 68610
13TH FLOOR
FOUR PENN CENTER
1600 JOHN F KENNEDY BLVD.
PHILADELPHIA, PA  19103
(215) 587-1000
mperry@postschell.com

ATTORNEYS FOR PLAINTIFFS,
MITCHELL S. FINEMAN and
LUCY Q. FINEMAN

| | |
|---|---|
| MITCHELL S. FINEMAN, M.D.<br>and LUCY Q. FINEMAN, h/w<br>2312 Holly Lane<br>Lafayette Hill, PA 19444<br><br>        Plaintiffs,<br><br>    v.<br><br>TREK BICYCLE CORPORATION, LTD.<br>801 W Madison Street<br>Waterloo, WI 53594<br><br>ELECTRA BICYCLE COMPANY, INC.<br>1010 South Coast Hwy 101<br>Suite 101<br>Encinitas, CA 92024<br><br>ELECTRA BICYCLE CORPORATION, LLC<br>3275 Corporate View<br>Vista, CA  92081<br><br>TREK RETAIL CORPORATION (d/b/a Trek<br>Bicycle Philadelphia Manayunk)<br>4159 Main Street<br>Philadelphia, PA 19127 | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br><br><br><br>NO: _____<br><br><br><br>JURY TRIAL DEMANDED |

BEACON STORES, INC. (d/b/a Beacon
Cycling and/or Beacon Cycling & Fitness)
231 Tilton Road
Northfield, NJ  08225

MITCHELL ROVINS and SUSANNA
ROVINS (d/b/a Beacon Stores, Inc. (d/b/a
Beacon Cycling and/or Beacon Cycling &
Fitness)
1005 Maple Ave
Linwood, NJ 08221

SRAM, LLC
1000 W. Fulton Market #4
Chicago, IL 60607

JOHN DOE(S) and JANE DOE(S)
1234 Main Street
Anywhere, PA 19107

ABC CORPORATION and DEF, LLC
1234 Main Boulevard
Anytown, PA 19107

HENG YING MACHINERY CO., LTD.
136 Jen Teh 5th St. 33545
Taoyuan City, Taiwan (R.O.C.)

                                 Defendants.

# CIVIL ACTION – COMPLAINT

Plaintiffs, Mitchell S. Fineman and Lucy Q. Fineman, by and through their attorneys,

Post & Schell, P.C., hereby avers as follows:

## PARTIES

1.      Plaintiff, MITCHELL S. FINEMAN, M.D. ("Dr. Fineman"), is an adult

individual, with a home address of 2312 Holly Lane, Lafayette Hill, PA 19444 within the County

of Philadelphia.

2

2.      Plaintiff, LUCY Q. FINEMAN (Mrs. Fineman"), is an adult individual, with a home address of 2312 Holly Lane, Lafayette Hill, PA 19444 within the County of Philadelphia.

3.      Defendant, TREK BICYCLE CORPORATION, LTD. ("Trek BC"), is a for-profit corporation organized and existing under the laws of the State of Delaware, with a principal place of business of 801 W Madison Street, Waterloo, WI 53594, who regularly and systematically conducts business in the County of Philadelphia.

4.      Defendant, Trek BC is the parent corporation of both ELECTRA BICYCLE CORPORATION, LLC and TREK RETAIL CORPORATION (d/b/a Trek Bicycle Philadelphia Manayunk).

5.      Defendant, ELECTRA BICYCLE COMPANY, INC. ("Electra Inc."), is a for-profit corporation organized and existing under the laws of the State of California, with a principal place of business of 1010 South Coast Hwy 101, Suite 101, Encinitas, CA 92024, who regularly and systematically conducts business in the County of Philadelphia.

6.      Defendant, ELECTRA BICYCLE CORPORATION, LLC ("Electra LLC"), is a for-profit corporation organized and existing under the laws of the State of Delaware, with a principal place of business of 1010 South Coast Hwy 101, Suite 101, Encinitas, CA 92024, who regularly and systematically conducts business in the County of Philadelphia.

7.      Defendant, Electra LLC is the successor-in-interest to Electra Inc.

8.      Defendant, Electra LLC continued the manufacture and sale of the product line of ELECTRA INC.

9.      Defendant, Trek BC, purchased Electra LLC in 2013, including all of its assets and liabilities.

10.     Defendant, Trek BC, is the successor-in-interest to Electra LLC.

Case ID: 230600934

11.     Defendant, Trek BC, has continued the manufacture and sale of the product line of ELECTRA LLC.

12.     Defendant, TREK RETAIL CORPORATION (d/b/a Trek Bicycle Philadelphia Manayunk) ("Trek M"), is a is a for-profit corporation organized and existing under the laws of the State of Wisconsin, with a principal place of business of 4159 Main Street, Philadelphia, PA 19127, who conducts business daily in the County of Philadelphia selling and servicing Trek® and Electra® bicycles.

13.     Defendant, BEACON STORES, INC. (d/b/a Beacon Cycling and/or Beacon Cycling & Fitness) ("Beacon Cycling") is a is a for-profit corporation organized and existing under the laws of the State of Delaware, with a principal place of business of 231 Tilton Road, Northfield, NJ  08225, who regularly and systematically conducts business in the County of Philadelphia selling and servicing Trek® and Electra® bicycles.

14.     Defendant, MITCHELL ROVINS ("Mr. Rovins"), is an adult individual and owner/operator of Beacon Stores, Inc. (d/b/a Beacon Cycling and/or Beacon Cycling & Fitness), with a former address of 231 Tilton Road, Northfield, NJ 08225, and a current address of 1005 Maple Ave Linwood, NJ 08221, who regularly and systematically conducted business in the County of Philadelphia.

15.     Defendant, SUSANNA ROVINS ("Mrs. Rovins"), is an adult individual and owner/operator of Beacon Stores, Inc. (d/b/a Beacon Cycling and/or Beacon Cycling & Fitness), with a former address of 231 Tilton Road, Northfield, NJ 08225, and a current address of 1005 Maple Ave Linwood, NJ 08221, who regularly and systematically conducted business in the County of Philadelphia.

Case ID: 230600934

16.     Defendant, SRAM, LLC ("SRAM"), is a for-profit corporation organized and existing under the laws of the State of Delaware, with a principal place of business of 1000 W. Fulton Market #4, Chicago, IL 60607, who regularly and systematically conducted business in the County of Philadelphia.

17.     Defendants, JOHN DOE(S) and JANE DOE(S), are yet known adult individuals who designed, manufactured, sold, distributed, warranted, or repaired the subject product, with an address of 1234 Main Street, Anywhere, PA 19107, and who regularly and systematically conducted business in the County of Philadelphia.

18.     Defendants, ABC CORPORATION and DEF, LLC, are for-profit business entities or partnerships of unknown form, who designed, manufactured, sold, distributed, warranted, or repaired the subject product, with a principal place of business of 1234 Main Boulevard, Downtown, PA 19107 and who regularly and systematically conducted business in the County of Philadelphia.

19.     Defendant, HENG YING MACHINERY CO., LTD. ("Heng YMC"), is a for-profit corporation organized and existing under the laws of the Country of Taiwan, with a principal place of business of 136 Jen Teh 5th St. 33545, Taoyuan City, Taiwan (R.O.C.), and who regularly and systematically conducted business in the United States of America, including the County of Philadelphia.

20.     Defendants, at all times pertinent hereto, acted by and through their owners, officers, partners, servants, employees, representatives and agents in the course and scope of their employment, representation or agency.

### VENUE

21.     Plaintiffs have elected this venue to pursue their various legal claims.

Case ID: 230600934

22.     Plaintiffs, at all times material hereto, have resided in the City of Philadelphia, County of Philadelphia, Commonwealth of Pennsylvania.

23.     Defendants, at all times material hereto, have resided in and/or regularly and systematically conducted business in the City of Philadelphia, County of Philadelphia, Commonwealth of Pennsylvania.

### FACTS

24.     Dr. Fineman is a long-term customer of Trek BC bicycle products.

25.     Dr. Fineman is a long-term customer of Electra bicycle products.

26.     Dr. Fineman is a long-term customer of Trek M bicycle products and services.

27.     Dr. Fineman is a long-term customer of Beacon Cycling bicycle products and services.

28.     In or about the Summer of 2014, the Fineman's completed construction on a vacation home at the Jersey Shore (*i.e.* Longport, New Jersey).

29.     As a result, also in or about the Summer of 2014, the Fineman's purchased a silver Electra® Coaster 3 bicycle, bearing serial number ELC2D14722, inclusive of each of its components (the "defective silver Electra bicycle"):



Case ID: 230600934

30.     The defective silver Electra® bicycle was sold and distributed "fully assembled."

31.     At the same time, the Fineman's also purchased a second black Electra® Coaster 3 bicycle, bearing serial number ELC3F03173, inclusive of each of its components (the "second defective black Electra bicycle").

32.     The second defective black Electra® bicycle was sold and distributed "fully assembled."

33.     The Fineman's purchased the bicycles for personal use, intending to use them to ride together as a couple for relaxation while down at the Jersey Shore (_i.e._ Longport, New Jersey).

34.     On June 18, 2021, while casually riding himself on a clear, warm summer day at the Jersey Shore, on his way to get lunch at Aversa's Deli's in Margate, New Jersey, Dr. Fineman approached the intersection of S. Madison Avenue and Pacific Avenue in Longport, New Jersey.

35.     Dr. Fineman began his left hand turn onto S. Madison Ave.

36.     Dr. Fineman wished to slow his turn onto S. Madison Ave.

37.     Dr. Fineman sought to engage the "coaster brake" of the defective silver Electra® bicycle.

38.     The "coaster brake" of the defective silver Electra® bicycle provided no braking response.

39.     As a result of the inability to control the speed of the defective silver Electra® bicycle, Dr. Fineman was unable to safely negotiate the turn and crashed ("the crash").

7

### THE DEFECTIVE BICYCLE

40.     Unknown to Dr. Fineman, his defective silver Electra® bicycle had a hidden, latent condition which rendered it unsafe for use.

41.     The defective silver Electra® bicycle was designed, manufactured and distributed with only a "coaster brake."

42.     The defective silver Electra® bicycle was designed, manufactured and distributed without any independent or redundant cabled "hand brake."

43.     The defective silver Electra® bicycle was manufactured in Taiwan, Republic of China.

44.     The defective silver Electra® bicycle was manufactured, sold and distributed with an SRAM i-Motion 3 three-speed hub (a "coaster brake" version).

45.     Unknown to Dr. Fineman, his defective silver Electra® bicycle had a hidden, latent condition which caused its "coaster brake" to fail to engage when applied.

46.     As a result of this hazardous, latent, unsafe and hidden condition, all Electra® Coaster 3i bicycles equipped with an SRAM i-Motion 3 three-speed hub (the "coaster brake" version) were recalled for safety reasons.

### THE CANADIAN RECALL

47.     The defective silver Electra® bicycle was first recalled in Canada on January 17, 2019, under the Government of Canada, Recall No. RA-68862.

48.     That Canadian Recall Notice stated, _inter alia_:

Consumer product recall

## SRAM recalls three-speed internal gear hub with coaster brake

Starting date: January 17, 2019

8

Case ID: 230600934

Posting date: January 17, 2019
Type of communication: Consumer Product Recall
Subcategory: Sports/Fitness
Source of recall: Health Canada
Issue: Fall Hazard
Audience: General Public
Identification number:RA-68862

What you should do

Affected products: SRAM three-speed internal gear hub with coaster brake

Product description: This recall involves SRAM i-Motion 3, three-speed internal gear hub with coaster brake, UPC 710845662782, for a bicycle.

The internal gear hub was sold installed on the following models of bicycles (with no redundant braking system - for example no front brake):

Electra Cruiser Custom 3i
Electra Coaster 3i
Electra Hawaii 3i
Electra Hawaii 3i (24")
Electra Straight 8
Hazard identified

The brake can fail, posing a crash or fall hazard to the rider.

As of January 3, 2019, the company has received no reports of incidents or injuries in Canada. In the United States, the company has received 4 reports of crashes or falls, and 1 report of a knee and ankle injury from a fall.

Number sold: Approximately 700 units of the affected products were sold in Canada.

Time period sold: The affected products were sold in Canada between February 2014 and January 2018.

Place of origin: Manufactured in Taiwan.

Companies: Distributor, SRAM, LLC, Chicago, Illinois, UNITED STATES

Case ID: 230600934



What you should do

Consumers should immediately stop using the recalled hub and contact SRAM for reimbursement of the affected bicycle. SRAM will repurchase the affected bicycles at a fair market, depreciated value, based on the Bicycle Blue Book.

For more information, consumers can contact SRAM's Canadian distributor HLC by telephone toll-free at 1-888-522-2453 between 9:00 a.m. and 8:00 p.m. EST Monday through Friday or online.

Please note that the Canada Consumer Product Safety Act prohibits recalled products from being redistributed, sold or even given away in Canada.

Health Canada would like to remind Canadians to report any health or safety incidents related to the use of this product or any other consumer product or cosmetic by filling out the Consumer Product Incident Report Form.

This recall is also posted on the OECD Global Portal on Product Recalls website. You can visit this site for more

Case ID: 230600934

information on other international consumer product recalls.

(https://recalls-rappels.canada.ca/en/alert-recall/sram-recalls-three-speed-internal-gear-hub-coaster-brake, last accessed on December 5, 2022).

49.    Dr. Fineman was never informed of the Canadian recall of the defective silver Electra bicycle prior to the crash.

50.    Dr. Fineman was never informed of the Canadian recall of the second defective black Electra bicycle prior to the crash.

### THE UNITED STATES RECALL

51.    The defective silver Electra® bicycle was then recalled in the United States of America on February 21, 2019, under Consumer Product Safety Commission ("CPSC") Recall No.19-069.

52.    That CPSC Recall Notice stated, *inter alia*:



Case ID: 230600934

## SRAM Recalls Bicycle Gear Hubs Due to Crash and Injury Hazards

Description: This recall involves SRAM® i-Motion 3 three-speed internal gear hubs with a coaster brake installed on bicycles with no redundant braking system. The recalled hubs were sold on the following Electra® model bicycles: Electra Cruiser Custom 3i, Electra Coaster 3i, Electra Hawaii 3i, Electra Hawaii 3i 24 and Electra Straight 8. The recalled hubs were also sold as aftermarket parts for other bicycles. The recalled hubs have "SRAM i-Motion 3" printed on the hub shell and a brake arm extending from the axle of the hub.

Remedy:  Consumers should immediately stop using bicycles with the recalled gear hubs and contact SRAM for instructions on how to receive a partial refund.

Incidents/Injuries:  SRAM has received five reports of brake failure, resulting in one minor injury to a rider.

Sold At:  Specialty bicycle retailers nationwide from April 2010 through December 2018 for between $400 and $800 for Electra bicycles equipped with the recalled hubs and for about $90 for the recalled aftermarket gear hubs

Manufacturer(s):  Heng Ying Machinery Co., Ltd. of Taoyuan City, Taiwan

Distributor(s): SRAM LLC, of Chicago, Ill.

Manufactured In: Taiwan

Recall number: 19-069

12



https://www.cpsc.gov/Recalls/2019/SRAM-Recalls-Bicycle-Gear-Hubs-Due-to-Crash-and-

Injury-Hazards, last accessed on December 5, 2022).[1]

---

[1]        See also *SRAM RECALLS 7,700 INTERNALLY GEARED HUBS DUE TO BRAKE
FAILURE, IT'S OFFERING TO BUY BACK ANY COASTER-BRAKE BIKES SOLD WITH I-MOTION 3
HUBS*, (https://www.bicycling.com/news/a26521411/sram-recall-internal-gear-hubs/, last accessed on
December 5, 2022)  ("SRAM has offered to buy affected bikes back at prices based on the Bicycle Blue
Book—most of the models in question are listed at roughly $350—or else help local dealers request
compatible new hubs.").

Case ID: 230600934

53.     Dr. Fineman was never informed of the United States recall of the defective silver Electra® bicycle prior to the crash.

54.     Dr. Fineman was never informed of the United States recall of the second defective black Electra® bicycle prior to the crash.

### THE DEFECTIVE DESIGN FIX

55.     Subsequent to the recall of the defective silver Electra® bicycle, the design and manufacture of *inter alia* the Electra® Coaster 3 bicycle was changed to discard the unsafe "coaster brake" only design -- which was thereafter manufactured with an independent or redundant cabled "hand brake:"



56.     Defendant knew, or should have known, that the "coaster brake" only design of the defective silver Electra® bicycle was unsafe in design, manufacture or distribution.

Case ID: 230600934

57.    Defendant knew, or should have known, that the design, manufacture or distribution of an adult bicycle in 2014 with only a "coaster brake" was defective and unreasonably dangerous.

58.    Defendant knew, or should have known, that the design, manufacture or distribution of an adult bicycle in 2014 with only a "coaster brake," and no independent or redundant cabled "hand brake" was defective and unreasonably dangerous.

59.    The defective silver Electra® bicycle was not state of the art when manufactured and sold in 2014.

60.    The defective silver Electra® bicycle could have been designed, manufactured and sold in 2014 with an independent or redundant cabled "hand brake."

61.    Defendant regularly sold and distributed substantially similar bicycles with independent or redundant cabled "hand brakes" in 2014.

### NO NOTICE OF RECALLED DEFECTIVE SILVER ELECTRA® BICYCLE

62.    Dr. Fineman was never informed, advised or cautioned of any recall of the defective silver Electra® bicycle.

63.    Dr. Fineman was never informed, advised or cautioned of any recall of the second defective black Electra® bicycle.

64.    Mrs. Fineman was never informed, advised or cautioned of any recall of either the defective silver Electra® bicycle or the second defective black Electra® bicycle.

65.    The Fineman's independently decided not to ride the defective silver Electra® bicycle again because of its malfunctioning coaster brake.

15

66.     Mrs. Fineman, uncomfortable with Dr. Fineman announcing his desire to bicycle again after the crash, insisted that he take the second defective black Electra® bicycle to their local Trek retail store to get it inspected.

67.     In or about the Fall of 2021, Dr. Fineman took the second black Electra® bicycle from the Jersey Shore back home to Philadelphia for Trek M to check out the bicycle, specifically the brakes.

68.     Trek M took possession of the second black Electra® bicycle and represented it had road tested the brakes, that there was nothing wrong with the brakes, and further represented "the bike is fine," even though the product had been recalled with instructions to stop using the product "immediately," and returned the second defective black Electra® bicycle to Dr. and Mrs. Fineman for their continued use.

69.     Trek M never informed the Fineman's of the recall of his defective silver Electra® bicycle.

70.     Trek M never informed the Fineman's of the recall of his second defective black Electra® bicycle.

71.     Trek M never informed the Fineman's that the distributor of the SRAM i-Motion 3 three-speed hub (the "coaster brake" version) advised all consumers "to stop riding it immediately."

72.     Trek M never informed Dr. Fineman that the Canadian Government advised all consumers of the product "to stop riding it immediately."

73.     Trek M never informed Dr. Fineman that the CPSC advised all consumers to "immediately stop using bicycles with the recalled gear hubs."

74.     Trek M did not offer to repurchase the defective silver Electra® bicycle.

Case ID: 230600934

75.     Trek M did not offer to repurchase the second defective black Electra® bicycle.

76.     Still uncomfortable with riding even the second defective black Electra® bicycle given the defective silver Electra® bicycle's prior brake failure and the resulting crash and injuries, even after the improper "all clear" representation by Trek M, Dr. Fineman conducted some internet research seeking whether replacement hubs were available for purchase.

77.     It was not until April 23, 2022 that Dr. Fineman's own Internet research first alerted him to the fact his defective silver Electra® bicycle, and second defective black Electra® bicycle, had been recalled, that he was warned by both Canadian and United States government officials to stop riding the bicycle(s) immediately, that several other consumers had likewise experienced a "coaster brake" failure, and that at least one other person had also crashed due to the failure of the bicycle's "coaster brake" suffering bodily injury.

78.     Dr. Fineman and Mrs. Fineman are angered that nobody bothered to inform them of the recall of the defective silver Electra® bicycle, and second defective black Electra® bicycle, prior to the crash and the injuries and damages suffered by each of them in 2021 (and since such time).

79.     Both Dr. Fineman and Mrs. Fineman have since permanently stored, and will not ride again, the defective silver Electra® bicycle or the second defective black Electra® bicycle.

## THE INJURIES

80.     In his normal use of the defective silver Electra® bicycle, Dr. Fineman was caused to forcibly crash onto the roadway.

81.     Dr. Fineman instinctively reached out with his left arm to brace himself during the crash.

82.     Dr. Fineman is a left-hand dominant surgeon.

17

Case ID: 230600934

83.   Dr. Fineman's body was caused to be contused and bruised.

84.   Dr. Fineman's left hand was scraped, contused and bruised.

85.   Dr. Fineman felt an injury to his left elbow and tricep.

86.   The muscular structures in Dr. Fineman's left elbow and tricep were forcibly torn, strained and sprained.

87.   Dr. Fineman maneuvered the defective silver Electra® bicycle home and sought medical advice from Pedro K. Beredjiklian, M.D. of the Rothman Institute on the same day.

88.   Dr. Beredjiklian referred Dr. Fineman for an MRI study.

89.   Dr. Fineman underwent an MRI study the next day on June 19, 2021 at Main Line Health Systems in Newtown Square, Pennsylvania which revealed a full-thickness left tricep tendon rupture with retraction of the torn fibers, extensive tissue swelling, areas of intramuscular edema and hemorrhage throughout the posterior elbow with concomitant distal triceps muscle strain.

90.   Dr. Fineman was examined by Christopher C. Dodson, M.D. of the Rothman Institute on June 21, 2021.

91.   Dr. Dodson performed a left open distal triceps tendon repair surgery upon Dr. Fineman on June 24, 2021 at the Vinsera Surgery Center located in Philadelphia, Pennsylvania.

92.   Dr. Fineman was caused to undergo the risks of general anesthesia for the surgery of June 24, 2021.

93.   Dr. Fineman was hard casted from June 24, 2021 through July 6, 2021.

94.   Dr. Fineman was last examined by Dr. Dodson at the Novacare facility in South Philadelphia, Pennsylvania on July 27, 2021 during the Philadelphia Eagles physicals.

Case ID: 230600934

95.    Dr. Fineman underwent physical therapy at Novacare in Conshohocken, Pennsylvania through September 7, 2021.

96.    Dr. Fineman was confined to an adjustable brace until September 7, 2021.

97.    Dr. Fineman has been required to receive medical treatment and will require further medical treatment in the future.

98.    Dr. Fineman body is scarred.

99.    Dr. Fineman has been caused to take prescription medications as a result of his injuries and surgery.

100.    Dr. Fineman suffers from cold intolerance in his left elbow joints and muscles.

101.    Dr. Fineman has difficulty sleeping.

102.    Dr. Fineman has lost strength in his left upper body.

103.    Dr. Fineman has suffered a loss of capacity and function.

104.    Dr. Fineman injuries are permanent in nature.

105.    Dr. Fineman has been denied every day pleasures and enjoyment.

106.    Dr. Fineman has suffered a diminished quality of life.

107.    Dr. Fineman has suffered, and will suffer, pain, suffering and mental anguish.

108.    Dr. Fineman has suffered, and will suffer, humiliation and embarrassment.

109.    Dr. Fineman has been caused to purchase medical equipment and supplies as a result of his injuries, surgery and recovery.

110.    Dr. Fineman is a licensed (Pennsylvania and New Jersey), board certified ophthalmologist, a vitreoretinal surgeon, on the active staffs of Wills Eye Hospital (Philadelphia, PA), Bryn Mawr Hospital (Bryn Mawr, PA), St. Luke's Hospital (Bethlehem, PA) and Virtua

Case ID: 230600934

Health-West Jersey Health System (Vorhees, NJ), an Assistant Professor at the Thomas Jefferson University and the Team Ophthalmologist for the Philadelphia Eagles (NFL).

111.    Dr. Fineman's crash caused disruption to his employment duties, patient relationships and surgery schedule.

112.    Dr. Fineman was caused to go on short term disability from the crash and resulting injuries.

113.    Dr. Fineman lost significant income as a result of his absence and/or limitations from his employment following the crash.

114.    Dr. Fineman activities of daily life were also interrupted, disrupted, frustrated, inconvenienced, delayed and limited.

115.    Dr. Fineman suffered a loss of life's pleasures.

116.    Dr. Fineman suffered a loss of companionship and intimacy with his spouse.

117.    All of Dr. Fineman's injuries and damages were proximately caused by Defendant.

118.    Dr. Fineman incurred, and will incur in the future, medical and others expenses associated with this loss.

119.    Dr. Fineman will suffer other damages and injuries which may become apparent during the pendency of this civil action.

120.    Dr. Fineman's past, current and future medical and/or financial losses were proximately caused as a result of the crash set forth above.

Case ID: 230600934

## COUNT I – NEGLIGENCE = INADEQUATE RECALL
### Dr. Fineman v. Trek BC, Electra Inc., Electra LLC, Beacon Cycling, Mr. Rovins, Mrs. Rovins, SRAM, Heng YMC, John Doe(s), Jane Doe(s), XYZ Corporation(s) and DEF, LLC(s)

121.    Plaintiffs repeat and aver each of the preceding paragraphs of the Complaint as if set forth at length herein.

122.    Defendant had an actual knowledge of the recall of the defective silver Electra® bicycle prior to Dr. Fineman's crash and injuries.

123.    Defendant has a history of recalls for other defective bicycles (and components thereof) before the recall was announced of the subject defective silver Electra® bicycle.

124.    Defendant had prior experience in recall campaigns sufficient to ensure consumer notice and safety, including, *inter alia*:

| | |
|------|-----------------------------|
| 2019 | Kickstarter Safety Recall |
| 2018 | Line Pro Pedal Recall |
| 2017 | 720 Disc Recall |
| 2016 | Bicycle Light Recall |
| 2016 | Fairly & Farley 6 Fork Recall |
| 2015 | Superfly Seatpost Recall |
| 2015 | Santour Fork Bolt Recall |
| 2015 | Quick Release Lever Recall |
| 2014 | Suntour Fork Recall |
| 2013 | Madone Recall |
| 2013 | Fox Evalution Fork Recall |
| 2012 | Suntour Support Tube Fork Recall |

21

Case ID: 230600934

| 2011 | FX and District Recall |
| 2009 | Trek 7300, 7300WSD & 7500 Fork Recall |
| 2008 | Trek Girl's MT 220 Bicycle Recall |
| 2006 | Trek Anthem C Elite Recall |
| 2001 | Chariot Child Carrier Recall |
| 2000 | Rock Show Suspension Fork Recall |
| 1998 | Sachs Chain Recall |
| 1996 | Klein Stern Recall |
| 1994 | KSS Bottom Bracket Recall |

125.    Defendant thus knew, or should have known, how to properly, effectively, and practically conduct a viable recall campaign to ensure consumer notice and safety.

126.    Trek BC at all times relevant hereto registered, owned and/or maintained the web domain name at trekbikes.com.

127.    Trek BC at all times relevant hereto also registered, owned and/or maintained the web domain at ascendrms.com.

128.    Trek BC knew and possessed the personal e-mail address of Dr. Fineman as early as January 2016.

129.    Trek BC communicated directly to Dr. Fineman's personal e-mail address as early as 2016.

130.    Trek BC communicated directly to Dr. Fineman's personal e-mail address as early as 2016 on behalf of Beacon Cycling.

131.    Beacon Cycling at all times relevant hereto registered, owned and/or maintained the web domain at beaconcycling.com.

Case ID: 230600934

132.    Beacon Cycling at all times relevant hereto also registered, owned and/or maintained the email address of therideclub@tbcrideclub.com.

133.    Beacon Cycling knew and possessed the personal e-mail address of Dr. Fineman since 2014.

134.    Beacon Cycling communicated directly to Dr. Fineman's personal e-mail address since 2014.

135.    Trek M operated at all times relevant hereto through the e-mail address of manayunk@trekbikes.com.

136.    Trek M knew and possessed the personal e-mail address of Dr. Fineman since approximately 2017.

137.    Trek M communicated directly to Dr. Fineman's personal e-mail address since approximately 2017.

138.    Defendant's failure to implement and conduct an adequate recall campaign regarding defective silver Electra® bicycle fell below an acceptable standard of care.

139.    Defendant was negligent for its individual and/or collective failure to have and implement an adequate recall campaign regarding the defective silver Electra® bicycle.

140.    Dr. Fineman has suffered damages as a proximate result of the failure of Defendant to have and implement an adequate recall campaign regarding the defective silver Electra® bicycle.

141.    Defendant had an actual knowledge of the dangers associated with the continued use of the defective silver Electra® bicycle to users like Dr. Fineman, but knowingly failed to reveal, or concealed, such dangers, and the Fineman's are thus entitled to punitive damages to deter Defendant and others from engaging in such callous conduct in the future.

23

Case ID: 230600934

WHEREFORE, Plaintiffs, Mitchell S. Fineman and Lucy Q. Fineman, demand judgment in their favor, jointly and severally, together with damages, costs, attorneys' fees and punitive damages.

### COUNT II – NEGLIGENCE (DEFECTIVE PRODUCT)
Dr. Fineman v. Trek BC, Electra Inc., Electra LLC, Beacon Cycling,
Mr. Rovins, Mrs. Rovins, SRAM, Heng YMC,
John Doe(s), Jane Doe(s), XYZ Corporation(s) and DEF, LLC(s)

142.    Plaintiffs repeat and aver each of the preceding paragraphs of the Complaint as if set forth at length herein.

143.    Defendant distributed a defective and unreasonably dangerous product.

144.    Defendant failed to warn Dr. Fineman of the defective and unreasonably dangerous condition in the product.

145.    Defendant's actions and/or inactions were wanting of ordinary or reasonable care.

146.    Defendant's actions and/or inactions were intentional, willful, wanton, outrageous, reckless and/or careless in complete disregard for the safety of Dr. Fineman.

147.    Defendant's carelessly, negligently and recklessly failed to design, test, manufacture, inspect, package, label, sell, distribute, market, display, advertise, and/or failed to warn regarding the condition of the defective silver Electra® bicycle, including, but not limited to:

    a.   In designing and/or manufacturing and/or selling the bicycle and/or its component parts manufactured from inadequate materials that could fail or malfunction during normal anticipated use;

    b.   In failing to assure that the bicycle and/or its component parts it designed, manufactured, maintained, assembled, fabricated and/or sold utilized a proper design to ensure that its "coaster brake" would not fail during normal foreseeable use;

    c.   In failing to assure that the bicycle and/or its component parts it designed, manufactured and/or sold utilized proper materials that could withstand the foreseeable force and stress that comes from the ordinary use of the product;

24

d.   In failing to warn of the dangers of the bicycle and/or its component parts, which could fail and cause a user to lose control of the bicycle during ordinary intended use;

e.   In designing and/or manufacturing and/or selling the bicycle and/or its component parts in a condition that could cause or permit the "coaster brake" to fail and pose a crash hazard;

f.   In failing to provide all features necessary to render the bicycle and/or its component parts safe for its intended use;

g.   In failing to assure that the bicycle and/or its component parts were appropriate for its intended uses;

h.   In marketing the bicycle as safe for its intended use when its "coaster brake" could fail and cause the rider to lose control of the bicycle and be injured;

i.   In failing to assure all necessary warnings, directions, and instructions regarding the risks and limitations attendant to the use of the bicycle were provided;

j.   In failing to adequately and more effectively recall the bicycle; and,

k.   In failing to identify and properly repair the dangerous defect at any time when the bicycle was inspected and/or serviced before the crash.

148.   Defendant, at all times pertinent hereto, are vicariously liable for the actions or inactions of their owners, officers, partners, servants, employees, representatives and/or agents.

149.   Defendant's actions and/or inactions breached the applicable standard of care.

150.   Defendant's actions and/or inactions caused the crash involving Dr. Fineman.

151.   Dr. Fineman has suffered injuries and damages as a proximate result of the negligence of Defendant.

152.   Defendant had actual knowledge of the dangers associated with the continued use of the defective silver Electra® bicycle to users like Dr. Fineman, but knowingly failed to reveal, or concealed, such dangers, and the Fineman's are thus entitled to punitive damages to deter Defendant and others from engaging in such callous conduct in the future.

**WHEREFORE**, Plaintiffs, Mitchell S. Fineman and Lucy Q. Fineman, demand judgment in their favor, jointly and severally, together with damages, costs, attorneys' fees and punitive damages.

Case ID: 230600934

**COUNT III – NEW JERSEY PRODUCT LIABILITY ACT**
Dr. Fineman v. Trek BC, Electra Inc., Electra LLC, Beacon Cycling,
Mr. Rovins, Mrs. Rovins, SRAM, Heng YMC,
John Doe(s), Jane Doe(s), XYZ Corporation(s) and DEF, LLC(s)

153.   Plaintiffs repeat and aver each of the preceding paragraphs of the Complaint as if set forth at length herein.

154.   Defendant designed, tested, manufactured, inspected, packaged, labeled, sold, distributed, marketed, displayed, advertised a defective and unreasonably dangerous product.

155.   The defective silver Electra® bicycle was expected to and did reach Dr, Fineman, and was used by him, without substantial change in the condition in which it was sold.

156.   The subject defective silver Electra® bicycle was unreasonably dangerous in design.

157.   The subject defective silver Electra® bicycle was unreasonably dangerous in its manufacture.

158.   The subject defective silver Electra® bicycle was unreasonably dangerous in its lack of, and inadequate, warnings.

159.   The defective silver Electra® bicycle was unreasonably dangerous in that it could and did malfunction and/or fail under normal use.

160.   The defective silver Electra® bicycle was unreasonably dangerous in that it failed to have proper labels, warnings, and instructions.

161.   Defendant acted with conscious and deliberate disregard of the foreseeable harm caused by the defective silver Electra® bicycle.

162.   Dr. Fineman has suffered damages as a proximate result of the strict liability of Defendant.

Case ID: 230600934

163.    Defendant's actions and/or inactions were intentional, willful, wanton, outrageous, reckless and/or careless in complete disregard for the safety of Dr. Fineman.

164.    The defective and unreasonably dangerous condition(s) of the defective silver Electra® bicycle, included, but are not limited to:

    a.    In designing and/or manufacturing and/or selling the bicycle and/or its component parts manufactured from inadequate materials that could fail or malfunction during normal anticipated use;

    b.    In failing to assure that the bicycle and/or its component parts it designed, manufactured, maintained, assembled, fabricated and/or sold utilized a proper design to ensure that its "coaster brake" would not fail during normal foreseeable use;

    c.    In failing to assure that the bicycle and/or its component parts it designed, manufactured and/or sold utilized proper materials that could withstand the foreseeable force and stress that comes from the ordinary use of the product;

    d.    In failing to warn of the dangers of the bicycle and/or its component parts, which could fail and cause a user to lose control of the bicycle during ordinary intended use;

    e.    In designing and/or manufacturing and/or selling the bicycle and/or its component parts in a condition that could cause or permit the "coaster brake" to fail and pose a crash hazard;

    f.    In failing to provide all features necessary to render the bicycle and/or its component parts safe for its intended use;

    g.    In failing to assure that the bicycle and/or its component parts were appropriate for its intended uses;

    h.    In marketing the bicycle as safe for its intended use when its "coaster brake" could fail and cause the rider to lose control of the bicycle and be injured;

    i.    In failing to assure all necessary warnings, directions, and instructions regarding the risks and limitations attendant to the use of the bicycle were provided;

    j.    In failing to adequately and more effectively recall the bicycle; and,

    k.    In failing to identify and properly repair the dangerous defect at any time when the bicycle was inspected and/or serviced before the crash.

165.    Defendant's actions and/or inactions caused the crash involving Dr. Fineman.

166.    Dr. Fineman has suffered injuries and damages as a proximate result of the defective silver Electra® bicycle.

167.    Defendant had actual knowledge of the dangers associated with the continued use of the defective silver Electra® bicycle to users like Dr. Fineman, but knowingly failed to reveal,

Case ID: 230600934

or concealed, such dangers, and the Fineman's are thus entitled to punitive damages to deter Defendant and others from engaging in such callous conduct in the future.

**WHEREFORE**, Plaintiffs, Mitchell S. Fineman and Lucy Q. Fineman, demand judgment in their favor, jointly and severally, together with damages, costs, attorneys' fees and punitive damages.

### COUNT IV – PENNSYLVANIA STRICT LIABILITY (CONSUMER EXPECTATION)
#### Dr. Fineman v. Trek BC, Electra Inc., Electra LLC, Beacon Cycling, Mr. Rovins, Mrs. Rovins, SRAM, Heng YMC, John Doe(s), Jane Doe(s), XYZ Corporation(s) and DEF, LLC(s)

168.    Plaintiffs repeat and aver each of the preceding paragraphs of the Complaint as if set forth at length herein.

169.    A bicycle is a consumer product.

170.    The defective silver Electra® bicycle is a consumer product.

171.    Defendant distributed a defective and unreasonably dangerous product.

172.    Dr. Fineman expected as a purchaser of a consumer product such as a bicycle that it would have a properly designed and manufactured brake to retard, control and stop the forward momentum of the bicycle upon user demand.

173.    The defective silver Electra® bicycle was defective and unreasonably dangerous because it did not meet the reasonable expectations of an ordinary consumer.

174.    The defective silver Electra® bicycle was unreasonably dangerous in that it failed to have expected proper labels, warnings, and instructions.

175.    Defendant failed to warn Dr. Fineman of the defective and unreasonably dangerous condition in the defective silver Electra® bicycle.

176.    Defendant had an actual knowledge of the dangers associated with the continued use of the defective silver Electra® bicycle to users like Dr. Fineman, but knowingly failed to

Case ID: 230600934

reveal, or concealed, such dangers, and the Fineman's are thus entitled to punitive damages to deter Defendant and others from engaging in such callous conduct in the future.

177.    Dr. Fineman has suffered damages as a proximate result of the strict liability of Defendant.

**WHEREFORE**, Plaintiffs, Mitchell S. Fineman and Lucy Q. Fineman, demand judgment in their favor, jointly and severally, together with damages, costs, attorneys' fees and punitive damages.

### COUNT V – PENNSYLVANIA STRICT LIABILITY (RISK-UTILITY)
Dr. Fineman v. Trek BC, Electra Inc., Electra LLC, Beacon Cycling,
Mr. Rovins, Mrs. Rovins, SRAM, Heng YMC,
John Doe(s), Jane Doe(s), XYZ Corporation(s) and DEF, LLC(s)

178.    Plaintiffs repeat and aver each of the preceding paragraphs of the Complaint as if set forth at length herein.

179.    At all times relevant hereto, Defendant was engaged in the business of designing, manufacturing, marketing, advertising, distributing and sale of bicycles (and/or bicycle components).

180.    The bicycle was defective at the time it was designed, manufactured, and sold by Defendant and at the time of the incident, in that its braking could and did fail during normal and anticipated use.

181.    The bicycle and/or its component parts were further defective because the risk posed by their design and/or manufacture exceeded the utility, if any, of their design.

182.    A bicycle would not ordinarily have its brakes fail in the course of normal foreseeable use unless it was defectively designed and/or manufactured.

Case ID: 230600934

183.    Defendant knew or should have known that users riding a bicycle with non-functioning "coaster brakes" was a hazardous condition which could foreseeably lead to a user's crash and resultant bodily injury.

184.    Defendant distributed a defective and unreasonably dangerous product.

185.    Defendant failed to warn Dr. Fineman of the defective and unreasonably dangerous condition in the defective silver Electra® bicycle.

186.    Dr. Fineman has suffered damages as a proximate result of the strict liability of Defendant.

187.    Defendant had actual knowledge of the dangers associated with the continued use of the defective silver Electra® bicycle to users like Dr. Fineman, but knowingly failed to reveal, or concealed, such dangers, and the Fineman's are thus entitled to punitive damages to deter Defendant and others from engaging in such callous conduct in the future.

**WHEREFORE**, Plaintiffs, Mitchell S. Fineman and Lucy Q. Fineman, demand judgment in their favor, jointly and severally, together with damages, costs, attorneys' fees and punitive damages.

**COUNT VI – PENNSYLVANIA STRICT LIABILITY (FAILURE TO WARN)**
Dr. Fineman v. Trek BC, Electra Inc., Electra LLC, Beacon Cycling,
Mr. Rovins, Mrs. Rovins, SRAM, Heng YMC,
John Doe(s), Jane Doe(s), XYZ Corporation(s) and DEF, LLC(s)

188.    Plaintiffs repeat and aver each of the preceding paragraphs of the Complaint as if set forth at length herein.

189.    At all times relevant hereto, Defendant was engaged in the business of designing, manufacturing, marketing, advertising, distributing and sale of bicycles (and/or bicycle components).

190.    Defendant herein distributed a defective and unreasonably dangerous product.

Case ID: 230600934

191.    Defendant knew or should have known that components of the defective silver Electra® bicycle were unreasonably dangerous at the time of its sale to Dr Fineman in 2014.

192.    Defendant knew or should have known that components of the defective silver Electra® bicycle were unreasonably dangerous prior to the time of Dr Fineman's crash in 2021.

193.    Defendant knew or should have known that users riding a bicycle with non-functioning "coaster brakes" was a hazardous condition which could foreseeably lead to a user's crash and resultant bodily injury.

194.    Yet, Defendant did not warn or alert, provide guidance or instruction to, Dr. Fineman of the defective and unreasonably dangerous condition in the defective silver Electra® bicycle prior to his crash.

195.    Dr. Fineman has suffered damages as a proximate result of the failure to warn by Defendant.

196.    Defendant had actual knowledge of the dangers associated with the continued use of the defective silver Electra® bicycle to users like Dr. Fineman, but knowingly failed to reveal, or concealed, such dangers, and the Fineman's are thus entitled to punitive damages to deter Defendant and others from engaging in such callous conduct in the future.

**WHEREFORE**, Plaintiffs, Mitchell S. Fineman and Lucy Q. Fineman, demand judgment in their favor, jointly and severally, together with damages, costs, attorneys' fees and punitive damages.

**COUNT VII - BREACH OF WARRANTY (EXPRESS)**
Dr. Fineman v. Trek BC, Electra Inc., Electra LLC, Beacon Cycling,
Mr. Rovins, Mrs. Rovins, SRAM, Heng YMC,
John Doe(s), Jane Doe(s), XYZ Corporation(s) and DEF, LLC(s)

197.    Plaintiffs repeat and aver each of the preceding paragraphs of the Complaint as if set forth at length herein.

Case ID: 230600934

198.    Defendant expressly warranted[2] that the defective silver Electra® bicycle was *inter alia* free of defects in material and workmanship, and proper for its intended use.

199.    Defendant instead distributed a defective and unreasonably dangerous product.

200.    Dr. Fineman reasonably relied upon the skill and judgment of Defendant and upon said express warranty in using the consumer product.

201.    Defendant had ample and sufficient notice of the breach of said express warranty, as soon as the true nature of the defective product became known, and the fact that the express warranty and representations were false, prior to Dr. Fineman's crash.

202.    Nevertheless, Defendant failed to warn Dr. Fineman of the defective and unreasonably dangerous condition in the defective silver Electra® bicycle before his crash.

203.    Indeed, Dr. Fineman had to learn in 2022 by his own efforts, and after his unnecessary crash, that the defective silver Electra® bicycle had been recalled in 2019 due to its latent and unreasonably dangerous condition.

204.    Dr. Fineman has suffered damages as a proximate result of Defendant's breach of the express warranty.

205.    Defendant had actual knowledge of the dangers associated with the continued use of the defective silver Electra® bicycle to users like Dr. Fineman, but knowingly failed to reveal, or concealed, such dangers, and the Fineman's are thus entitled to punitive damages to deter Defendant and others from engaging in such callous conduct in the future.

---

[2]     Dr. Fineman is not currently in possession of each express warranty, said warranty(ies) being in the possession of Defendant(s) – to be produced during the course of discovery. Pa.R.Civ.P. 1019(i).

Case ID: 230600934

**WHEREFORE**, Plaintiffs, Mitchell S. Fineman and Lucy Q. Fineman, demand judgment in their favor, jointly and severally, together with damages, costs, attorneys' fees and punitive damages.

### COUNT VIII – BREACH OF WARRANTY (IMPLIED – FITNESS OF PARTICULAR PURPOSE)
Dr. Fineman v. Trek BC, Electra Inc., Electra LLC, Beacon Cycling,
Mr. Rovins, Mrs. Rovins, SRAM, Heng YMC,
John Doe(s), Jane Doe(s), XYZ Corporation(s) and DEF, LLC(s)

206.    Plaintiffs repeat and aver each of the preceding paragraphs of the Complaint as if set forth at length herein.

207.    Defendant is a "merchant" as defined by Article 2 of the Uniform Commercial Code.

208.    Defendant impliedly warranted that the defective silver Electra® bicycle was safe and fit for its intended use.

209.    Defendant instead distributed a latently defective and unreasonably dangerous product.

210.    Dr. Fineman reasonably relied upon the skill and judgment of Defendant that the consumer product was safe and fit for its intended use.

211.    Defendant had ample and sufficient notice of the breach of said implied warranty, as soon as the true nature of the unfit consumer product became known, and the fact that the product was not fit for its intended use, prior to Dr. Fineman's crash.

212.    Nevertheless, Defendant failed to warn Dr. Fineman of the defective and unreasonably dangerous condition in the defective silver Electra® bicycle before his crash.

213.    Indeed, Dr. Fineman had to learn in 2022 by his own efforts, and after his unnecessary crash, that the unfit and defective silver Electra® bicycle had been recalled in 2019 due to its latent and unreasonably dangerous condition.

Case ID: 230600934

214.     Dr. Fineman has suffered damages as a proximate result of Defendant breach of the implied warranty.

215.     Defendant had an actual knowledge of the dangers associated with the continued use of the defective silver Electra® bicycle to users like Dr. Fineman, but knowingly failed to reveal, or concealed, such dangers, and the Fineman's are thus entitled to punitive damages to deter Defendant and others from engaging in such callous conduct in the future.

**WHEREFORE**, Plaintiffs, Mitchell S. Fineman and Lucy Q. Fineman, demand judgment in their favor, jointly and severally, together with damages, costs, attorneys' fees and punitive damages.

### COUNT IX – BREACH OF WARRANTY (IMPLIED - MERCHANTABILITY)
Dr. Fineman v. Trek BC, Electra Inc., Electra LLC, Beacon Cycling,
Mr. Rovins, Mrs. Rovins, SRAM, Heng YMC,
John Doe(s), Jane Doe(s), XYZ Corporation(s) and DEF, LLC(s)

216.     Plaintiffs repeat and aver each of the preceding paragraphs of the Complaint as if set forth at length herein.

217.     Defendant impliedly warranted that the defective silver Electra® bicycle was safe and merchantable for its intended use.

218.     Defendant instead distributed a latently defective and unreasonably dangerous product.

219.     Dr. Fineman reasonably relied upon the skill and judgment of Defendant that the consumer product was safe and of merchantable quality for its intended use.

220.     Defendant had ample and sufficient notice of the breach of said implied warranty, as soon as the true nature of the defective product became known, and the fact that the product was not of merchantable quality for its intended use, prior to Dr. Fineman's crash.

Case ID: 230600934

221.   Nevertheless, Defendant failed to warn Dr. Fineman of the defective and unreasonably dangerous condition in the defective silver Electra® bicycle before his crash.

222.   Indeed, Dr. Fineman had to learn in 2022 by his own efforts, and after his unnecessary crash, that the unmerchantable and defective silver Electra® bicycle had been recalled in 2019 due to its latent and unreasonably dangerous condition.

223.   Dr. Fineman has suffered damages as a proximate result of Defendant breach of the implied warranty.

224.   Defendant had actual knowledge of the dangers associated with the continued use of the defective silver Electra® bicycle to users like Dr. Fineman, but knowingly failed to reveal, or concealed, such dangers, and the Fineman's are thus entitled to punitive damages to deter Defendant and others from engaging in such callous conduct in the future.

**WHEREFORE**, Plaintiffs, Mitchell S. Fineman and Lucy Q. Fineman, demand judgment in their favor, jointly and severally, together with damages, costs, attorneys' fees and punitive damages.

### COUNT X – BREACH OF WARRANTY (MAGNUSON-MOSS WARRANTY ACT)
Dr. Fineman v. Trek BC, Electra Inc., Electra LLC, Beacon Cycling,
Mr. Rovins, Mrs. Rovins, SRAM, Heng YMC,
John Doe(s), Jane Doe(s), XYZ Corporation(s) and DEF, LLC(s)

225.   Plaintiffs repeat and aver each of the preceding paragraphs of the Complaint as if set forth at length herein.

226.   Dr. Fineman was a "consumer" as defined the Magnuson-Moss Warranty Act, 15 U.S.C. §2301(3).

227.   Defendant is a "supplier" and "warrantor" as defined the Magnuson-Moss Warranty Act, 15 U.S.C. §2301(4-5).

Case ID: 230600934

228.    The defective silver Electra® bicycle is a "consumer product" as defined the Magnuson-Moss Warranty Act, 15 U.S.C. §2301(1).

229.    Defendant warranted that the defective silver Electra® bicycle was *inter alia* free of defects in material and workmanship, and proper for its intended use.

230.    Defendant instead sold and distributed a defective and unreasonably dangerous product which failed to confirm to such warranty.

231.    Dr. Fineman has suffered damages as a proximate result of Defendant's breach of warranty.

232.    Defendant had actual knowledge of the dangers associated with the continued use of the defective silver Electra® bicycle to users like Dr. Fineman, but knowingly failed to reveal, or concealed, such dangers, and the Fineman's are thus entitled to punitive damages to deter Defendant and others from engaging in such callous conduct in the future.

**WHEREFORE**, Plaintiffs, Mitchell S. Fineman and Lucy Q. Fineman, demand judgment in their favor, jointly and severally, together with damages, costs, attorneys' fees and punitive damages.

### COUNT XI – NEW JERSEY CONSUMER FRAUD ACT
Dr. Fineman v. Trek BC, Electra Inc., Electra LLC, Beacon Cycling,
Mr. Rovins, Mrs. Rovins, SRAM, Heng YMC,
John Doe(s), Jane Doe(s), XYZ Corporation(s) and DEF, LLC(s)

233.    Plaintiffs repeat and aver each of the preceding paragraphs of the Complaint as if set forth at length herein.

234.    Dr. Fineman is a "person" as defined by the New Jersey Consumer Fraud Act, N.J. Stat. Ann. §56:8-1(d).

235.    Defendants was engaged in the "sale" of "merchandise" as defined by the New Jersey Consumer Fraud Act, N.J. Stat. Ann. §56:8-1(c), (d).

36

Case ID: 230600934

236.    Defendant engaged in an unlawful act, use or employment of an unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, and/or the knowing concealment, suppression of omission, in connection with the sale or advertisement of merchandise, and/or with the subsequent performance, in the distribution to, and/or failure to warn Dr. Fineman of, the defective and unreasonably dangerous condition in the defective silver Electra® bicycle.

237.    Dr. Fineman has suffered damages as a proximate result of the liability of Defendant.

238.    Defendant had actual knowledge of the dangers associated with the continued use of the defective silver Electra® bicycle to users like Dr. Fineman, but knowingly failed to reveal, or concealed, such dangers, and the Fineman's are thus entitled to punitive damages to deter Defendant and others from engaging in such callous conduct in the future.

**WHEREFORE**, Plaintiffs, Mitchell S. Fineman and Lucy Q. Fineman, demand judgment in their favor, jointly and severally, together with damages, costs, attorneys' fees and treble damages.

### COUNT XII – PENNSYLVANIA UNFAIR TRADE PRACTICES ACT
Dr. Fineman v. Trek BC, Electra Inc., Electra LLC, Beacon Cycling,
Mr. Rovins, Mrs. Rovins, SRAM, Heng YMC,
John Doe(s), Jane Doe(s), XYZ Corporation(s) and DEF, LLC(s)

239.    Plaintiffs repeat and aver each of the preceding paragraphs of the Complaint as if set forth at length herein.

240.    Defendant engaged in fraudulent and deceptive practices which created the likelihood of confusion and misunderstanding in violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. 201-1, *et seq.*

37

241.    Defendant knowingly and intentionally induced Plaintiffs to purchase the *defective silver Electra® bicycle (and the second defective black Electra® bicycle) through the* use of false and/or misleading marketing, advertising, representations and statements.

242.    Dr. Fineman reasonably relied upon the skill and judgment of Defendant that the consumer product was safe and fit for its intended use.

243.    The defective silver Electra® bicycle (and the second defective black Electra® bicycle) failed to perform as marketed, advertised and represented, and in fact was unsafe, defective and unreasonably dangerous.

244.    Defendant wrongfully profited from its unfair, deceptive, misleading and false representations from the sale of defective and unreasonably dangerous products like the defective silver Electra® bicycle (and the second defective black Electra® bicycle) to Plaintiffs, and to others similarly harmed.

245.    Dr. Fineman has suffered damages as a proximate result of the unfair, deceptive, misleading and false representations of Defendant.

246.    Defendant had actual knowledge of the dangers associated with the continued use of the defective silver Electra® bicycle to users like Dr. Fineman, but knowingly failed to reveal, or concealed, such dangers, and the Fineman's are thus entitled to punitive damages to deter Defendant and others from engaging in such callous conduct in the future.

**WHEREFORE**, Plaintiffs, Mitchell S. Fineman and Lucy Q. Fineman, demand judgment in their favor, jointly and severally, together with damages, costs, attorneys' fees and treble damages.

Case ID: 230600934

### COUNT XIII – CONSUMER PRODUCT SAFETY ACT (15 U.S.C. §§ 2015 *ET SEQ.*)
Dr. Fineman v. Trek BC, Electra Inc., Electra LLC, Beacon Cycling,
Mr. Rovins, Mrs. Rovins, SRAM, Heng YMC,
John Doe(s), Jane Doe(s), XYZ Corporation(s) and DEF, LLC(s)

247.   Plaintiffs repeat and aver each of the preceding paragraphs of the Complaint as if set forth at length herein.

248.   Defendant knowingly and/or willfully violated consumer product safety rules, other rules and/or orders issued by the Consumer Product Safety Commission, including but not limited to:

      a.   16 C.F.R. §1512.3;

      b.   16 C.F.R. §1512.4;

      c.   16 C.F.R. §1512.5;

      d.   16 C.F.R. §1512.17;

      e.   16 C.F.R. §1512.18; and/or,

      f.   16 C.F.R. §1512.19.

249.   Dr. Fineman has suffered damages as a proximate result of the violation of the above-referenced rules, other rules and/or orders by Defendant.

**WHEREFORE**, Plaintiffs, Mitchell S. Fineman and Lucy Q. Fineman, demand judgment in their favor, jointly and severally, together with damages, costs, expert fees, attorneys' fees and punitive damages.

### COUNT XIV – NEGLIGENCE
Finemans v. Trek M

250.   Plaintiffs repeat and aver each of the preceding paragraphs of the Complaint as if set forth at length herein.

251.   Trek M had a duty to warn the Fineman's of the recall(s) of their defective and unreasonably dangerous bicycles.

Case ID: 230600934

252.   Trek M was at all times pertinent hereto, was a representative and/or agent of Trek BC, Electra Inc., Electra LLC, Beacon Cycling, Mr. Rovins, Mrs. Rovins, SRAM, Heng YMC, John Doe(s), Jane Doe(s), XYZ Corporation(s) and/or DEF, LLC(s).

253.   Defendant failed to warn the Finemans of the defective and unreasonably dangerous condition in the product.

254.   Defendant's actions and/or inactions were wanting of ordinary or reasonable care.

255.   Defendant's actions and/or inactions were intentional, willful, wanton, outrageous, reckless and/or careless in complete disregard for the safety of the Finemans.

256.   Defendant's actions and/or inactions breached the applicable standard of care.

257.   The Fineman's have suffered damages as a proximate result of the negligence of Defendant.

**WHEREFORE**, Plaintiffs, Mitchell S. Fineman and Lucy Q. Fineman, demand judgment in their favor, jointly and severally, together with damages, costs and attorneys' fees.

### COUNT XV – MISREPRESENTATION
Finemans v. Trek M

258.   Plaintiffs repeat and aver each of the preceding paragraphs of the Complaint as if set forth at length herein.

259.   Defendant failed to warn the Finemans of the defective and unreasonably dangerous condition in the product.

260.   Indeed, Trek M represented to Dr. Fineman that the second defective black Electra® bicycle was okay to ride – despite the product having been recalled and consumers which were to be informed to stop riding the bicycle immediately!

261.   The Fineman's relied upon the representations of Trek M.

Case ID: 230600934

262.    Defendant's representations were false, misleading and otherwise wanting of ordinary or reasonable care.

263.    Defendant's misrepresentations were intentional, willful, wanton, outrageous, reckless and/or careless in complete disregard for the safety of the Finemans.

264.    Defendant's actions and/or inactions breached the applicable standard of care.

265.    The Fineman's have suffered ongoing damages as a proximate result of the misrepresentations of Defendant.

**WHEREFORE**, Plaintiffs, Mitchell S. Fineman and Lucy Q. Fineman, demand judgment in their favor, jointly and severally, together with damages, costs and attorneys' fees.

### COUNT XVI – CONSORTIUM
Mrs. Fineman v. Defendants

266.    Plaintiff repeats and avers each of the preceding paragraphs of the Complaint as if set forth at length herein.

267.    Mrs. Fineman is the wife of Dr. Fineman for more than 23 years and as such is entitled to her loss of society, companionship and services caused by the crash.

268.    Defendant's carelessness, negligence, recklessness, defective silver Electra® bicycle, breach of warranty(ies) and deceptive and unfair trade practices has caused Mrs. Fineman to suffer a loss of consortium and she has been deprived of her husband's intimacy, companionship, comfort, affection, society and physical assistance.

**WHEREFORE**, Plaintiffs, Mitchell S. Fineman and Lucy Q. Fineman, demand judgment in their favor, jointly and severally, together with damages, costs, attorneys' fees, punitive damages and treble damages.

41

Dated:  June 9, 2023

**POST & SCHELL, P.C.**

By: _____

Marc H. Perry

I.D. #: 68610
13th Floor
Four Penn Center
1600 John F Kennedy Blvd.
Philadelphia, Pa  19103
(215) 587-1000
mperry@postschell.com

Attorneys for Plaintiffs

Case ID: 230600934

## VERIFICATION

I hereby verify the foregoing Complaint in this litigation. The information contained in the foregoing is true and correct to the best of my knowledge and belief. To the extent that the foregoing contains legal positions or statements, they are made on the advice of legal counsel, upon whom I have relied. The undersigned understands that the statements herein are made subject to the penalties of 18 Pa.C.S.A. §4904 relating to unsworn falsification to authorities.

_____

Mitchell S. Fineman

## VERIFICATION

I hereby verify the foregoing Complaint in this litigation. The information contained in the foregoing is true and correct to the best of my knowledge and belief. To the extent that the foregoing contains legal positions or statements, they are made on the advice of legal counsel, upon whom I have relied. The undersigned understands that the statements herein are made subject to the penalties of 18 Pa.C.S.A. §4904 relating to unsworn falsification to authorities.

Lucy Q. Fineman

## **CERTIFICATION**

I do hereby certify that a true and correct copy of the above was E-filed this date.

I also certify that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that requires filing confidential information and documents differently than non-confidential information and documents.

Dated:  June 9, 2023                    **POST & SCHELL, P.C.**

By: _____

Marc H. Perry
Attorneys for Plaintiffs

# EXHIBIT 2

Mitchell S. Fineman, M.D. and Lucy Q.  :   IN THE COURT OF COMMON PLEAS
Fineman, h/w                           :   OF PHILADELPHIA COUNTY
                                       :
Plaintiffs,                            :   No.: 230600934
                                       :
v.                                     :
                                       :
Trek Bicycle Corporation, Ltd., Electra :
Bicycle Company, Inc., Electra Bicycle :
Corporation, LLC, Trek Retail Corporation :
(d/b/a Trek Bicycle Philadelphia Manayunk), :
Beacon Stores, Inc., (d/b/a Beacon Cycling :
and/or Beacon Cycling & Fitness), Mitchell :
Rovins and Susanna Rovins (d/b/a Beacon :
Stores, Inc. (d/b/a Beacon Cycling and/or :
Beacon Cycling & Fitness), SRAM, LLC, :
John Doe(s) and Jane Doe(s), ABC       :
Corporation and DEF, LLC, and Heng Ying :
Machinery Co., Ltd.,                   :
                                       :
Defendants.                            :

---

### Affidavit of Jason Schroeder

1.  I am Jason Schroeder, Accounting and Tax Director of Trek Bicycle Corporation.

2.  I am familiar with the corporate structures of Trek Bicycle Corporation, Trek Retail

Corporation, and Electra Bicycle Company, LLC.

3.  Trek Bicycle Corporation is a Wisconsin corporation with a principle place of

business at 801 W. Madison Street, Waterloo, WI 53594.

4.  Trek Retail Corporation is a Wisconsin Corporation with a principle place of business

at 801 W. Madison Street, Waterloo, WI 53594.

5.  Trek Retail Corporation (d/b/a Trek Bicycle, Philadelphia, Manayunk) does not have

a principal place of business at 4159 Main Street, Philadelphia, PA 19127.

6.  In or around 2014, Trek Bicycle Corporation acquired Electra.

7.  Electra Bicycle Company, Inc., is not a legal entity.

8. Electra Bicycle Corporation, LLC, is not a legal entity.

9. Electra Bicycle Company, LLC is a Delaware Limited Liability Company.

10. Electra Bicycle Company, LLC has 3 members:

    a. John Burke, President; Chad Brown, Vice President; and Jennifer Naeger, Secretary.

11. All three members of Electra Bicycle Company, LLC, are citizens of the state of Wisconsin.

_Jason R. Schroeder_

Jason Schroeder
Tax Director of Trek Bicycle Corporation.

Sworn to and subscribed before me

this 12th day of June , 2023

_Lisa Smith_
Notary

LISA SMITH
NOTARY
PUBLIC
STATE OF WISCONSIN

# EXHIBIT 3

**Underwood, Elizabeth A.**

| From: | mrovins57 <mrovins57@gmail.com> |
| Sent: | Wednesday, June 7, 2023 6:29 AM |
| To: | Underwood, Elizabeth A. |
| Subject: | RE: Fineman v. Trek, et al- approval to remove to federal court |

**WARNING: This email originated outside MDWCG. BE CAUTIOUS before clicking any link or attachment.**

Yes, correct.


Sent from my Verizon, Samsung Galaxy smartphone


-------- Original message --------
From: "Underwood, Elizabeth A." <EAUnderwood@mdwcg.com>
Date: 6/6/23 5:29 PM (GMT-05:00)
To: mrovins57 <mrovins57@gmail.com>
Subject: RE: Fineman v. Trek, et al- approval to remove to federal court


Mr. Rovins:


To confirm, is your consent for removal on behalf of defendants, Mitchell and Susanna Rovins (d/b/a Beacon Stores, Inc.) and Defendant, Beacon Stores, Inc.?


thanks




**Elizabeth A. Underwood**
*Attorney at Law*
2000 Market Street, Suite 2300, Philadelphia, PA 19103
Direct: (215) 575-2599 | Main: (215) 575-2600 | Fax: (215) 575-0856
bio | e-mail | website

This e-mail transmission and any documents, files or previous e-mail messages attached to it, are confidential and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify me by forwarding this e-mail to EAUnderwood@mdwcg.com, or by telephone at (215) 575-2599 and then delete the message and its attachments from your computer.

**From:** mrovins57 <mrovins57@gmail.com>
**Sent:** Monday, June 5, 2023 1:21 PM
**To:** Underwood, Elizabeth A. <EAUnderwood@mdwcg.com>
**Subject:** RE: Fineman v. Trek, et al- approval to remove to federal court

**WARNING: This email originated outside MDWCG. BE CAUTIOUS before clicking any link or attachment.**

Hi Beth, I consent to move the complaint to Federal Court.

Mitch Rovins

Sent from my Verizon. Samsung Galaxy smartphone

-------- Original message --------

From: "Underwood, Elizabeth A." <EAUnderwood@mdwcg.com>

Date: 6/5/23 8:59 AM (GMT-05:00)

To: mrovins57@gmail.com

Subject: Fineman v. Trek, et al- approval to remove to federal court

Mr. Rovins:

I understand that counsel will not be assigned through your insurance company until you are served with the Complaint. I believe plaintiff will be filing in the Philadelphia County Court of Common Pleas shortly. Do I have your approval to remove the case to the Federal District Court of the Eastern District of Pennsylvania? If so, please respond as I must attach approval of all defendants to effectuate removal.

Thanks

2

Beth



**Elizabeth A. Underwood**
*Attorney at Law*
2000 Market Street, Suite 2300, Philadelphia, PA 19103
Direct: (215) 575-2599 | Main: (215) 575-2600 | Fax: (215) 575-0856
bio | e-mail | website

This e-mail transmission and any documents, files or previous e-mail messages attached to it, are confidential and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify me by forwarding this e-mail to EAUnderwood@mdwcg.com, or by telephone at (215) 575-2599 and then delete the message and its attachments from your computer.

# EXHIBIT 4

 

**The Philadelphia Courts**
**Civil Docket Access**

No Items in Cart **LOGOUT** eunderwoo

**Civil Docket Report**

A $5 Convenience fee will be added to the transaction at checkout.

## Case Description

| | |
|---|---|
| **Case ID:** | 230600934 |
| **Case Caption:** | FINEMAN ETAL VS TREK BICYCLE CORPORATION, LTD ETAL |
| **Filing Date:** | Friday , June 09th, 2023 |
| **Court:** | MAJOR JURY-COMPLEX |
| **Location:** | CITY HALL |
| **Jury:** | JURY |
| **Case Type:** | PRODUCT LIABILITY |
| **Status:** | WAITING TO LIST CASE MGMT CONF |

## Related Cases

*No related cases were found.*

## Case Event Schedule

*No case events were found.*

## Case motions

*No case motions were found.*

## Case Parties

| Seq # | Assoc | Expn Date | Type | Name |
|---|---|---|---|---|
| 1 | | | ATTORNEY FOR PLAINTIFF | PERRY, MARC H |
| **Address:** POST & SCHELL, P.C 4 PENN CENTER, 13TH FLOOR 1600 J.F.K. BLVD. PHILADELPHIA PA 19103 (215)587-1000 mperry@postschell.com | | **Aliases:** *none* | | |
| | | | | |
| 2 | 1 | | PLAINTIFF | FINEMAN MD, |

| | | | | MITCHELL S |
|---|---|---|---|---|
| **Address:** | 2312 HOLLY LANE LAFAYETTE HILL PA 19444 | **Aliases:** | *none* | |
| | | | | |
| 3 | | | DEFENDANT | ROVINS, SUSANNA |
| **Address:** | 1005 MAPLE AVENUE LINWOOD NJ 08221 | **Aliases:** | BEACON CYCLING AND/OR BEACON CYCLING & FITNESS DBA | |
| | | | | |
| 4 | | | DEFENDANT | SRAM LLC |
| **Address:** | 1000 W. FULTON MARKET #4 CHICAGO IL 60607 | **Aliases:** | *none* | |
| | | | | |
| 5 | | | DEFENDANT | DOE(S), JOHN |
| **Address:** | 1234 MAIN STREET ANYWHERE PA 19107 | **Aliases:** | *none* | |
| | | | | |
| 6 | | | DEFENDANT | DOE(S), JANE |
| **Address:** | 1234 MAIN STREET ANYWHERE PA 19107 | **Aliases:** | *none* | |
| | | | | |
| 7 | | | DEFENDANT | ABC CORPORATION AND DEF LLC |
| **Address:** | 1234 MAIN BOULEVARD ANYTOWN PA 19107 | **Aliases:** | *none* | |
| | | | | |
| 8 | | | DEFENDANT | HENG YING MACHINERY COMPANY LTD |
| **Address:** | 136 JEN TEH 5TH ST. 33545 TAOYUAN CITY | **Aliases:** | *none* | |
| | | | | |

| 9 | 1 | | PLAINTIFF | FINEMAN, LUCY |
|---|---|---|---|---|
| **Address:** | 2312 HOLLY LANE LAFAYETTE HILL PA 19444 | **Aliases:** | *none* | |
| | | | | |
| 10 | | | DEFENDANT | TREK BICYCLE CORPORATION LTD |
| **Address:** | 801 W. MADISON STREET WATERLOO WI 53594 | **Aliases:** | *none* | |
| | | | | |
| 11 | | | DEFENDANT | ELECTRA BICYCLE COMPANY INC |
| **Address:** | 1010 SOUTH COAST HIGHWAY 101 SUITE 101 ENCINITAS CA 92024 | **Aliases:** | *none* | |
| | | | | |
| 12 | | | DEFENDANT | ELECTRA BICYCLE CORPORATION LLC |
| **Address:** | 3275 CORPORATE VIEW VISTA CA 92081 | **Aliases:** | *none* | |
| | | | | |
| 13 | | | DEFENDANT | TREK RETAIL CORPORATION |
| **Address:** | 4159 MAIN STREET PHILADELPHIA PA 19127 | **Aliases:** | TREK BICYCLE PHILADELPHIA MANAYUNK DBA | |
| | | | | |
| 14 | | | DEFENDANT | BEACON STORES INC |
| **Address:** | 231 TILTON ROAD NORTHFIELD NJ 08225 | **Aliases:** | BEACON CYCLING AND/OR BEACON CYCLING & FITNESS DBA | |
| | | | | |
| 15 | | | DEFENDANT | ROVINS, MITCHELL |
| **Address:** | 1005 MAPLE AVENUE | **Aliases:** | BEACON CYCLING AND/OR BEACON | |

| | LINWOOD NJ 08221 | | | CYCLING & FITNESS DBA | |
|---|---|---|---|---|---|
| 16 | | | | TEAM LEADER | ANDERS, DANIEL J |
| **Address:** | 529 CITY HALL PHILADELPHIA PA 19107 | **Aliases:** | *none* | | |

## Docket Entries

| Filing Date/Time | Docket Type | Filing Party | Disposition Amount |
|---|---|---|---|
| 09-JUN-2023 09:13 AM | ACTIVE CASE | | |
| **Docket Entry:** | E-Filing Number: 2306021108 | | |
| | | | |
| 09-JUN-2023 09:13 AM | COMMENCEMENT CIVIL ACTION JURY | PERRY, MARC H | |
| **Documents:** | 🔧 Click link(s) to preview/purchase the documents Final Cover | 🛒 Click HERE to purchase all documents related to this one docket entry | |
| **Docket Entry:** | *none.* | | |
| | | | |
| 09-JUN-2023 09:13 AM | COMPLAINT FILED NOTICE GIVEN | PERRY, MARC H | |
| **Documents:** | 🔧 Click link(s) to preview/purchase the documents Fineman Plaintiff Complaint.pdf | 🛒 Click HERE to purchase all documents related to this one docket entry | |
| **Docket Entry:** | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. | | |
| | | | |
| 09-JUN-2023 09:13 AM | JURY TRIAL PERFECTED | PERRY, MARC H | |
| **Docket Entry:** | 12 JURORS REQUESTED. | | |
| | | | |

| 09-JUN-2023 09:13 AM | WAITING TO LIST CASE MGMT CONF | PERRY, MARC H | |
|---|---|---|---|
| **Docket Entry:** | *none.* | | |

▶ Case Description   ▶ Related Cases   ▶ Event Schedule   ▶ Case Parties   ▶ Docket Entries

| E-Filing System | Search Home | Return to Results |
|---|---|---|

# EXHIBIT 5

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**
JOHN C. FARRELL, ESQUIRE
Identification No.: 52824
ELIZABETH A. UNDERWOOD, ESQUIRE
Identification No.: 93802
STEPHEN E. PURCELL, ESQUIRE
Identification No.: 326252
2000 Market Street, Suite 2300
Philadelphia, PA 19103
(215) 575-2787; jcfarrell@mdwcg.com;
eaunderwood@mdwcg.com;
sepurcell@mdwcg.com

*Attorneys for Defendants, Trek Bicycle*
*Corporation, LTD, Electra Bicycle*
*Company, Inc., Electra Bicycle Corporation,*
*LLC, Trek Retail Corporation,  SRAM, LLC*

| | |
|---|---|
| Mitchell S. Fineman, M.D. and Lucy Q. Fineman, h/w | IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY |
| Plaintiffs, | No.: 230600934 |
| v. | |
| Trek Bicycle Corporation, Ltd., Electra Bicycle Company, Inc., Electra Bicycle Corporation, LLC, Trek Retail Corporation (d/b/a Trek Bicycle Philadelphia Manayunk), Beacon Stores, Inc., (d/b/a Beacon Cycling and/or Beacon Cycling & Fitness), Mitchell Rovins and Susanna Rovins (d/b/a Beacon Stores, Inc. (d/b/a Beacon Cycling and/or Beacon Cycling & Fitness), SRAM, LLC, John Doe(s) and Jane Doe(s), ABC Corporation and DEF, LLC, and Heng Ying Machinery Co., Ltd., | |
| Defendants. | |

## NOTICE OF FILING OF REMOVAL

TO:  The Prothonotary of the Court of Common Pleas of Philadelphia County.

PLEASE TAKE NOTICE THAT on June 14, 2023, Defendants, Trek Bicycle

Corporation, LTD, Electra Bicycle Company, Inc., Electra Bicycle Corporation, LLC, Trek

Retail Corporation and SRAM, filed, in the office of the Clerk of the United States District Court for the Eastern District of Pennsylvania, a Notice of Removal.

A copy of this Notice of Removal is attached hereto and for filing with the Clerk of the Court of Common Pleas of Philadelphia County, pursuant to Title 28, United States Code, Section 1446(e).

**MARSHALL, DENNEHEY, WARNER**
**COLEMAN & GOGGIN**

BY: ___

JOHN C. FARRELL, ESQUIRE
ELIZABETH A. UNDERWOOD, ESQUIRE
STEPHEN E. PURCELL, ESQUIRE

Date:  June 14, 2023

## CERTIFICATE OF SERVICE

I, Elizabeth Underwood, Esquire, hereby certify that a true and correct copy of the

attached Notice of Removal has been served upon all counsel by the Philadelphia County Court

of Common Pleas e-filing system and/or electronic mail.

**MARSHALL, DENNEHEY, WARNER**
**COLEMAN & GOGGIN**

BY: ___
JOHN C. FARRELL, ESQUIRE
ELIZABETH A. UNDERWOOD, ESQUIRE
STEPHEN E. PURCELL, ESQUIRE

Date:  June 14, 2023