## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Mitchell S. Fineman, M.D. and Lucy Q. Fineman, h/w | : : : | |
| Plaintiffs, | : : | CIVIL ACTION NO.  2:23-CV-02272 |
| v. | : : | |
| Trek Bicycle Corporation, Ltd., Electra Bicycle Company, Inc., Electra Bicycle Corporation, LLC, Trek Retail Corporation (d/b/a Trek Bicycle Philadelphia Manayunk), Beacon Stores, Inc., (d/b/a Beacon Cycling and/or Beacon Cycling & Fitness), Mitchell Rovins and Susanna Rovins (d/b/a Beacon Stores, Inc. (d/b/a Beacon Cycling and/or Beacon Cycling & Fitness), SRAM, LLC, John Doe(s) and Jane Doe(s), ABC Corporation and DEF, LLC, and Heng Ying Machinery Co., Ltd., | : : : : : : : : : : : : : | |
| Defendants. | : | |

## ORDER

AND NOW, on this              , day of                 , 2023, upon consideration of the

Partial Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) of Defendants, Defendants, Trek Bicycle

Corporation, Ltd., Trek Retail Corporation, Electra Bicycle Corporation, and SRAM, LLC, and

any response thereto by Plaintiffs, Mitchell and Lucy Fineman, it is hereby ORDERED and

DECREED that Defendants' Motion is GRANTED.

It is FURTHER ORDERED that:

1. New Jersey law shall apply in this matter;

2. Counts I and II (Negligence), Count VIII (Breach of Implied Warranty- Fitness for a

Particular Purpose), Count IX (Beach of Implied Warranty of Merchantability), Count X (Breach

of Warranty, Magnuson-Moss Warranty Act), Count XI (New Jersey Consumer Fraud Act),

Count XIII (Consumer Product Safety Act), Count XIV (Negligence),Count XV

(Misrepresentation), and Count XVI (Consortium) are DISMISSED with PREJUDICE;

3. All Pennsylvania Causes of Action, including Counts IV, V, and VI (Pennsylvania

Strict Product Liability, and XII (Violations of the Pennsylvania Unfair trade Practices and

Consumer Protection Law are DISMISSED with PREJUDICE;

4. Count XV for Misrepresentation, is DISMISSED with PREJUDICE;

5. All claims for punitive damages and allegations of reckless, wanton, intentional and

willful conduct are STRICKEN and DISMISSED WITH PREJUDICE.

BY THE COURT:

_____

J.

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

Mitchell S. Fineman, M.D. and Lucy Q. :
Fineman, h/w :
 :
Plaintiffs, : CIVIL ACTION NO.  2:23-CV-02272
 :
v. :
 :
Trek Bicycle Corporation, Ltd., Electra :
Bicycle Company, Inc., Electra Bicycle :
Corporation, LLC, Trek Retail Corporation :
(d/b/a Trek Bicycle Philadelphia Manayunk), :
Beacon Stores, Inc., (d/b/a Beacon Cycling :
and/or Beacon Cycling & Fitness), Mitchell :
Rovins and Susanna Rovins (d/b/a Beacon :
Stores, Inc. (d/b/a Beacon Cycling and/or :
Beacon Cycling & Fitness), SRAM, LLC, :
John Doe(s) and Jane Doe(s), ABC :
Corporation and DEF, LLC, and Heng Ying :
Machinery Co., Ltd., :
 :
Defendants. :

_____

## PARTIAL MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(B)(6) OF
## DEFENDANTS, TREK BICYCLE CORPORATION, LTD, TREK RETAIL
## CORPORATION, ELECTRA BICYCLE CORPORATION, AND SRAM, LLC

For the reasons stated in the accompanying Memorandum of Law, Defendants, Trek

Bicycle Corporation, Ltd., Trek Retail Corporation, Electra Bicycle Corporation, and SRAM,

LLC, by and through their attorneys, Marshall Dennehey Warner Colman & Goggin, hereby

move for partial dismissal of the Complaint of Plaintiffs, Mitchell and Lucy Fineman pursuant to

F.R.C.P. 12(b)(6).

**MARSHALL DENNEHEY WARNER**
**COLEMAN AND GOGGIN**

BY:  _____

John C. Farrell, Esquire
Identification No.:  52824
Elizabeth A. Underwood, Esquire
Identification No.:  93802
Stephen E. Purcell, Esquire
Identification No.:  326252
2000 Market Street, Suite 2300
Philadelphia, PA 19103
215-575-2600

<u>IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA</u>

| | | |
|---|---|---|
| Mitchell S. Fineman, M.D. and Lucy Q. Fineman, h/w | : | |
| | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION NO.  2:23-CV-02272 |
| | : | |
| v. | : | |
| | : | |
| Trek Bicycle Corporation, Ltd., Electra Bicycle Company, Inc., Electra Bicycle Corporation, LLC, Trek Retail Corporation (d/b/a Trek Bicycle Philadelphia Manayunk), Beacon Stores, Inc., (d/b/a Beacon Cycling and/or Beacon Cycling & Fitness), Mitchell Rovins and Susanna Rovins (d/b/a Beacon Stores, Inc. (d/b/a Beacon Cycling and/or Beacon Cycling & Fitness), SRAM, LLC, John Doe(s) and Jane Doe(s), ABC Corporation and DEF, LLC, and Heng Ying Machinery Co., Ltd., | : : : : : : : : : : : : | |
| | : | |
| Defendants. | : | |

_____

<u>MEMORANDUM OF LAW IN SUPPORT OF PARTIAL MOTION TO DISMISS
PURSUANT TO F.R.C.P. 12(B)(6) OF DEFENDANTS, TREK BICYCLE
CORPORATION, LTD, TREK RETAIL CORPORATION, ELECTRA BICYCLE
CORPORATION, AND SRAM, LLC</u>

**I.     PROCEDURAL HISTORY AND FACTS**

On or about June 9, 2023, Plaintiffs, Mitchell and Lucy Fineman, filed a Complaint in the

Pennsylvania Court of Common Pleas of Philadelphia County.  <u>See</u> Exhibit 1, Complaint.  On

June 14, 2023, Defendants, Trek Bicycle Corporation, Ltd., Trek Retail Corporation, Electra

Bicycle Corporation, and SRAM, LLC, appropriately removed this matter to the U.S. District

Court for the Eastern District of Pennsylvania pursuant to diversity jurisdiction.

Plaintiffs' Complaint alleges that, in the summer of 2014, Plaintiffs, Mitchell and Lucy Fineman, purchased two Electra Coaster 3 bicycles for use at their newly constructed summer home in Longport, New Jersey.  See Exhibit 1, ¶¶ 28, 29, 33. The Plaintiffs purchased the bicycles from Defendant, Beacon Stores, Inc., located in Northfield, New Jersey.  Id. at ¶¶ 27, 33.  Plaintiff, Mitchell Fineman, avers that, on June 18, 2021, while riding one of the Electra Coaster 3 bicycles in Margate, New Jersey, the coaster brake allegedly failed to engage and Mr. Fineman crashed, purportedly causing injuries, including a ruptured left tricep. Id. at ¶¶ 37-39, 80-81, 85-86.

Plaintiffs' Complaint asserts counts against all defendants in bot New Jersey and Pennsylvania Strict Liability, negligence, breaches of warranty, and improper claims for violations of both the Pennsylvania Unfair Trade Practices and Consumer Protection Law and the New Jersey Consumer Fraud Act, a legally insufficient claim for "misrepresentation," and improper allegations of recklessness and an unsupported claim for punitive damages.  As Defendants file the instant partial motion to dismiss all Pennsylvania claims, including Pennsylvania claims for strict liability and violations of the PA UTPCPL, because New Jersey law should govern this claim. Further, Defendants seek to dismiss all additional counts, except for Count III, Strict Liability under the New Jersey Product Liability Act, and Count VII for Breach of Express Warranty, as all other Counts are subsumed under the NJPLA.  Defendants also seek to strike the claim for misrepresentation and all claims for recklessness and punitive damages for failure to state a claim upon which relief may be granted.

II.     **LEGAL ARGUMENT**

A.  **Standard of Review**

A motion under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the allegations made in the Complaint.  Ditri v. Coldwell Banker Residential Affiliates, Inc., 954 F.2d 869, 871 (3d Cir. 1992).  The court must view the Complaint in the light most favorable to the plaintiffs; the court need not, however, "credit a complaint's 'bald assertions' or 'legal conclusions.'" Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997); In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997); see also Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988) (stating that the question is whether "the facts alleged in the complaint, even if true, fail to support the . . . claim").

In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court clarified its position on the standard under a Motion to Dismiss.  In that case, the Supreme Court made clear:

> While a complaint attacked by a Rule 12(b)(6) Motion to Dismiss does not need detailed factual allegations, plaintiff's obligation [under Rule 8(a)(2)] to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and the formulated recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level.

Id. at 555 (citations omitted) (emphasis added); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (stating that a complaint does not suffice if it only tenders "naked assertion[s] devoid of further factual enhancement."); Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007) (stating that a court is not bound to accept as true "unsupported conclusions and unwarranted inferences" or "a legal conclusion couched as a factual allegation").  "Factual allegations must be enough to raise a right to relief above the speculative level," and "'the pleading must contain something more…than…a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'"  Twombly, 550 U.S. at 555.

**B.** **New Jersey Law Should Apply to This Matter; As Such, Counts I, II, VIII, IX, X, XI, XIII, XV, and XVI Should be Dismissed as Subsumed Under the NJPLA and All Claims Sounding in Pennsylvania Law, Counts IV, V, VI and XII, Should Be Stricken for Failure to State a Claim Upon Which Relief May be Granted**

Plaintiff has improperly asserted claims under both Pennsylvania and New Jersey law in this products liability action. The facts and the law clearly support a finding that New Jersey law should be applied in this case. Because this case is before the federal court on diversity jurisdiction, the choice-of-law rules of the forum state, Pennsylvania, apply. Hammersmith v. TIG Ins. Co., 480 F.3d 220 (3d. Cir. 2007). The first step in the choice-of-law analysis is for the Court to assess whether a real conflict of laws exists between, in this case, New Jersey and Pennsylvania products liability law. Knipe v. Smithkline Beecham, 583 F. Supp. 2d 602, 614 (E.D. Pa. 2008). In Knipe, consistent with prior decisions, the Court specifically held that "a real conflict clearly exists between the product liability laws of New Jersey and Pennsylvania." Id.; see also Torres v. Lucca's Bakery, 487 F. Supp. 2d 507, 513 (D. N.J. 2007) (recognizing existence of real conflict between New Jersey and Pennsylvania products liability laws); Borelli v. Everland, 2006 WL 435730, *3 (E.D. Pa. Feb, 21, 2006)(same).

Specifically, Pennsylvania courts allow claims for negligence, and breach of implied warranties to be asserted concurrently with products liability claims. To the contrary, in New Jersey, the New Jersey Products Liability Act, N.J. State. An.. § 2A:58C-1(b)(3), subsumes common law products liability under its statutory scheme and precludes claims for negligence, breach of implied warranty and claims under the New Jersey Consumer Fraud Act. See Hindermyer v. B. Braun Med. Inc., 419 F. Supp. 3d 809, 818 (D. N.J. 2019)(holding "product liability action" is defined as any claim brought for harm caused by a product, irrespective of the theory underlying the claim, except for claims for breach of express warranty); see also Barrett v.

<u>Tri-Coast Pharmacy, Inc.</u>, 518 F. Supp. 3d 810, 824- 25 (D. N.J. 2021)(holding plaintiff's claims under the New Jersey Consumer Fraud Act as well as negligence and breach of implied warranty claims, were subsumed by the NJPLA because the claims were based on injuries sustained from an allegedly defective product). Because a clear conflict of laws exists regarding New Jersey and Pennsylvania products liability laws, the court must then consider both governmental interests and significant relationship factors, all of which, in this instance, weigh heavily in support a finding that New Jersey law should apply in this matter.

Specifically, in its seminal choice-of-law case, the Pennsylvania Supreme Court, in <u>Griffith v. United Air Lines, Inc.</u>, 203 A.2d 796 (Pa. 1964), abandoned its prior *lex loci delecti* rule for a more flexible methodology which combines the "government interest" and "significant relationship" analyses of the Restatement (Second) of Conflicts to analyze choice of law. <u>Griffith</u>, 203 A.2d 802-06. As set forth in <u>Griffith</u>, the following contacts must be considered relative to the significant relationship analysis:

(a) the place where the injury occurred;

(b) the place where the conduct causing the injury occurred;

(c) the domicile, residence, nationality, place of incorporation and place of business of the parties; and

(d) the place where the relationship, if any, between the parties is centered.

<u>Kornfeind v. New Werner Holding Co., Inc.</u>, 241 A.3d 1212, 1227 (Pa. Super. 2020).

Furthermore, the following "government interest" considerations include:

(a) the needs of the interstate and international systems;

(b) the relevant policies of the forum;

(c) the relevant policies of the other interested states and the relevant interests of those states in determination of a particular issue;

9

> (d) the protection of justified expectations;
>
> (e) the basic policies underlying the particular field of law;
>
> (f) certainty, predictability and uniformity of result; and
>
> (g) ease in the determination and application of the law to be applied.

Id.  Finally, there remains "a presumption in personal injury cases that favors the application of the law of the state where the injury occurred unless another state has a more significant relationship to the occurrence and the parties."  Id. (citing  Marks v. Warehouse Markets, 136 A.3d 984, 988 (Pa. Super. 2016). In this instance, the majority of factors favor the application of New Jersey law.  The alleged injury occurred in New Jersey.  See Exhibit 1, ¶ 34.  The Electra bicycle was purchased by Plaintiffs, in New Jersey, with the intent the Plaintiffs would use the products in New Jersey, at plaintiff's New Jersey residence. Id. at ¶¶ 28-29, 33. Defendants, Beacon Stores, Inc. had a principal place of business in New Jersey and defendants, Mitchell and Susanna Rovins, are New Jersey residents. Id. at ¶¶ 13-15. The only connection Pennsylvania has to this matter is that plaintiff's primary residence is in Pennsylvania. Id. at ¶¶ 102. The product was not manufactured or designed in Pennsylvania or New Jersey. As such, New Jersey law should apply to this matter.

As noted above, New Jersey products liability claims are governed by the New Jersey Products Liability Act (NJPLA) which generally subsumes all other causes of action.  In Repola v. Morbark Indus., Inc., 934 F.2d 483, 492 (3d Cit. 1991) the Third Circuit explained that the NJPLA "effectively creates an exclusive statutory cause of action falling within its purview." Id. The NJPLA defines "product liability action" as "any claim or action brought by a claimant for harm caused by a product, irrespective of the theory underlying the claim, except actions for harm caused by breach of an express warranty." N.J. Stat. An. § 2A:58C-1(b)(3); see also

Hindermyer, *supra*; Barrett, *supra*. Courts have concluded that a claim is subsumed by the NJPLA if: "(1) it is brought by a claimant for harm caused by a product, regardless of the theory underlying the claim; and (2) the harm suffered is of a type listed in the definitional section." Barrett, 518 F. Supp. 3d. at 824. The NJPLA described "harm" as:

>   (a) physical damage to property, other than to the product itself;
>
>   (b) personal physical illness, injury or death;
>
>   (c) pain and suffering, mental anguish or emotional harm; and
>
>   (d) any loss of consortium or services or other loss deriving from
>   any type of harm described in subparagraphs (a) through (c) of this
>   paragraph.

N.J. S.A. § 2A:58C-1(b)(2). The claims of plaintiff, Mitchell Fineman, for personal injury as a result of the alleged defective Electra bicycle, and of Lucy Fineman, for loss of consortium as a result of alleged injuries from a defective Electra bicycle, clearly fall within the NJPLA and, as such, all other causes of action are subsumed thereunder, except for claims of breach of express warranty.  As such, Counts I and II (Negligence), Count VIII (Breach of Implied Warranty-Fitness for a Particular Purpose), Count IX (Beach of Implied Warranty of Merchantability), Count X (Breach of Warranty, Magnuson-Moss Warranty Act), Count XI (New Jersey Consumer Fraud Act), Count XIII (Consumer Product Safety Act), Count XIV (Negligence),Count XV (Misrepresentation), and Count XVI (Consortium) should be dismissed as subsumed under the NJPLA and therefore for failing to state a claim upon which relief may be granted.  F.R.C.P. 12(b)(6).

Further, because New Jersey law should apply in this matter, all Counts sounding in Pennsylvania law, Counts IV, V, and VI (Pennsylvania Strict Liability), and XII (Pennsylvania Unfair Trade Practices and Consumer Protection Law) should also be stricken and dismissed with prejudice pursuant to F.R.C.P. 12(b)(6).

**C.      Plaintiffs' Claim for misrepresentation Has Failed to State a Cause Upon Which Relief Can be Granted Because No Damage or Injury as a Result of the Alleged Misrepresentation is Pled**

In addition to being subsumed under the NJPLA, Plaintiffs' Count for

"misrepresentation" fails to state a claim upon which relief may be granted, because it is

undisputed in the Complaint that the alleged "misrepresentation" did not result in any injury. It is

black letter law that a claim of negligent misrepresentation requires that (1) an incorrect

statement; (2) negligently made; (3) the plaintiff justifiably relied upon that statement; and (4)

the plaintiff was injured as a consequence of that reliance. Mason v. Coca-Cola Co., 774 F. Supp.

2d 699, 704 (D. N.J. 2011).  Further, to the extent plaintiffs' claims purport to sound in

fraudulent misrepresentation, such a cause of action requires: (1) a material misrepresentation of

a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an

intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and

(5) resulting damages. Columbus LTACH Mgmt, LLC v. Quantum LTACH Holdings, LLC,

2018 WL 2455922, *5 (D. N.J. May 31, 2018)(citing Banco Popular North America v. Gandi,

184 N.J. 161, 172-75 (2005).[1]

The alleged representation relied upon by plaintiffs in support of their claim occurred

after Mr. Fineman's claimed bicycle crash. Plaintiff's accident occurred on June 18, 2021.  Id. at

34-39.  Plaintiff alleges that, thereafter, "in or about the fall of 2021 Dr. Fineman took the second

---

[1] Pennsylvania case law is essentially identical for both causes of action and plaintiffs' cause of action as plead similarly fails to state a claim upon which relief can be granted under Pennsylvania law as resultant damages from any misrepresentation, negligent or otherwise, are an essential element of the cause of action. See e.g. Azarchi-Steinhauser v. Protective Life Ins. Co., 629 F. Supp. 2d 495 (E.D. Pa. 2009)(noting negligent misrepresentation requires: (1) a misrepresentation of material fact; (2) the representor must know or should have known about the falsity; (3) the representor must intend to induce another to act on the representation; and (4) an injury must occur due to a party's justifiable reliance);  Coleman v. Sears Roebuck & Co., 319 F. Supp. 2d 544, 550 (W.D. Pa. 2003)(finding the elements of a fraudulent misrepresentation claim in Pennsylvania are: (1) a misrepresentation; (2) the fraudulent utterance thereof; (3) an intention by the maker to induce action; (4) justifiable reliance by the recipient on the misrepresentation; and (5) damage as a result of the proximate reliance.)

black Electra bicycle from the Jersey Shore back to Philadelphia for Trek M to check out the

bicycle, specifically the brakes." Id. at ¶ 67.  Plaintiff further alleged that:

> 68.  Trek M took possession of the second black Electra bicycle
> and represented it had road tested the brakes, and there was
> nothing wrong with the brakes, and further represented "the bike is
> fine," even though the product had been recalled with instructions
> to stop using the product "immediately," and returned the second
> defective black Electra bicycle to Dr. and Mrs. Fineman for their
> continued use.

In support of its purported claim for "misrepresentation" plaintiffs further aver:

> 260. Indeed, Trek M represented to Dr. Fineman that the second
> defective black Electra bicycle was okay to ride- despite the
> product having been recalled by consumers which were to be
> informed to stop riding the bicycle immediately!
>
> 261. The Fineman's relied upon the representations of Trek M.

Plaintiffs allege no specific damage as a result of the allege misrepresentation.  Because there is

no damage alleged as a result of the alleged misrepresentation, Plaintiffs have failed to state a

claim upon which relief may be granted and Count XV of the Complaint for Misrepresentation

should be stricken and dismissed with prejudice. F.R.C.P. 12(b)(6).

> **D.**    **Plaintiffs Have Failed to Allege Any Facts to Support a Claim for Punitive
> Damages and, As Such, All Such Claims Should be Stricken and Dismissed
> with Prejudice**

Finally, plaintiffs' claims for punitive damages should be stricken for failure to state a

claim upon which relief may be granted.  Under New Jersey law, a claim for punitive damages is

governed by the New Jersey Punitive Damages Act, N.J.S.A. § 2A:15-5.9.  To support a claim

for punitive damages, plaintiffs most prove, by clear and convincing evidence, that defendants'

actions or omissions must be actuated by "actual malice or accompanied by a wanton and willful

disregard of persons who foreseeably might be harmed by those acts or omissions.  N.J.S.A. §

2A:15-5.12. "Actual malice" is "intentional wrongdoing in the sense of an evil-minded act."

N.J.S.A. § 2A:1505.10.  Further, "wanton and willful disregard" is defined as "a deliberate act or omission with knowledge of a high degree of probability of harm to another and reckless indifference to the consequences of such act or omission." Id.  Indeed, the standard for punitive damages is strict and should be applied only in "exceptional cases." Tafaro v. Six Flags Great Adventure, LLC, 2018 WL 1535289, *9 (D. N.J. March 29, 2018)(citing Pavlova v. Mint Mgmt. Corp., 375 N.J. Super. 397, 404 (App. Div. 2005).

In Guardavacarro v. Home Depot, 2017 WL 3393812 (D.N.J. Aug. 8, 2017), the District Court dismissed plaintiff's claim for punitive damages in a products liability matter, applying New Jersey law, because plaintiff failed to plead facts to prove defendants' "awareness of reckless disregard of the likelihood of serious harm at issue would arise from the defendant's conduct."  Plaintiffs claimed that they purchased a deficiently designed and manufactured ladder form Defendant, Home Depot. The Court noted that, while the Amended Complaint generally alleged that "Defendants were aware of defects in the ladder, yet continued to sell the product…," Plaintiffs' Complaint failed to allege specific facts in support of those claims and they should therefore be dismissed. Id. at *10.

Just as in Guardavacarro, in the instant matter, Plaintiffs have failed to plead any specific facts to support a claim of actual malice or wanton conduct of each defendant, instead opting to generally allege "wanton conduct" against all defendants, collectively. Guardavacarro, supra; see also Tafaro, 2018 WL 1535289, *9 (requiring facts be plead to establish actual malice or wanton disregard to support claim for punitive damages and survive and Motion to Dismiss).  Because Plaintiffs have not pled facts against each defendant to support their general allegations of wanton and reckless and malicious conduct, those claims, and all claims for punitive damages,

should be dismissed, with prejudice.[2]  F.R.C.P. 12(b)(6); see also Guardavacarro, *supra*; Tafaro,

*supra*.

**III.**   **CONCLUSION**

For the reasons set forth herein, Defendants, Trek Bicycle Corporation, Ltd., Trek Retail

Corporation, Electra Bicycle Corporation, and SRAM, LLC, respectfully request this Honorable

Court enter an Order in the form attached hereto.

**MARSHALL DENNEHEY WARNER**
**COLEMAN AND GOGGIN**

BY: _____
John C. Farrell, Esquire
Identification No.:  52824
Elizabeth A. Underwood, Esquire
Identification No.:  93802
Stephen E. Purcell, Esquire
Identification No.:  326252
2000 Market Street, Suite 2300
Philadelphia, PA 19103
215-575-2600
jcfarrell@mdwcg.com;eaunderwood@mdw
cg.com;sepurcell@mdwcg.com

---

[2] Plaintiff's general allegations also fail to support a claim for punitive damages and recklessness under Pennsylvania law. see e.g. Tucker v. Bernzomatic, 2010 WL 1838704, at *4 (E.D. Pa. May 4, 2010) (granting defendant's motion to dismiss punitive damages because plaintiff did not allege how or why defendants knew that their product was dangerous); Hughes v. Badaracco-Apolito, 2015 WL 672236, at *5 (M.D. Pa. February 17, 2015) (granting motion to dismiss the punitive damages claim because the allegations in the Amended Complaint failed to set forth sufficient facts which would justify a punitive damages award);

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

Mitchell S. Fineman, M.D. and Lucy Q.    :
Fineman, h/w    :
    :
Plaintiffs,    :   CIVIL ACTION NO.  2:23-CV-02272
    :
v.    :
    :
Trek Bicycle Corporation, Ltd., Electra    :
Bicycle Company, Inc., Electra Bicycle    :
Corporation, LLC, Trek Retail Corporation    :
(d/b/a Trek Bicycle Philadelphia Manayunk),    :
Beacon Stores, Inc., (d/b/a Beacon Cycling    :
and/or Beacon Cycling & Fitness), Mitchell    :
Rovins and Susanna Rovins (d/b/a Beacon    :
Stores, Inc. (d/b/a Beacon Cycling and/or    :
Beacon Cycling & Fitness), SRAM, LLC,    :
John Doe(s) and Jane Doe(s), ABC    :
Corporation and DEF, LLC, and Heng Ying    :
Machinery Co., Ltd.,    :
    :
Defendants.    :

_____

## CERTIFICATION

It is hereby certified that counsel for the moving defendants has conferred with counsel for plaintiffs, Mitchell and Lucy Fineman regarding the contents of the instant Partial motion to Dismiss.  Moving defendants and Plaintiffs are in agreement that discovery may proceed during the pendency of this motion.

> **MARSHALL DENNEHEY WARNER**
> **COLEMAN AND GOGGIN**
>
> BY: _____
> John C. Farrell, Esquire
> Identification No.:  52824
> Elizabeth A. Underwood, Esquire

Identification No.:  93802
Stephen E. Purcell, Esquire
Identification No.:  326252
2000 Market Street, Suite 2300
Philadelphia, PA 19103
215-575-2600
jcfarrell@mdwcg.com;eaunderwood@mdw
cg.com;sepurcell@mdwcg.com