IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MITCHELL S. FINEMAN, M.D. and LUCY Q. FINEMAN, h/w<br><br>　　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>TREK BICYCLE CORPORATION, LTD., ELECTRA BICYCLE COMPANY, INC., ELECTRA BICYCLE CORPORATION, LLC, TREK RETAIL CORPORATION (d/b/a Trek Bicycle Philadelphia Manayunk), BEACON STORES, INC. (d/b/a Beacon Cycling and/or Beacon Cycling & Fitness), MITCHELL ROVINS and SUSANNA ROVINS (d/b/a Beacon Stores, Inc. (d/b/a Beacon Cycling and/or Beacon Cycling & Fitness), SRAM, LLC, JOHN DOE(S) and JANE DOE(S), ABC CORPORATION and DEF, LLC, HENG YING MACHINERY CO., LTD.<br><br>　　　　　　　　Defendants. | NO: 2:23-CV-02272-JFM |

**PLAINTIFFS' MOTION TO REMAND**

Pursuant to 28 U.S.C. §1447(c), Plaintiffs, Mitchell S. Fineman, M.D. and Lucy Q. Fineman, move this Court to enter an Order remanding this action to the Court of Common Pleas of Philadelphia County, Pennsylvania for lack of subject matter/diversity jurisdiction under 28 U.S.C. §1332. A memorandum of law in support of this motion attached.

Respectfully submitted,

**POST & SCHELL, P.C.**

Dated: July 13, 2023

By: _____
Marc H. Perry, Esquire
PA. I.D. No. 68610
Four Penn Center, 13th Floor
1600 John F. Kennedy Boulevard
Philadelphia, Pennsylvania 19103
(215) 587-1000
mperry@postschell.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MITCHELL S. FINEMAN, M.D. and LUCY Q. FINEMAN, h/w<br><br>Plaintiffs,<br><br>v.<br><br>TREK BICYCLE CORPORATION, LTD., ELECTRA BICYCLE COMPANY, INC., ELECTRA BICYCLE CORPORATION, LLC, TREK RETAIL CORPORATION (d/b/a Trek Bicycle Philadelphia Manayunk), BEACON STORES, INC. (d/b/a Beacon Cycling and/or Beacon Cycling & Fitness), MITCHELL ROVINS and SUSANNA ROVINS (d/b/a Beacon Stores, Inc. (d/b/a Beacon Cycling and/or Beacon Cycling & Fitness), SRAM, LLC, JOHN DOE(S) and JANE DOE(S), ABC CORPORATION and DEF, LLC, HENG YING MACHINERY CO., LTD.<br><br>Defendants. | NO: 2:23-CV-02272-JFM |

**MEMORANDUM OF LAW IN SUPPORT OF
<u>PLAINTIFFS' MOTION TO REMAND</u>**

Plaintiffs, Mitchell S. Fineman, M.D. and Lucy Q. Fineman, move this Court to enter an Order remanding this action to the Court of Common Pleas of Philadelphia County, Pennsylvania for lack of diversity jurisdiction under 28 U.S.C. §1332 and in support thereof state as follows:

**I.   <u>FACTUAL STATEMENT</u>**

This civil action involves a defective, recalled, bicycle product designed, manufactured and distributed by the Defendants which resulted in a crash and serious injuries to Dr. Fineman and his wife. [ECF 1]

**II.      PROCEDURAL STATUS**

Plaintiffs admittedly filed their civil action Complaint on June 9, 2023 in the Court of Common Pleas of Philadelphia County. [ECF 1, ¶1]  Some of the named defendants in response filed a Petition for Removal with this Court on June 14, 2023.  [ECF 1].  The Petition for Removal is fundamentally defective in at least two (2) respects: lack of proof of diversity of citizenship and/or lack of unanimity depriving this Court with subject matter jurisdiction and requiring remand by statute. 28 U.S.C. § 1447(c).

**III .     LEGAL STANDARD**

28 U.S.C. § 1441(a) provides the basis for removal:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

However, a case may be remanded to state court on the ground of a defect in the removal procedure. 28 U.S.C. § 1447(c).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. §1447(c).

In evaluating remand motions, therefore, "it is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed.2d 391 (1994) (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 184, 56 S. Ct. 780, 80 L. Ed. 1135 (1936)). This means that the removal statutes are to be strictly construed against removal and that all doubts as to federal jurisdiction are to be resolved in favor of remand. Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990).

Accord Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985)("the removal statute should be strictly construed, and all doubts should be resolved in favor of remand.").

At all times and at all stages of the litigation, the burden of persuasion for establishing diversity jurisdiction and of showing that the case is properly before the federal court remains on the party asserting it. Hertz Corp. v. Friend, 559 U.S. 77, 96-97, 130 S. Ct. 1181, 1194, 175 L. Ed.2d 1029 (2010); Jurdon v. Travelers Prop. Cas. Co. of Am., 773 F.3d 495, 500 (3d Cir. 2014); Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007); Fahy v. Certain Underwriters at Lloyd's of London, 2019 U.S. Dist. LEXIS 203894 at *3 (E.D.Pa. Nov. 25, 2019). Moreover, "a defendant utilizing diversity for removal must show that diversity existed not only upon removal but also at the time of commencement of the action in state court." Fiorentino v. Huntingside Assocs., 679 F. Supp. 3, 5 (E.D. Pa. 1987).

### A.   Complete Diversity Defect

Removal is proper under 28 U.S.C. §1441(a) when the parties are diverse in citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). A natural person's citizenship is determined by their domicile; while a corporation is a citizen of both the state in which it is incorporated and where it has its principal place of business. Hertz Corp. v. Friend, 559 U.S. 77, 93 (2010). The citizenship of unincorporated entities, such as limited liability companies, is determined by each of their members' citizenship. Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 420 (3d Cir. 2010)("[T]he citizenship of an LLC is determined by the citizenship of its members."); Accord Hayden Asset VI, LLC v. Silvio Desouza, LLC, 2014 U.S. Dist. LEXIS 38542 (D.N.J. 2014)("Given the lack of disclosure as to the citizenship of each of the partners of even where said LLC was incorporated, defendant had no ascertainable notice as to diversity.").

Complete diversity between the plaintiff(s), on the one hand, and defendant(s), on the other hand is required and it is the removing party's burden to establish this. The burden rests solely with the party alleging federal court jurisdiction to establish jurisdiction. "[I]t is not enough to file a pleading and leave it to the court or the adverse party to negate jurisdiction." Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 447 (7th Cir. 2005).

The Petition for Removal herein is defective for it fails to plead the identity and citizenship of named-defendant SRAM, LLC. See [ECF 1]. Petitioners have fatally failed to fulfill their burden to prove the subject matter jurisdiction of this Court. As a result the Petition is facially defective and the matter must be remanded.[1]

### B.   Unanimity Requirement Defect

In addition to the jurisdictional pre-requisite of complete diversity, a federal district court's removal jurisdiction is further cabined by the so-called "rule of unanimity," which provides that "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

---

[1]   Note that Petitioners take the time and effort to identify the members and citizenship of another named-defendant LLC entity (Electra Bicycle Company LLC) by extra-pleading Affidavit [ECF 1, Exhibit 2], but the record is wholly devoid regarding named-defendant SRAM, LLC.

> Neither malfeasance by [defendant] nor an unforeseen circumstance prevented [defendant] from timely meeting its burden here. Indeed, it is quite clear that [defendant] had the wherewithal to supply the requisite information and to do so efficiently and economically.

Johnson v. National Consolidation Services, LLC, 2013 WL 838600 at *2 (E.D.Pa. Feb 21, 2013).

4

The Third Circuit Court of Appeals has expressly stated: "the failure of **all Defendants** to remove creates a defect in removal procedure within the meaning of §1447(c)." Balazik v. County of Dauphin, 44 F. 3d 209, 213 (3d. Cir. 1995)(emphasis added). "Section 1446 has been construed to require that when there is more than one Defendant, **all must join** in the removal petition." Lewis v. Rego Co., 757 F.2d 66, 68 (3d Cir. 1985)(emphasis added). Courts consistently have required each defendant to express its position to the court directly and have held that one defendant's allegation that another defendant joins in removal is insufficient. Hammer v. Scott, 137 Fed. Appx. 472, 474 (3d. Cir. 2005).[2] "The subsequent filing of an untimely notice of consent is of absolutely no moment, does nothing to cure the defect in the removal procedure, and is properly rejected by the Court." Balazik, 44 F.3d at 213. Other Circuit Courts have likewise held **each defendant** must communicate their consent directly to the Court. See Pritchett v. Cottrell, Inc., 512 F.3d 1057, 1062 (8th Cir.2008); Getty Oil Corp., Div. of Texaco, Inc. v. Insurance Co. of North America, 841 F.2d 1254, 1262 n. 11 (5th Cir.1988). See also Martin Oil Co. v. Philadelphia Life Insurance Co., 827 F.Supp. 1236, 1239 (N.D.W.Va.1993); Landman v. Borough of Bristol, 896 F.Supp. 406, 409 (E.D.Pa.1995) ("Unfortunately for both, one defendant's attempt to speak on behalf of another will not suffice"); Creekmore v. Food Lion, Inc., 797 F.Supp. 505, 509 (E.D.Va.1992); Fellhauer v. City of Geneva, 673 F.Supp. 1445, 1447–48 (N.D.Ill.1987) (requiring all defendants to "communicate

---

[2] *Citing* Carter v. Ingersoll–Rand Co., Inc., 2001 WL 238540 at *2 (E.D. Pa. Mar.12, 2001). In Hammer, the Third Circuit Court of Appeals found no abuse in the District Court's decision to remand on the grounds that removal had been procedurally defective as the court had not received consents for removal from all of the defendants. Id. The District Court found the expression of the defendants' unanimous consent to be lacking to the extent that one defendant was seeking to represent to the court that the other defendants concurred in the removal. Id. The method and manner of removal was found to be defective. Id.

their consent to the court—not to one another"); and Mason v. International Business Machines, Inc., 543 F.Supp. 444, 445 (M.D.N.C.1982) (same).

Nowhere in the body of the Petition for Removal does named-defendant SRAM, LLC voice its consent to the removal of this civil action. See [ECF 1]. There are commitments of the Trek/Electra/Beacon defendants … but silence from SRAM LLC. Accordingly, the failure to file a written joinder or consent to the Notice of Removal by all served Defendants within thirty (30) days of service constitutes another defect in the removal procedure requiring remand.

### C.      Payment of Costs/Fees Authorization

28 U.S.C. §1447(c) authorizes this Court to require payment of just costs and any expenses, including attorneys' fees, incurred because of the removal of a matter subsequently remanded. The standard for awarding costs and fees when remand is ordered is the existence of an objectively reasonable basis for seeking removal. Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). "The Court adopted that standard instead of a narrower one under which fees could be awarded only if the removing party's position was 'frivolous, unreasonable, or without foundation.'" League of Women Voters of Pennsylvania v. Commonwealth of Pennsylvania, 921 F.3d 378, 383 (3d. Cir. 2019). "The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources." Martin, 546 U.S. at 140. "Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on plaintiff." Id.

**WHEREFORE**, Plaintiffs, Mitchell S. Fineman, M.D. and Lucy Q. Fineman, respectfully demand that this Court to enter an Order remanding this civil action back to the Court of Common Pleas of Philadelphia County, Pennsylvania, and award costs and expenses, pursuant to 28 U.S.C. § 1447(c).

    Respectfully submitted,

**POST & SCHELL, P.C.**

Dated: July 13, 2023

By: _____
Marc H. Perry, Esquire
PA. I.D. No. 68610
Four Penn Center, 13th Floor
1600 John F. Kennedy Boulevard
Philadelphia, Pennsylvania 19103
(215) 587-1000
mperry@postschell.com

Attorneys for Plaintiffs

## **CERTIFICATION**

I do hereby certify that service of a true and correct copy of the foregoing was electronically filed via the ECF System and has likewise been served by ECF this date.

Dated:  July 13, 2023                        **POST & SCHELL, P.C.**

By: _____
Marc H. Perry
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MITCHELL S. FINEMAN, M.D. and LUCY Q. FINEMAN, h/w<br><br>Plaintiffs,<br><br>v.<br><br>TREK BICYCLE CORPORATION, LTD., ELECTRA BICYCLE COMPANY, INC., ELECTRA BICYCLE CORPORATION, LLC, TREK RETAIL CORPORATION (d/b/a Trek Bicycle Philadelphia Manayunk), BEACON STORES, INC. (d/b/a Beacon Cycling and/or Beacon Cycling & Fitness), MITCHELL ROVINS and SUSANNA ROVINS (d/b/a Beacon Stores, Inc. (d/b/a Beacon Cycling and/or Beacon Cycling & Fitness), SRAM, LLC, JOHN DOE(S) and JANE DOE(S), ABC CORPORATION and DEF, LLC, HENG YING MACHINERY CO., LTD.<br><br>Defendants. | NO: 2:23-CV-02272-JFM |

**REMAND ORDER**

**AND NOW**, this _____ day of _____, 2023, upon consideration of the Motion for Remand by Plaintiffs, Mitchell S. Fineman, M.D. and Lucy Q. Fineman, and any opposition thereto, it is hereby **ORDERED** that this civil action is **REMANDED** back to the Court of Common Pleas of Philadelphia County.  28 U.S.C. § 1447(c).

**IT IS FURTHER ORDERED** that Plaintiffs shall submit to opposing counsel within ten (10) days its accounting for all costs and attorneys' fees attributable to the instant Motion for Remand.  If the parties cannot agree to a Stipulated Order, they shall inform the Court who will

2

schedule a Hearing on the total award of costs and attorneys' fees to be awarded.  28 U.S.C. §1447(c).

**BY THE COURT:**

_____
, J.

Copies to all parties via ECF