IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MITCHELL S. FINEMAN, M.D.<br>and LUCY Q. FINEMAN, h/w<br><br>Plaintiffs,<br><br>v.<br><br>TREK BICYCLE CORPORATION, LTD.,<br>ELECTRA BICYCLE COMPANY, INC.,<br>ELECTRA BICYCLE CORPORATION, LLC,<br>TREK RETAIL CORPORATION (d/b/a Trek<br>Bicycle Philadelphia Manayunk), BEACON<br>STORES, INC. (d/b/a Beacon Cycling and/or<br>Beacon Cycling & Fitness),<br>MITCHELL ROVINS and SUSANNA<br>ROVINS (d/b/a Beacon Stores, Inc. (d/b/a Beacon<br>Cycling and/or Beacon Cycling & Fitness), SRAM,<br>LLC, JOHN DOE(S) and JANE DOE(S), ABC<br>CORPORATION and DEF, LLC, HENG YING<br>MACHINERY CO., LTD.<br><br>Defendants. | NO: 2:23-CV-02272-JFM |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS**

Plaintiffs, Mitchell S. Fineman, M.D. and Lucy Q. Fineman, oppose the instant Motion to

Dismiss [ECF 3] and state as follows:

## I.     FACTUAL STATEMENT

This civil action involves a defective, recalled, bicycle product designed, manufactured

and distributed by the Defendants which resulted in a crash and serious injuries to Dr. Fineman

and his wife.  [ECF 1]    Those facts, and many others set forth *infra*, are deemed admitted for

purposes of this Motion to Dismiss.

## II.   PROCEDURAL STATUS

Plaintiffs filed their civil action Complaint on June 9, 2023 in the Court of Common Pleas of Philadelphia County. [ECF 1, ¶1]   Some of the named defendants in response filed a Petition for Removal with this Court on June 14, 2023. [ECF 1]. The Petition for Removal was fundamentally defective for lack of proof of diversity of citizenship and/or lack of unanimity depriving this Court with subject matter jurisdiction and requiring remand by statute. 28 U.S.C. § 1447(c).   A Motion for Remand [ECF 7] is presently pending before this Court.

## III .   STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Id. To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). See also Klotz v. Celentano Stadtmauer & Walentowicz LLP, 991 F.3d 458, 462 (3d Cir. 2021).   A court must accept as true all allegations contained in a complaint. Iqbal, 556 U.S. at 678.

The Third Circuit has established a three-step analysis for assessing the sufficiency of a complaint. Bistrian v. Levi, 696 F.3d 352, 365 (3d Cir. 2012); Argueta v. U.S. Immigration and Customs Enforcement, 643 F.3d 60, 73 (3d Cir. 2011). First, the court determines the elements a claimant must plead to state a claim. Bistrian, 696 F.3d at 365. Second, the court identifies and strikes allegations in the complaint that are mere conclusions and thus not entitled to the

2

assumption of truth. Id. The third step asks courts to assume the veracity of any well-pleaded

factual allegations to "determine whether they plausibly give rise to an entitlement to relief."

McDermid v. Inovio Pharms., Inc., 520 F. Supp. 3d 652, 661 (E.D. Pa. 2021)(*quoting* Connelly

v. Lane Constr. Corp., 809 F.3d 780, 787 (3d Cir. 2016)).

A motion to dismiss should only be granted if "it is clear that no relief could be granted

under any set of facts that could be proved consistent with the allegations." Hishon v. King &

Spalding, 467 U.S. 69, 73 (1984). In considering a Rule 12(b)(6) motion, the court does "not

inquire whether the plaintiff [] will ultimately prevail, only whether [they are] entitled to offer

evidence to support [their] claims." Children's Seashore House v. Waldman, 197 F.3d 654, 658

(3d Cir.  1999). "Deciding whether a complaint is facially plausible is "context-specific,

requiring the reviewing court to draw on its experience and common sense." Iqbal, 556 U.S. at

663-64. Herein, this Court "must deny the motion to dismiss because at every turn, the

[Defendant] relies on its own narrative rather than the allegations of the complaint, and fails to

provide   authority   dispositive   on   the   alleged   facts   of   this   case."

Zeuner v. McDonough, 2023 U.S. Dist. LEXIS 98887 *2 (E.D. Pa. Jun. 7, 2023) (Murphy, J.).


## IV.     LEGAL ARGUMENTS

### A. This Court Lacks Subject Matter Jurisdiction To Adjudicate The Motion to Dismiss

As  properly  presented,  and  legally  supported,  this  Court  lacks  subject  matter

jurisdiction over this civil action due to defects in the attempted removal. "If at any time before

final judgment it appears that the district court lacks subject matter jurisdiction, the case shall

be remanded." 28 U.S.C. §1447(c).  See Motion for Remand [ECF 7], incorporated herein by

reference. Therefore, this Court respectfully lacks jurisdiction to adjudicate the instant Motion to Dismiss.

Plaintiffs respectfully demand the Motion to Dismiss be denied as moot.

**B.  Absent Factual Discovery It Is Too Premature To Determine Choice-Of-Law**

There has been literally "zero" discovery exchanged in this civil action.[1]  Plaintiffs are entitled to plead alternative theories of liability in a Complaint. Parente v. Bell Atl., 2000 U.S. Dist. LEXIS 4851 (E.D. Pa. Apr. 19, 2000) ("Therefore, placing plaintiffs in the predicament of choosing between two valid … claims before they have had the benefit of the discovery… is patently unjust.").  Bill Goodwin Constr., LLC v. Wondra Constr., Inc., 2014 U.S. Dist. LEXIS 29652 (M.D. Pa. Apr. 10, 2014) ("Courts in Pennsylvania have continually recognized that a litigant may advance alternative or conflicting theories of recovery…Moreover, the Federal Rules of Civil Procedure allow for the pleading of alternative theories in the same complaint, even if those theories are inconsistent.").  Accordingly, Plaintiffs have pled mirror theories of liability under both Pennsylvania and New Jersey law involving an admitted defective product, a negligent recall campaign which never reached Plaintiffs, and other torts along the path of liability of these Defendants.  See Complaint.  [ECF 1].[2]  Plaintiffs contend that it is simply too

---

[1]       Indeed, each of the Defendants were served with written Interrogatories and a Request for Production of Documents over a month ago when this matter was pending in the state court and no discovery responses have been provided by a single Defendant to date!   No product information whatsoever, no internal recall file information, no Canadian government communications, no CPSC file information, no information of the other incidents/claims for personal injury arising from this consumer product defect.

[2]       Under Federal Rule of Civil Procedure 12(e), a party "may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." The motion must "point out the defects complained of and the details desired." Rule 12(e) provides a procedural tool by which to obtain the factual basis of a plaintiff's claim when an initial pleading does not suffice. Thomas v. Independence Twp., 463 F.3d 285, 301 (3d Cir. 2006). When proper, the court is to grant a motion and demand more specific factual allegations about the conduct that forms the basis of a plaintiff's claims. Id. But note

premature to determine which law applies to the trial of this civil action, because discovery is needed to determine which state has the most significant relationship to each of Plaintiffs' multiple, independent claims.

The main premise of this civil action is the failed product recall of the Defendants, for said recall never reached the Plaintiff-consumers at their home in Pennsylvania. Plaintiffs admittedly reside in Pennsylvania, specifically Philadelphia County. The various failures of the Defendants' recall campaign occurred in Pennsylvania.  Defendant admittedly operates a brick-and-mortar business in Pennsylvania, actually in the County of Philadelphia.  Defendant's misrepresentation(s) occurred in Pennsylvania. Plaintiff's medical treatment and surgery occurred in Pennsylvania. Plaintiff's medical liens are held by medical professionals located in Pennsylvania. Plaintiffs' pain and suffering, and economic losses all occurred (and continue to occur) in Pennsylvania.  Plaintiff's consortium claim occurred in Pennsylvania.

Yes, the incident and crash at issue occurred in New Jersey. The purchase of the defective bicycle(s) did occur in New Jersey. Yet, there are simply many additional facts necessary for this Court to determine if a true conflict-of-laws even exists, and a factual balance of the competing interests of both Pennsylvania[3] and New Jersey[4] should there be an actual

---

Defendants do not move for a more specific statement under Rule 12(e), or a motion to strike impertinent or scandalous allegations under Rule 12(f), because they already know their bicycle product was defective, recalled the same in both Canada and the United States, they failed to so inform Plaintiffs, resulting a crash due to faulty brakes and resultant serious personal injury to an innocent consumer.

[3]     The Pennsylvania Supreme Court in Griffith v. United Air Lines, Inc., 203 A.2d 796 (Pa. 1964), abandoned the rule of *lex loci delicti*, or the law of the place of injury, in favor of a more flexible approach combining the methodologies of "governmental interest analysis" and the "significant relationship" approach of the Restatement (Second) of Conflicts.  See Giovanetti v. Johns-Manville Corp., 539 A.2d 871 (Pa. Super. 1988). Under Pennsylvania's choice-of-law analysis, "what should be sought is an analysis of the extent to which one state rather than another has demonstrated, by reason of its policies and their connection and relevance to the matter in dispute, a priority of interest in the application of its rule of law." McSwain v. McSwain, 215 A.2d 677 (Pa. 1966). Under a choice-of-law

conflict, before any court (this bench or the state bench on remand) makes a choice-of-law

determination in this case for purposes of trial.  Such determination can, and should, be made at

the close of discovery, on a full record and briefing of all parties, as a proper narrowing of the

issues to be tried to a verdict.

Defendants seek to be both judge and jury, before the conduct of any discovery, in

arguing that only New Jersey law can apply to this civil action. Such an untrue, broad-brushed,

self-serving, argument is belied by applicable decisional law.  While courts have generally

found that "[s]ome choice of law issues may not require a full factual record and may be

amenable to resolution on a motion to dismiss," Harper v. LG Elecs. USA, Inc., 595 F.Supp.2d

486, 491 (D.N.J. 2009), where the analysis is fact intensive and a court finds that it lacks a full

factual record to make a choice-of-law determination, **a court may postpone that analysis**. Pet

Gifts United States, LLC v. Imagine This Co., LLC, 2015 U.S. Dist. LEXIS 16348 *10 (D.N.J.

Feb. 11, 2015).  A choice-of-law analysis presented in a motion to dismiss is problematic

because of the fact-intensive inquiry such an analysis requires. Feingold v. State Farm Mut.

Auto. Ins. Co., 2012 U.S. Dist. LEXIS 46696 *14-15 (E.D. Pa. Apr. 3, 2012). "**Due to the**

---

analysis, the court must first determine whether a "true conflict" exists between the laws of the two states.
If only one state's interests would be advanced by the application of its laws to the facts, then there is a
"false conflict."  If a "true conflict" does exist, the court must examine the contacts of each state and
determine what state has the most significant interest in the application of its law. See Cipolla v.
Shaposka, 267 A.2d 854 (Pa. 1970).

[4]      New Jersey, on the other hand, has a flexible governmental-interest approach to resolving
choice-of-law questions that "requires application of the law of the state with the greatest interest in
resolving the particular issue ..." Gantes v. Kason Corp., 145 N.J. 478, 679 A.2d 106, 109 (1996); Veazey
v. Doremus, 103 N.J. 244, 510 A.2d 1187, 1189 (1986).  New Jersey's conflict of laws test consists of
two prongs. First, the court must determine whether there is an actual conflict. Gantes, 679 A.2d at 109.
If there is not an actual conflict, the inquiry is over because New Jersey would apply its own law in such a
case. Curtis T. Bedwell & Sons, Inc. v. Geppert Bros., Inc., 280 N.J. Super. 391, 655 A.2d 483, 484-85
(1995), appeal dismissed, 143 N.J. 481, 672 A.2d 1165 (1996). The second prong of the test requires the
court to assess the interests each state has in applying its own law and determine which state has the most
significant relationship to the parties and the event. Fu v. Fu, 160 N.J. 108, 733 A.2d 1133, 1138 (1999).

**complexity of this analysis, when confronted with a choice of law issue at the motion to dismiss stage, courts within the Third Circuit have concluded that it is more appropriate to address the issue at a later stage in the proceedings**.” Graboff v. Collern Firm, 2010 U.S. Dist. LEXIS 118732 at *21-22 (E.D. Pa. Nov. 8, 2010)(emphasis added).  Accord C.D.A. v. United States, 2023 U.S. Dist. LEXIS 52447 at *60 (E.D. Pa. Mar. 28, 2023)(“Thus, this court will defer on the choice-of-law questions at this stage ... the motion to dismiss is DENIED WITHOUT PREJUDICE to the defendant re-raising its arguments in a motion for summary judgment after the factual record in this matter is fully developed.”); First Choice Fed. Credit Union v. Wendy's Co., 2017 U.S. Dist. LEXIS 20754 at *10 (W.D. Pa. Feb. 13, 2017)(“Recognizing that concern … this Court does not find it necessary to undertake a choice of law analysis at this initial stage of this litigation.”); ADP, LLC v. Bakshi, 2016 U.S. Dist. LEXIS 40995 (D.N.J. Mar. 29, 2016)(“These disputes require discovery and further exploration before a proper choice of law analysis can be performed.”); Pet Gifts United States, LLC, *supra* at *10 (“Therefore, the Court finds that a choice of law determination on any of Plaintiff's claims **would be premature** at this stage of the litigation and will postpone the analysis until after the parties have engaged in discovery on this issue.”); Feingold, *supra* at *15 (“At this stage in the litigation, a choice of law decision **would be premature**. I will therefore deny State Farm's motion to dismiss on the ground that the law of Delaware, not Pennsylvania, applies.”); Graboff, *supra* at *21-22 (“Here, a choice of law analysis **is premature** because the record lacks necessary facts for the Court to conduct the fact-intensive, context-specific analysis required by Pennsylvania law.”); Hayes v. Am. Int’l Group, 2009 U.S. Dist. LEXIS 111397 (E.D. Pa. Dec.1, 2009) (“The choice of law issue will also turn on factual issues concerning the nature and extent of the parties contacts with **New Jersey and Pennsylvania**,

**which will be better addressed at a later procedural stage**."); Children's Hosp. of Phila. v. Horizon NJ Health, 2008 U.S. Dist. LEXIS 71921 at *7 (E.D. Pa. Sept. 22, 2008) (noting that "a motion to dismiss does not present an appropriate forum for a choice of law . . . determination"); Hodgson v. Man Fin. Inc., 2006 U.S. Dist. LEXIS 94307 at *1 (E.D. Pa. Dec. 29, 2006) ("Because there are significant factual issues governing [the choice-of-law] question, this is not a decision which should be made merely on allegations in the Third Party Complaint and briefs, **but should await conclusion of discovery**."); Leksi, Inc. v. Federal Ins. Co., 129 F.R.D. 99 (D.N.J. 1989("In addition, the choice of law issue **is extremely premature** in light of the fact that so little discovery has been conducted to date").

This Court should, even if it had subject matter jurisdiction, thus defer any choice-of-law analysis until after factual discovery is completed by the parties to provide a record from which a conflict-of-laws analysis can be meaningfully and properly conducted.

Plaintiffs respectfully demand the Motion to Dismiss be denied *in toto*.

## C.  A Factual Record Already Exists For A Misrepresentation Claim

Defendants next argue, dependent wholly upon their self-serving position, that only New Jersey law applies to this civil action (see Argument B, supra).  Moreover, Defendants seek to avoid the allegations of the Complaint that are deemed admitted on a Rule 12 application.  Specifically,

**COUNT XV – MISREPRESENTATION**
Finemans v. Trek M

258.     Plaintiffs repeat and aver each of the preceding paragraphs of the Complaint as if set forth at length herein.

259.     Defendant failed to warn the Finemans of the defective and unreasonably dangerous condition in the product.

260.     Indeed, Trek M represented to Dr. Fineman that the second defective black Electra® bicycle was okay to ride – despite the product having

8

been recalled and consumers which were to be informed to stop riding the bicycle immediately!

261.    The Fineman's relied upon the representations of Trek M.

262.    Defendant's representations were false, misleading and otherwise wanting of ordinary or reasonable care.

263.    Defendant's misrepresentations were intentional, willful, wanton, outrageous, reckless and/or careless in complete disregard for the safety of the Finemans.

264.    Defendant's actions and/or inactions breached the applicable standard of care.

265.    The Fineman's have suffered ongoing damages as a proximate result of the misrepresentations of Defendant.

**WHEREFORE**, Plaintiffs, Mitchell S. Fineman and Lucy Q. Fineman, demand judgment in their favor, jointly and severally, together with damages, costs and attorneys' fees.

Complaint at Count XV [ECF 1]. [5]

Defendant's admitted misrepresentation caused a separate and independent injury to Plaintiffs, including but not limited to emotional distress following the crash, injury, surgery and ongoing recovery by its misrepresentation(s). See Complaint at ¶¶80-120.   This is a tort in addition to the design, distribution and failure to properly recall the admittedly defective bicycle(s). Why do Defendants presume that only a single tort is presented by the instant Complaint? Defendants provide no decisional law in support of this application which would permit the dismissal of the misrepresentation claim at this stage of the litigation (if ever), particularly in light of the admission of the misrepresentation and resultant damages in this Motion to Dismiss analysis.

Plaintiffs respectfully demand the Motion to Dismiss be denied *in toto*.

---

[5]    Once again, note that Defendants do not move for a more specific statement under Rule 12(e) because they already know the misrepresentations were made to Plaintiff, resulting in emotional distress and other injuries to both Plaintiffs.

### D. A Factual Record Already Exits For A Punitive Damage Claim

Defendants cannot, whether under Pennsylvania and/or New Jersey law, seriously argue that the allegations of this Complaint do not support a claim for recklessness or punitive damages.  The bicycle product at issue was admittedly defective and unreasonably dangerous for which a safety recall was issued in both Canada and the United States.  Complaint at ¶¶47-54.  Plaintiffs were never informed of the recall of the defective bicycle(s) prior to the crash. Complaint at ¶¶50 & 54. Allegations of this Complaint deemed admitted for purposes of this Motion to Dismiss include, but are not limited to:

#### THE DEFECTIVE DESIGN FIX

55.     Subsequent to the recall of the defective silver Electra® bicycle, the design and manufacture of *inter alia* the Electra® Coaster 3 bicycle was changed to discard the unsafe "coaster brake" only design -- which was thereafter manufactured with an independent or redundant cabled "hand brake:"

56.     **Defendant knew**, or should have known, that the "coaster brake" only design of the defective silver Electra® bicycle was unsafe in design, manufacture or distribution.

57.      **Defendant knew**, or should have known, that the design, manufacture or distribution of an adult bicycle in 2014 with only a "coaster brake" was defective and unreasonably dangerous.

58.     **Defendant knew**, or should have known, that the design, manufacture or distribution of an adult bicycle in 2014 with only a "coaster brake," and no independent or redundant cabled "hand brake" was defective and unreasonably dangerous.

#### COUNT I – NEGLIGENCE = INADEQUATE RECALL
Dr. Fineman v. Trek BC, Electra Inc., Electra LLC, Beacon Cycling,
Mr. Rovins, Mrs. Rovins, SRAM, Heng YMC,
John Doe(s), Jane Doe(s), XYZ Corporation(s) and DEF, LLC(s)

121.     Plaintiffs repeat and aver each of the preceding paragraphs of the Complaint as if set forth at length herein.

122.     **Defendant had an actual knowledge** of the recall of the defective silver Electra® bicycle prior to Dr. Fineman's crash and injuries.

125.     **Defendant thus knew**, or should have known, how to properly, effectively, and practically conduct a viable recall campaign to ensure consumer notice and safety.

141.     **Defendant had an actual knowledge of the dangers** associated with the continued use of the defective silver Electra® bicycle to users like Dr. Fineman, **but knowingly**

**failed to reveal, or concealed, such dangers**, and the Fineman's are thus entitled to punitive damages to deter Defendant and others from engaging in such callous conduct in the future.

**COUNT II – NEGLIGENCE (DEFECTIVE PRODUCT)**
Dr. Fineman v. Trek BC, Electra Inc., Electra LLC, Beacon Cycling,
Mr. Rovins, Mrs. Rovins, SRAM, Heng YMC,
John Doe(s), Jane Doe(s), XYZ Corporation(s) and DEF, LLC(s)

142.     Plaintiffs repeat and aver each of the preceding paragraphs of the Complaint as if set forth at length herein.

146.     **Defendant's actions and/or inactions were intentional, willful, wanton, outrageous, reckless and/or careless in complete disregard for the safety of Dr. Fineman**.

147.     Defendant's carelessly, negligently and **recklessly** failed to design, test, manufacture, inspect, package, label, sell, distribute, market, display, advertise, and/or failed to warn regarding the condition of the defective silver Electra® bicycle …

152.     **Defendant had actual knowledge of the dangers** associated with the continued use of the defective silver Electra® bicycle to users like Dr. Fineman, **but knowingly failed to reveal, or concealed, such dangers**, and the Fineman's are thus entitled to punitive damages to deter Defendant and others from engaging in such callous conduct in the future.

**COUNT III – NEW JERSEY PRODUCT LIABILITY ACT**
Dr. Fineman v. Trek BC, Electra Inc., Electra LLC, Beacon Cycling,
Mr. Rovins, Mrs. Rovins, SRAM, Heng YMC,
John Doe(s), Jane Doe(s), XYZ Corporation(s) and DEF, LLC(s)

153.     Plaintiffs repeat and aver each of the preceding paragraphs of the Complaint as if set forth at length herein.

161.     **Defendant acted with conscious and deliberate disregard of the foreseeable harm caused by the defective silver Electra® bicycle**.

163.     **Defendant's actions and/or inactions were intentional, willful, wanton, outrageous, reckless and/or careless in complete disregard for the safety of Dr. Fineman**.

167.     **Defendant had actual knowledge of the dangers** associated with the continued use of the defective silver Electra® bicycle to users like Dr. Fineman, **but knowingly failed to reveal, or concealed, such dangers**, and the Fineman's are thus entitled to punitive damages to deter Defendant and others from engaging in such callous conduct in the future.

**COUNT IV – PENNSYLVANIA STRICT LIABILITY (CONSUMER EXPECTATION)**
Dr. Fineman v. Trek BC, Electra Inc., Electra LLC, Beacon Cycling,
Mr. Rovins, Mrs. Rovins, SRAM, Heng YMC,
John Doe(s), Jane Doe(s), XYZ Corporation(s) and DEF, LLC(s)

168.     Plaintiffs repeat and aver each of the preceding paragraphs of the Complaint as if set forth at length herein.

176.     **Defendant had an actual knowledge of the dangers** associated with the continued use of the defective silver Electra® bicycle to users like Dr. Fineman, **but knowingly**

11

**failed to reveal, or concealed, such dangers**, and the Fineman's are thus entitled to punitive damages to deter Defendant and others from engaging in such callous conduct in the future.

### COUNT V – PENNSYLVANIA STRICT LIABILITY (RISK-UTILITY)
Dr. Fineman v. Trek BC, Electra Inc., Electra LLC, Beacon Cycling,
Mr. Rovins, Mrs. Rovins, SRAM, Heng YMC,
John Doe(s), Jane Doe(s), XYZ Corporation(s) and DEF, LLC(s)

178.    Plaintiffs repeat and aver each of the preceding paragraphs of the Complaint as if set forth at length herein.

183.    **Defendant knew** or should have known that users riding a bicycle with non-functioning "coaster brakes" was a hazardous condition which could foreseeably lead to a user's crash and resultant bodily injury.

187.    **Defendant had actual knowledge of the dangers** associated with the continued use of the defective silver Electra® bicycle to users like Dr. Fineman, **but knowingly failed to reveal, or concealed, such dangers**, and the Fineman's are thus entitled to punitive damages to deter Defendant and others from engaging in such callous conduct in the future.

### COUNT VI – PENNSYLVANIA STRICT LIABILITY (FAILURE TO WARN)
Dr. Fineman v. Trek BC, Electra Inc., Electra LLC, Beacon Cycling,
Mr. Rovins, Mrs. Rovins, SRAM, Heng YMC,
John Doe(s), Jane Doe(s), XYZ Corporation(s) and DEF, LLC(s)

188.    Plaintiffs repeat and aver each of the preceding paragraphs of the Complaint as if set forth at length herein.

191.    **Defendant knew** or should have known that components of the defective silver Electra® bicycle were unreasonably dangerous at the time of its sale to Dr Fineman in 2014.

192.    **Defendant knew** or should have known that components of the defective silver Electra® bicycle were unreasonably dangerous prior to the time of Dr Fineman's crash in 2021.

193.    **Defendant knew** or should have known that users riding a bicycle with non-functioning "coaster brakes" was a hazardous condition which could foreseeably lead to a user's crash and resultant bodily injury.

196.    **Defendant had actual knowledge of the dangers** associated with the continued use of the defective silver Electra® bicycle to users like Dr. Fineman, **but knowingly failed to reveal, or concealed, such dangers,** and the Fineman's are thus entitled to punitive damages to deter Defendant and others from engaging in such callous conduct in the future.

### COUNT X – BREACH OF WARRANTY (MAGNUSON-MOSS WARRANTY ACT)
Dr. Fineman v. Trek BC, Electra Inc., Electra LLC, Beacon Cycling,
Mr. Rovins, Mrs. Rovins, SRAM, Heng YMC,
John Doe(s), Jane Doe(s), XYZ Corporation(s) and DEF, LLC(s)

197.    Plaintiffs repeat and aver each of the preceding paragraphs of the Complaint as if set forth at length herein.

205.     **Defendant had actual knowledge of the dangers** associated with the continued use of the defective silver Electra® bicycle to users like Dr. Fineman, **but knowingly failed to reveal, or concealed, such dangers**, and the Fineman's are thus entitled to punitive damages to deter Defendant and others from engaging in such callous conduct in the future.

**COUNT XI – NEW JERSEY CONSUMER FRAUD ACT**
Dr. Fineman v. Trek BC, Electra Inc., Electra LLC, Beacon Cycling,
Mr. Rovins, Mrs. Rovins, SRAM, Heng YMC,
John Doe(s), Jane Doe(s), XYZ Corporation(s) and DEF, LLC(s)

233.     Plaintiffs repeat and aver each of the preceding paragraphs of the Complaint as if set forth at length herein.

236.     **Defendant engaged in an unlawful act, use or employment of an unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, and/or the knowing concealment**, suppression of omission, in connection with the sale or advertisement of merchandise, and/or with the subsequent performance, in the distribution to, and/or failure to warn Dr. Fineman of, the defective and unreasonably dangerous condition in the defective silver Electra® bicycle.

238.     **Defendant had actual knowledge of the dangers** associated with the continued use of the defective silver Electra® bicycle to users like Dr. Fineman, **but knowingly failed to reveal, or concealed, such dangers**, and the Fineman's are thus entitled to punitive damages to deter Defendant and others from engaging in such callous conduct in the future.

**COUNT XII – PENNSYLVANIA UNFAIR TRADE PRACTICES ACT**
Dr. Fineman v. Trek BC, Electra Inc., Electra LLC, Beacon Cycling,
Mr. Rovins, Mrs. Rovins, SRAM, Heng YMC,
John Doe(s), Jane Doe(s), XYZ Corporation(s) and DEF, LLC(s)

239.     Plaintiffs repeat and aver each of the preceding paragraphs of the Complaint as if set forth at length herein.

240.     **Defendant engaged in fraudulent and deceptive practices** which created the likelihood of confusion and misunderstanding in violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. 201-1, *et seq*.

241.     **Defendant knowingly and intentionally induced Plaintiffs to purchase the defective silver Electra® bicycle (and the second defective black Electra® bicycle) through the use of false and/or misleading marketing, advertising, representations and statements**.

244.     **Defendant wrongfully profited from its unfair, deceptive, misleading and false representations** from the sale of defective and unreasonably dangerous products like the defective silver Electra® bicycle (and the second defective black Electra® bicycle) to Plaintiffs, and to others similarly harmed.

246.     **Defendant had actual knowledge of the dangers** associated with the continued use of the defective silver Electra® bicycle to users like Dr. Fineman, **but knowingly failed to**

**reveal, or concealed, such dangers**, and the Fineman's are thus entitled to punitive damages to deter Defendant and others from engaging in such callous conduct in the future.

**COUNT XIII – CONSUMER PRODUCT SAFETY ACT (15 U.S.C. §§ 2015 *ET SEQ.*)**
Dr. Fineman v. Trek BC, Electra Inc., Electra LLC, Beacon Cycling,
Mr. Rovins, Mrs. Rovins, SRAM, Heng YMC,
John Doe(s), Jane Doe(s), XYZ Corporation(s) and DEF, LLC(s)

247.      Plaintiffs repeat and aver each of the preceding paragraphs of the Complaint as if set forth at length herein.

248.      **Defendant knowingly and/or willfully violated consumer product safety rules**, other rules and/or orders issued by the Consumer Product Safety Commission ….

**COUNT XIV – NEGLIGENCE**
Finemans v. Trek M

250.      Plaintiffs repeat and aver each of the preceding paragraphs of the Complaint as if set forth at length herein.

255.      **Defendant's actions and/or inactions were intentional, willful, wanton, outrageous, reckless and/or careless in complete disregard for the safety of the Finemans**.

Complaint (emphasis added). [ECF1].

Plaintiffs counter that they have pled facially plausible allegations sufficient to infer reckless conduct <u>and</u> entitlement to punitive damages at this stage of the proceedings. Plaintiffs further argue that this Court's precedent disfavors the early dismissal of punitive damages claims because its award rests on the defendant's state of mind. "And, since one's mental state can only be uncovered during discovery, motions to dismiss punitive damages are generally premature." Medina v. Haas, 2021 U.S. Dist. LEXIS 244499 at *8-9 (M.D. Pa. Dec. 12, 2021).  Accord LaMaze v. Vidov Trucking, Inc., 2009 U.S. Dist. LEXIS 20265 at *4 (E.D. Pa. Mar. 13, 2009) (Given that the state of mind of the actor is vital, "[i]t would be premature to dismiss this claim when the complaint has alleged sufficient facts that, if proven, could establish the necessary recklessness for a punitive damages award."); Seamans v. Tramontana, 2013 U.S. Dist. LEXIS 151429 *18-19 (M.D. Pa. Oct. 22, 2013) (same).

Plaintiffs respectfully demand the Motion to Dismiss be denied *in toto*.

14

### E.  If There Are Any Deficiencies Leave To Amend Is The Proper Course

Plaintiffs contend that the Complaint, as pled, meets the requirements of Federal Rule of Civil Procedure 8(a)(2), Rule 12(b)(6), and adequately avers the multiple causes of action so as to provide notice to Defendants. <u>Twombly</u>, *supra* and <u>Iqbal</u>, *supra*. Should this Court disagree in any respect, early dismissal which Defendants seek is not appropriate. The Federal Rules of Civil Procedure permit courts to "freely" grant leave for parties to amend their pleadings "when justice so requires." <u>Fed. R. Civ. P.</u> 15(a)(2). "[I]f a complaint is vulnerable to a 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 236 (3d Cir. 2008). <u>Accord</u> <u>Chacko v. Sigmapharm Labs., LLC</u>, 2023 U.S. Dist. LEXIS 34654 at *15-16 (E.D.Pa. Mar. 2, 2023)(Murphy, J.).

**WHEREFORE**, Plaintiffs, Mitchell S. Fineman, M.D. and Lucy Q. Fineman, respectfully demand that this Court enter an Order remanding this civil action back to the Court of Common Pleas of Philadelphia County, Pennsylvania (and award costs and expenses), pursuant to 28 U.S.C. § 1447(c), or in the alternative, deny this instant Motion to Dismiss *in toto*.

Respectfully submitted,

**POST & SCHELL, P.C.**

By: _____

Dated: July 19, 2023

Marc H. Perry, Esquire
PA. I.D. No. 68610
Four Penn Center, 13th Floor
1600 John F. Kennedy Boulevard
Philadelphia, Pennsylvania 19103
(215) 587-1000
mperry@postschell.com

Attorneys for Plaintiffs

15

## CERTIFICATION

I do hereby certify that service of a true and correct copy of the foregoing was electronically filed via the ECF System and has likewise been served by ECF this date.

Dated:  July 19, 2023                                    **POST & SCHELL, P.C.**

By:  _____

Marc H. Perry
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MITCHELL S. FINEMAN, M.D.
and LUCY Q. FINEMAN, h/w

        Plaintiffs,

        v.

TREK BICYCLE CORPORATION, LTD.,
ELECTRA BICYCLE COMPANY, INC.,
ELECTRA BICYCLE CORPORATION, LLC,
TREK RETAIL CORPORATION (d/b/a Trek
Bicycle Philadelphia Manayunk), BEACON
STORES, INC. (d/b/a Beacon Cycling and/or
Beacon Cycling & Fitness),
MITCHELL ROVINS and SUSANNA
ROVINS (d/b/a Beacon Stores, Inc. (d/b/a Beacon
Cycling and/or Beacon Cycling & Fitness), SRAM,
LLC, JOHN DOE(S) and JANE DOE(S), ABC
CORPORATION and DEF, LLC, HENG YING
MACHINERY CO., LTD.

        Defendants.

NO: 2:23-CV-02272-JFM

**ORDER**

    **AND NOW**, this _____ day of _____, 2023, upon consideration of the

Motion to Dismiss [ECF 3], and the opposition thereto by Plaintiffs, it is hereby **ORDERED** that

said Motion is **DENIED AS MOOT**. This civil action is being **REMANDED** back to the Court

of Common Pleas of Philadelphia County. 28 U.S.C. § 1447(c).

**BY THE COURT:**

_____
                              , J.

Copies to all parties via ECF