## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Mitchell S. Fineman, M.D. and Lucy Q. Fineman, h/w | : : : | |
| Plaintiffs, | : | CIVIL ACTION NO.  2:23-CV-02272 |
| | : | |
| v. | : | |
| | : | |
| Trek Bicycle Corporation, Ltd., Electra Bicycle Company, Inc., Electra Bicycle Corporation, LLC, Trek Retail Corporation (d/b/a Trek Bicycle Philadelphia Manayunk), Beacon Stores, Inc., (d/b/a Beacon Cycling and/or Beacon Cycling & Fitness), Mitchell Rovins and Susanna Rovins (d/b/a Beacon Stores, Inc. (d/b/a Beacon Cycling and/or Beacon Cycling & Fitness), SRAM, LLC, John Doe(s) and Jane Doe(s), ABC Corporation and DEF, LLC, and Heng Ying Machinery Co., Ltd., | : : : : : : : : : : : : : : : | |
| Defendants. | : | |

_____

## ORDER

AND NOW, on this _____, day of _____, 2023, upon consideration of Plaintiffs Mitchell and Lucy Fineman's Motion to Remand, and the Response in Opposition thereto of Defendants, Trek Bicycle Corporation, Ltd., Trek Retail Corporation, Electra Bicycle Corporation, and SRAM, LLC and Cross-Motion for Sanctions, it is hereby ORDERED and DECREED that Plaintiffs' Motion to Remand is DENIED.

It is FURTHER ORDERED that Defendants' Cross-Motion for Sanctions is GRANTED. Plaintiffs, Mitchell and Lucy Fineman, are hereby SANCTIONED and must pay defendants, Trek Bicycle Corporation, Ltd., Trek Retail Corporation, Electra Bicycle Corporation, and

SRAM, LLC, costs and attorneys fees associated with filing their Response in Opposition to

Plaintiffs' Motion to Remand.


BY THE COURT:


_____

                                J.

<u>IN THE UNITED STATES DISTRICT COURT FOR</u>
<u>THE EASTERN DISTRICT OF PENNSYLVANIA</u>

| | | |
|---|---|---|
| Mitchell S. Fineman, M.D. and Lucy Q. Fineman, h/w | : : : | |
| Plaintiffs, | : : | CIVIL ACTION NO.  2:23-CV-02272 |
| v. | : : : | |
| Trek Bicycle Corporation, Ltd., Electra Bicycle Company, Inc., Electra Bicycle Corporation, Trek Retail Corporation (d/b/a Trek Bicycle Philadelphia Manayunk), Beacon Stores, Inc., (d/b/a Beacon Cycling and/or Beacon Cycling & Fitness), Mitchell Rovins and Susanna Rovins (d/b/a Beacon Stores, Inc. (d/b/a Beacon Cycling and/or Beacon Cycling & Fitness), SRAM, LLC, John Doe(s) and Jane Doe(s), ABC Corporation and DEF, LLC, and Heng Ying Machinery Co., Ltd., | : : : : : : : : : : : : | |
| Defendants. | : | |

_____

<u>RESPONSE IN OPPOSITION OF DEFENDANTS, TREK BICYCLE CORPORATION, LTD, TREK RETAIL CORPORATION, ELECTRA BICYCLE CORPORATION, AND SRAM, LLC TO THE MOTION TO REMAND OF PLAINTIFFS, MITCHELL AND LUCY FINEMAN AND CROSS-MOTION FOR SANCTIONS</u>

## I.    <u>INTRODUCTION</u>

Defendants, Trek Bicycle Corporation, Ltd., Trek Retail Corporation, Electra Bicycle Corporation, and SRAM, LLC oppose Plaintiffs' frivolous and meritless Motion to Remand. Defendants' Petition for Removal was procedurally and substantively appropriate. Further, the purported bases for Plaintiffs' Motion to Remand are completely without merit and warrant sanctions pursuant to Rule 11 for the costs of filing the instant response.  Specifically, Defendants did appropriately aver the citizenship of defendant SRAM, LLC, as citizens of the

states of Illinois and Delaware, both in its original Petition and in its Supplemental Memorandum with supporting Affidavit. Further, Defendant, SRAM, LLC, clearly consented to the removal because the removal petition <u>was filed on its behalf</u> and the petition expressly requests removal on behalf of SRAM, LLC. In this instance, diversity of citizenship exists between the parties, defendants' appropriately removed this matter, and plaintiffs' Motion to Remand should be denied.

II.    **LEGAL ARGUMENT**

    A.    **The Removal Petition Appropriately Pled the Diverse Citizenship of Each and Every Party and Established that Diversity Jurisdiction Exists and the Matter was Properly Removed**

Plaintiffs' claim that defendants have failed to properly plead complete diversity is without merit.  Complete diversity undoubtedly exists in the instant matter and Defendants' Petition for Removal is both substantively and procedurally sound.  Indeed, despite plaintiffs claim, no where do they dispute or contest the accurate averment in the Removal Petition that Defendant, SRAM, LLC is a citizen of Illinois and Delaware, thus maintaining complete diversity. 28 U.S.C. § 1446(a), governing removal, requires removing defendants to file "a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal…." The requirement for a short and plain statement of the grounds for removal models the general pleading requirement of Federal Rule of Civil Procedure 8(a).  <u>Dart Cherokee Basin Operating, LLC v. Owens</u>, 574 U.S. 81, 87 (2014). The U.S. Supreme Court further elaborated:

> The legislative history of § 1446(a) is corroborative. Congress, by borrowing the familiar "short and plain statement" standard from Rule 8(a), intended to 'simplify the 'pleading' requirements for removal" and to clarify that the courts should "apply the same liberal rules [to removal allegations] that are applied to other matters of pleading" H.R. Rep. No. 100-889, p. 71.

Dart Cherokee, 574 U.S. at 87.  In Lincoln Ben. Life Co. v. AEI Life, LLC, 800 F. 3d 99, 103

(3d Cir. 2015), Plaintiff was a citizen of Nebraska and, in its Complaint, filed in Federal Court

based upon diversity jurisdiction, averred that "based upon publically available information,

none of the defendants is a citizen of Nebraska."  Id. The Court held that a plaintiff need not

affirmatively allege the citizenship of each member of the LLC after reasonable investigation,

but could simply allege that defendant was *not* a citizen of plaintiff's state to survive a facial

challenge to diversity jurisdiction.  Id. at 107, 110.  Similarly, in Lewis v. Rego, 757 F.2d 66 (3d

Cir. 1985), three of four defendants were served with plaintiff's complaint and promptly filed a

petition for removal.  The removal petition averred the citizenship of the three removing

defendants and averred, as to the fourth defendant, that upon information and belief, only, that it

was not a citizen of Pennsylvania, the state of Plaintiff's citizenship; thereby averring complete

diversity. Id. at 67-68.  The Third Circuit held that the averments in the removal petition were

sufficient to comply with the requirement to provide the court a short and plain statement of the

facts supporting removal. Id. at 68-69. The instant matter is easier than the cases cited above

because here, Defendants appropriately and accurately averred the citizenship of Defendant,

SRAM, LLC, based upon the citizenship of its members, that "Defendant, SRAM, LLC, is a

citizen of the states of Delaware and Illinois."  See Doc. 1, Removal Petition, ¶ 19.

    Indeed, the case cited to and relied upon by plaintiffs,  Johnson v. National Consolidation

Services, LLC, while distinguishable, also serves to highlight the appropriate averments and

subsequent documentation provided by defendants in the instant matter. 2013 WL 638600 (E.D.

Pa. Feb. 21, 2013).  In Johnson, Plaintiff, a Pennsylvania resident, filed suit against four

Walgreens entities, one of which, Walgreen's Distribution Center, Inc., plaintiff averred was a

Pennsylvania corporation with a principal place of business in Pennsylvania. Id. at *1. Before the

Court was a second motion to remand in response to defendants second removal petition, after the Court granted plaintiff's first motion to remand.  In discussing its reasoning behind the grant of the first motion for remand, the Court noted that, in its first removal petition, the Walgreens defendants merely averred "Defendant Walgreen's Distribution  Center, Inc. does not exist as a corporate entity.  Walgreen's Distribution Center is a physical facility located in Bethlehem Pennsylvania that is owned and operated by Walgreen Eastern Co., Inc." <u>Id.</u> The Court further relied on the fact that "[i]<u>n its response to Mr. Johnson's [plaintiff's] initial motion to remand</u>,…it did not support this claim through an affidavit or other evidence." <u>Id.</u> (<u>emphasis added</u>).   The Walgreens Defendants only provided an Affidavit in support of its averments in support of a second petition for removal, after it had already lost plaintiff's first petition for remand, and over 120 days after it had been served with the original Complaint. <u>Id</u>. No such delay exists in this case.

Clearly, the factual scenarios in <u>Johnson</u> and the present matter are vastly different.  In this instance, defendants appropriately and accurately averred the citizenship of defendant, SRAM, LLC, in their petition for removal. Further, unlike <u>Johnson</u>, there were no averments in the Complaint that Defendant, SRAM, LLC, was a citizen of Pennsylvania to facially cast doubt on complete diversity.  Further, within thirty days of filing the petition, before SRAM, LLC was ever served, Defendant, SRAM, LLC, supplemented its petition with the below noted affidavit, which defendants now reattach to the instant response, setting forth the members of SRAM, LLC and their citizenships, establishing that, as originally pled, defendant, SRAM, LLC is a citizen of the states of Delaware and Illinois and complete diversity exists. <u>See</u> Exhibit 1, Affidavit. Defendants herein have done just as the <u>Johnson</u> Court indicated was lacking in that matter,

namely filing a supplemental affidavit in response to plaintiff's motion to remand to support the citizenship averments in the removal petition.

Defendants' original Petition for Removal avers the appropriate, necessary, and accurate short and plain statement upon which the grounds of removal lie. Defendants accurately averred, signed and verified pursuant to Federal Rule of Civil Procedure 1, that Defendant, SRAM, LLC was a citizen of the states of Illinois and Delaware. Plaintiff does not dispute or attempt to provide any evidence to contest this fact, as they cannot. Further highlighting the baseless nature of plaintiffs' argument, in further support of its accurate averments in the Removal Petition, thirty days after filing the Removal Petition, and before defendants had been served, moving defendants supplemented their petition with an Affidavit explicitly stating the members of SRAM, LLC and confirming that their citizenships were as pled in paragraph 19 in the original Petition for Removal. Specifically the Affidavit of Dan Powers, avers as follows:

1. I am familiar with the corporate structure of SRAM, LLC.

2. SRAM, LLC is a limited liability company 100% owned by member SRAM Holdings, LLC.

3. SRAM Holdings, LLC, is a limited liability company with two members, SRAM-SP2, Inc. and SRAM International Holdings, Inc.

4. SRAM-SP2, Inc. is a citizen of the states of Delaware and Illinois.

5. SRAM-SP2, Inc. is a Delaware Corporation with a principal place of business located at 1000 West Fulton Market, 4th Floor, Chicago, Il 60607.

6. SRAM International Holdings, Inc. is a citizen of the states of Delaware and Illinois.

7. SRAM International Holdings, Inc. is a Delaware Corporation with a principal place of business located at 1000 West Fulton Market, 4th Floor, Chicago, IL 60607.

See Exhibit 1, Affidavit of Dan Powers, previously attached at Exhibit 5 to Doc. 8. Because the

original Petition for Removal complied with all requirements of 28 U.S.C. § 1446 and all

defendants are diverse from the Plaintiffs, Mitchell and Lucy Fineman, diversity jurisdiction

exists, the matter was properly removed, and plaintiffs' motion for remand should be denied.

> **B.**     **Plaintiffs Claim that SRAM, LLC, One of the Defendants Who Filed the Petition for Removal, Did Not Consent to the Removal, Is Baseless and Frivolous**

Plaintiff's claim that "[n]owhere in the body of the Petition for Removal does named

defendant SRAM, LLC voice its consent to the removal of this civil action" is completely

baseless and without merit as defendant, SRAM, LLC, was one of the five moving defendants

who filed the Petition for Removal.  It is clear that a Removal Petition signed by counsel for

removing defendants is considered consent on behalf of all removing parties.  As noted above,

28 U.S.C § 1446(a) states:

> a defendant or defendants desiring to remove any civil action from
> a State court shall file in the district court of the United States for
> the district and division within which such action is pending a
> notice of removal signed pursuant to Rule 11 of the Federal Rules
> of Civil Procedure…

(emphasis added).  Federal Rule of Civil Procedure Rule 11(a) states "Signature. Every pleading,

written motion, and other paper must be signed by at least one attorney of record in the

attorney's name—or by a party personally if the party is unrepresented." As set forth above, the

filing of a Petition for Removal, and the signature by defendants' attorney on that Petition,

represents the defendants' consent to the removal.  28 U.S.C. § 1446(a). In McCreesh v. City of

Philadelphia, 2020 WL 5017609 (E.D. Pa. Aug. 25, 2020) the Court denied Plaintiff's motion to

remand, rejecting the claim that unanimity of consent was not obtained by removing defendant's

assertion in it's petition for removal that all defendants consented to removal.  McCreesh, 2020

WL 5017609 at * 1.  The filing defendant's consent was not disputed, as it filed the petition. Id.;

see also Ogletree v. Barnes, 851 F. Supp. 184, 187 (E.D. Pa. 1994)(it was not disputed that petition for removal, signed by counsel for six defendants, constituted consent on behalf of those filing defendants). Indeed, Judge Schiller, in holding that notice of consent was properly averred by the removing defendant on behalf of all non-filing co-defendants, noted that there are a myriad of ways to express consent to federal jurisdiction which do not require express written consent. Id. at *2-3. However, in this case, Defendant, SRAM, LLC, through its counsel, signing and filing the Petition for Removal on its behalf, clearly expressed consent for removal. Moreover, both the introduction and WHEREFORE clause contain an express statement of SRAM, LLC's request for removal to federal court.

The plain language of the statute and the case law indicates that defendants on whose behalves the Petition to Remove are filed are deemed to have consented to the removal.  It is undisputed that Defendant, SRAM, LLC, was one of five defendants on whose behalf the Petition for Removal was signed and filed.  See Doc. 1, Petition for Removal.  Specifically, the Civil Cover Sheet to the Removal Petition lists the Defendants as "Trek Bicycle Corporation, LTD, Electra Bicycle Company, Inc., Trek Retail Corporation, and SRAM, LLC" and their counsel of Marshall Dennehey Warner Coleman and Goggin.  See Exhibit 2, Civil Cover Sheet (emphasis added); see also Doc. 1. Further, the introductory paragraph of the Petition for Removal states:

> Pursuant to 28 U.S.C. § 1441, Defendants, Trek Bicycle Corporation, LTD., Electra Bicycle Company, Inc., Electra Bicycle Corporation, LLC, Trek Retail Corporation, and SRAM, LLC, by and through their counsel, Marshall Dennehey Warner Coleman & Goggin, respectfully petition for the removal of this action to the United States District Court for the Eastern District of Pennsylvania.  In support thereof, defendants aver as follows…

See Doc. 1, p. 1(emphasis added).  The Petition to Remove further concludes:

> WHEREFORE, petitioner, Trek Bicycle Corporation, LTD, Electra
> Bicycle Company, Inc., Electra Bicycle Corporation, LLC, Trek
> Retail Corporation <u>and SRAM, LLC, respectfully requests that the
> above-captioned action be removed to the United States District
> Court for the Eastern District of Pennsylvania.</u>

<u>Id.</u> (<u>emphasis added</u>).  The petition in signed by John C. Farrell, Esquire, identified in the

signature block as "Attorneys for Defendants, Trek Bicycle Corporation, LTD, Electra Bicycle

Company, Inc., Electra Bicycle Corporation, LLC, Trek Retail Corporation, and <u>SRAM, LLC</u>."

<u>Id.</u> (<u>emphasis added</u>). Clearly, the Petition was filed on behalf of SRAM, LLC and it clearly

evidenced SRAM, LLC's specific request for the matter to be removed to Federal Court.

Plaintiff's claim in their Motion to Remand to the contrary is without basis in fact or law and is

frivolous, patently untrue, and clearly meritless.

 Further highlighting the frivolity of plaintiff's assertions is the fact that Defendant,

SRAM, LLC, as of the time of filing the Petition to Remand, had not been properly joined and

served by plaintiffs and, therefore, its consent was not required. <u>Lewis v. Rego</u>¸ 757 F.2d 66, 68

(3d. Cir. 1985)(noting an exception to the rule of unanimity is that an out of state defendant need

not consent if it has not yet been served at the time the removal petition is filed). Pennsylvania

state rules permit service on defendant, SRAM, LLC, an out of state defendant, by mail as set

forth in Pa. R.C.P. 403.  Pa. R.C.P. 404(2).  Pa. R.C.P. 403 states "if a rule of civil procedure

authorizes original process to be served by mail, a copy of the process shall be mailed to the

defendant by any form of mail requiring a receipt signed by the defendant or her authorized

agent." Finally, Pa. R.C.P. 405 Return of Service requires:

> (c) Proof of service by mail under Rule 403 shall include a return
> receipt signed by the defendant, or, if the defendant has refused to
> accept mail service and the plaintiff thereafter has served the
> defendant by ordinary mail,
>
> (1) the returned letter with the notation that the defendant refused
> to accept delivery, and

(2) an affidavit that the letter was mailed by ordinary mail and was
not returned within fifteen days after mail.

Plaintiffs have not complied with any of these requirements and Defendants, SRAM, LLC were

not properly served as of the June 14, 2023 filing of the Petition for Removal. Pa. R.C.P. 403-

405; see also ANS Associates, Inc. v. Gotham Ins. Co., 42 A.3d 1074, 1076 (Pa. Super.

2012)(finding no evidence of proper service where Writ of Service did not evidence compliance

with Rule 403, specifically mail requiring receipt signed by the defendant or an agent). As such,

defendant, SRAM, LLC's consent was not technically required.  However, SRAM, LLC's

consent was clearly made, explicitly stated in both the introduction and WHEREFORE clauses

of the petition and is implied by the fact the petition was filed by SRAM, LLC's attorney on its

behalf.  Plaintiffs' argument is frivolous, without merit, and their Motion to Remand should be

denied.

C.  **Plaintiffs Should be Sanctioned Pursuant to F.R.C.P. Rule 11 for The
Frivolous and Patently Untrue Allegations Which Serve as the Basis of Their
Motion To Remand**

Plaintiffs' frivolous and meritless arguments in their Motion to Remand should subject

them to sanctions pursuant to Federal Rule of Civil Procedure Rule 11 for defendants' cost to

prepare the instant response. Rule 11, in relevant part, states:

(b) Representations to the Court. By presenting to the court a
pleading, written motion or other paper- whether by signing, filing,
submitting, or later advocating it- an attorney or unrepresented
party certified that to the best of the person's knowledge,
information, and belief, formed after an inquiry reasonable under
the circumstances:

(1) it is not being presented for any improper purpose, such as to
harass, cause unnecessary delay, or needlessly increase the cost of
litigation;

(2) the claims, defenses, and other legal contentions are warranted
by existing law or by a nonfrivolous argument for extending,
modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if
specifically so identified, will likely have evidentiary support after
a reasonable opportunity for further investigation or discovery

F.R.C.P. Rule 11(b)(1)-(3).  Rule 11 sanctions are warranted when a filing is "frivolous, legally

unreasonable, or without factual finding, even though the paper was not filed in subjective bad

faith."  Leib v. Topstone Industries, Inc., 788 F.2d 151, 157 (3d. Cir. 1986)(quoting Zaldivar v.

City of Los Angeles, 780 F.2d 823, 831 (9th Cir. 1986)). The test is one of objective

reasonableness, not subjective good faith. Id.  If "reasonable preparatory steps would have

avoided those consequences [additional delay or expense], sanctions are appropriate. 'There is no

room for a pure heart, empty head defense under Rule 11.'" Id. (quoting Schwarzer, Sanctions

Under the New Federal Rule 11- A Closer Look, 104 F.R.D. 181, 187 (1985)).

In Lundy v. Preston Trucking Co., 1988 WL 74879 (E.D. Pa. July 12, 1988), defendant

removed Plaintiff's Complaint on the basis of diversity jurisdiction, alleging defendant was a

citizen of Maryland.  Plaintiff's motion for remand claimed that defendant had "substantial ties"

to Pennsylvania, which the court read as plaintiff arguing that Defendant corporation was

actually a citizen of Pennsylvania.  First, the court denied the Motion to Remand because

defendant had properly alleged that it was a citizen of Maryland because the principal place of

business of its corporation was in Maryland. Defendant, however, further requested Sanctions

under Rule 11 because plaintiff had made clearly erroneous and misleading claims to the court in

its motion to remand.  Specifically, the plaintiff incorrectly alleged that defendant was served

with the Complaint on April 19, 1988, which was clearly erroneous as the Complaint itself was

not filed until June 1, 1988 and a Writ of Summons, filed on April 19, 1988 was not served until

May 3, 1988, at the earliest.  The Court, in granting sanctions for the cost of preparing and filing

a response to the Motion to Remand, held:

> In the case *sub judice*, the conduct of plaintiff's counsel in
> including in his motion to remand an allegation that the underlying
> complaint was served on defendant on June 1, 1988 [sic] when it
> should have been obvious to counsel that the complaint was not
> even filed until June 1, 2988 <u>was not only blatantly unreasonable
> and exceptional but indicative of bad faith or, at the very least
> negligence</u>. This conduct combined with the obvious lack of merit
> to plaintiffs' motion to remand compels us to order counsel to pay
> [for the cost of defendant to prepare and file its Response]…

<u>Lundy</u> 1988 WL 74879 at  2(<u>emphasis added</u>). Here, just as in <u>Lundy</u>, plaintiffs' claims that: (1)

defendants did not plead the citizenship of SRAM, LLC and; (2) SRAM, LLC did not consent to

the removal, when it filed the removal petition, and expressly requested removal, are patently

untrue and clearly meritless on their face.  There is no legal or factual basis for the claims in

Plaintiffs' Motion to Remand and, as such, Sanctions under Rule 11 are warranted and plaintiffs'

should be sanctioned the defendants' costs and fees in preparing and filing the instant Response

in Opposition to Plaintiff's Motion to Remand.

## III.   <u>CONCLUSION</u>

For the reasons stated herein, Defendants, Trek Bicycle Corporation, Ltd., Trek Retail

Corporation, Electra Bicycle Corporation, and SRAM, LLC respectfully request that Plaintiffs,

Mitchell and Lucy Fineman's Motion to Remand be denied.  Defendants further request

sanctions pursuant to Federal Rule of Civil Procedure Rule 11 be entered against plaintiffs for

the costs and fees associated with preparing defendants' Response in Opposition  to Plaintiffs'

Motion to Remand.

**MARSHALL DENNEHEY WARNER**
**COLEMAN AND GOGGIN**

BY: _____
John C. Farrell, Esquire
Identification No.:  52824
Elizabeth A. Underwood, Esquire

Identification No.:  93802
Stephen E. Purcell, Esquire
Identification No.:  326252
2000 Market Street, Suite 2300
Philadelphia, PA 19103
215-575-2600
jcfarrell@mdwcg.com;eaunderwood@mdw
cg.com;sepurcell@mdwcg.com

**IN THE UNITED STATES DISTRICT COURT FOR**
**THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Mitchell S. Fineman, M.D. and Lucy Q. Fineman, h/w | : Civil Action No.  2:23-cv-02272 |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : |
| | : |
| Trek Bicycle Corporation, Ltd., Electra Bicycle Company, Inc., Electra Bicycle Corporation, LLC, Trek Retail Corporation (d/b/a Trek Bicycle Philadelphia Manayunk), Beacon Stores, Inc., (d/b/a Beacon Cycling and/or Beacon Cycling & Fitness), Mitchell Rovins and Susanna Rovins (d/b/a Beacon Stores, Inc. (d/b/a Beacon Cycling and/or Beacon Cycling & Fitness), SRAM, LLC, John Doe(s) and Jane Doe(s), ABC Corporation and DEF, LLC, and Heng Ying Machinery Co., Ltd., | : |
| | : |
| Defendants. | : |

**CERTIFICATE OF SERVICE**

I, Elizabeth A. Underwood, Esquire, hereby certify that on this date a true and correct copy of the foregoing Response in Opposition of Defendants, Trek Bicycle Corporation, LTD, Trek Retail Corporation, Electra Bicycle Corporation and SRAM, LLC to the Motion to Remand of Plaintiffs, Mitchell and Lucy Fineman and Cross Motion for Sanctions was served on all counsel of record via electronic court notification.

MARSHALL DENNEHEY WARNER COLEMAN
AND GOGGIN

BY: _____
Elizabeth A. Underwood, Esquire

Date:  7/21/2023

# EXHIBIT 1

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Mitchell S. Fineman, M.D. & Lucy Q. Fineman, h/w

### DEFENDANTS

Trek Bicycle Corporation, LTD, Electra Bicycle Company, Inc., Trek Retail Corporation, SRAM, LLC

**(b)** County of Residence of First Listed Plaintiff    Montgomery County
     *(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Jefferson
     *(IN U.S. PLAINTIFF CASES ONLY)*
     NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Marc H. Perry, Esquire
Post & Schell
13th Floor, Four Penn Center, 1600 John F. Kennedy

Attorneys *(If Known)*

John C. Farrell, Elizabeth A. Underwood
Marshall Dennehey Warner Coleman and Goggin
2000 Market Street, Suite 2300

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*         and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☒ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 367 Health Care/ Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1441

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 6/12/2023 | *John C. Farrell* |

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

# EXHIBIT 2

| | |
|---|---|
| Mitchell S. Fineman, M.D. and Lucy Q. Fineman, h/w | : IN THE COURT OF COMMON PLEAS<br>: OF PHILADELPHIA COUNTY |
| Plaintiffs, | :<br>: No.: 230600934 |
| v. | :<br>: |
| Trek Bicycle Corporation, Ltd., Electra Bicycle Company, Inc., Electra Bicycle Corporation, LLC, Trek Retail Corporation (d/b/a Trek Bicycle Philadelphia Manayunk), Beacon Stores, Inc., (d/b/a Beacon Cycling and/or Beacon Cycling & Fitness), Mitchell Rovins and Susanna Rovins (d/b/a Beacon Stores, Inc. (d/b/a Beacon Cycling and/or Beacon Cycling & Fitness), SRAM, LLC, John Doe(s) and Jane Doe(s), ABC Corporation and DEF, LLC, and Heng Ying Machinery Co., Ltd., | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |
| Defendants. | :<br>: |

## Affidavit of Dan Powers

1.  I am familiar with the corporate structure of SRAM, LLC.

2.  SRAM, LLC is a limited liability company 100% owned by member SRAM Holdings, LLC.

3.  SRAM Holdings, LLC, is a limited liability company with two members, SRAM-SP2, Inc. and SRAM International Holdings, Inc.

4.  SRAM-SP2, Inc. is a citizen of the states of Delaware and Illinois.

5.  SRAM-SP2, Inc. is a Delaware Corporation with a principal place of business located at 1000 West Fulton Market, 4th Floor, Chicago, Il 60607.

6.  SRAM International Holdings, Inc. is a citizen of the states of Delaware and Illinois.

7.   SRAM International Holdings, Inc. is a Delaware Corporation with a principal place of business located at 1000 West Fulton Market, 4th Floor, Chicago, IL 60607.

8.   Finally, as counsel for SRAM filed the Petition for Removal on its behalf, SRAM clearly consents to the removal of this case to Federal Court.

_Dan Powers_
Dan Powers

Sworn to and subscribed before me

this 14th day of July, 2023

Notary

OFFICIAL SEAL
MARIA E. ADAMS
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires 2/26/2026