**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MITCHELL S. FINEMAN, M.D. and LUCY Q. FINEMAN, h/w<br><br>       Plaintiffs,<br><br>       v.<br><br>TREK BICYCLE CORPORATION, LTD., ELECTRA BICYCLE COMPANY, INC., ELECTRA BICYCLE CORPORATION, LLC, TREK RETAIL CORPORATION (d/b/a Trek Bicycle Philadelphia Manayunk), BEACON STORES, INC. (d/b/a Beacon Cycling and/or Beacon Cycling & Fitness), MITCHELL ROVINS and SUSANNA ROVINS (d/b/a Beacon Stores, Inc. (d/b/a Beacon Cycling and/or Beacon Cycling & Fitness), SRAM, LLC, JOHN DOE(S) and JANE DOE(S), ABC CORPORATION and DEF, LLC, HENG YING MACHINERY CO., LTD.<br><br>       Defendants. | NO: 2:23-CV-02272-JFM |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT, HENG YING MACHINERY CO. LTD'S, MOTION TO DISMISS**

Plaintiffs, Mitchell S. Fineman, M.D. and Lucy Q. Fineman, oppose the instant Motion to Dismiss [ECF 23] and state as follows:

**I.      FACTUAL STATEMENT**

This civil action involves a defective, recalled, bicycle product designed, manufactured, assembled and/or distributed by the Defendant, Heng Yin Machinery Co., Ltd. ("HYM"), which resulted in a crash and serious injuries to Dr. Fineman and his wife. [ECF 1]  Those facts, and many others set forth *infra*, are deemed admitted for purposes of this Motion to Dismiss.

## II.     PROCEDURAL STATUS

Plaintiffs filed their civil action Complaint on June 9, 2023 in the Court of Common Pleas of Philadelphia County. [ECF 1, ¶1]  Moving defendant, HYM was properly served on June 12, 2023. [ECF 6]. Some of the other named defendants thereafter improperly filed a Petition for Removal with this Court days later on June 14, 2023. [ECF 1].[1] The Petition for Removal was fundamentally defective for lack of proof of diversity of citizenship and/or lack of unanimity depriving this Court with subject matter jurisdiction and requiring remand by statute. 28 U.S.C. § 1447(c).   A Motion for Remand [ECF 7 & 12] is presently pending before this Court.

## III .   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(2) requires a court to dismiss a case when it lacks personal jurisdiction over a defendant. Fed.R.Civ.P. 12(b)(2). A court must analyze jurisdictional contacts on a claim-by-claim basis. Miller Yacht Sales, Inc. v. Smith, 384  F.3d 93, 104 (3d Cir. 2004). A defendant bears the initial burden of raising personal jurisdiction as a defense. See Fed.R.Civ.P. 12(h)(1). If a defendant properly raises that defense, the burden shifts to a plaintiff to establish personal jurisdiction. O'Connor v. Sandy Lane Hotel Co., Ltd., 496 F.3d 312, 316 (3d Cir. 2007). If there is no evidentiary hearing, a plaintiff need only demonstrate a *prima facie* case by furnishing facts that establish with reasonable particularity that personal jurisdiction exists. Metcalfe v.  Renaissance Marine, Inc., 566 F.3d 324, 330 (3d Cir. 2009); Provident Nat'l Bank v. Cal. Fed. Say. &  Loan Ass'n, 819 F.2d 434, 437 (3d Cir. 1987). If a court holds an evidentiary hearing, the standard of proof elevates to a preponderance of the evidence standard.

---

[1]       Note that HYM did not join in such Petition for Removal even though it was already served.  See Motion for Remand [ECF 7 & 12].

LaRose v. Sponco Mfg., Inc., 712 F. Supp. 455 (D.N.J. 1989); see also Hufnagel v. Ciamacco, 281 F.R.D. 238, 244 (W.D. Pa. 2012) (citing cases).

All allegations made by a plaintiff are accepted as true and all disputed facts are construed in a plaintiff's favor. D'Jamoos v. Pilatus Aircraft Ltd., 566 F.3d 94, 102 (3d Cir. 2009); Carteret Say. Bank, FA v. Shushan, 954 F.2d 141, 142 & n.1 (3d Cir. 1992). To that end, any conflicts between the evidence submitted by a plaintiff and a defendant are construed in a plaintiff's favor. In re Enter. Rent-A-Car Wage & Hour Employment Practices Litig., 735 F. Supp. 2d 277, 307 (W.D. Pa. 2010). "A Rule 12(b)(2) motion ... is inherently a matter which requires resolution of factual issues outside the pleadings, i.e. whether in personam jurisdiction actually lies." Piano Wellness, LLC v. Williams, 2011 U.S. Dist. LEXIS 146654 at *2 fn 2 (D.N.J. Dec. 21, 2011). When a plaintiff meets his burden, then the burden shifts back to a defendant to present a compelling case that personal jurisdiction is unreasonable. Carteret Say. Bank, FA v. Shushan, 954 F.2d 141, 142 & n.1 (3d Cir. 1992). Finally, a court can order jurisdictional discovery to ameliorate the jurisdictional inquiry. Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 456 (3d Cir. 2003).

### IV.   LEGAL ARGUMENTS

#### A.   This Court Lacks Subject Matter Jurisdiction To Adjudicate HYM's Motion to Dismiss

As properly presented, and legally supported, this Court lacks subject matter jurisdiction over this civil action due to defects in its attempted removal. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. §1447(c).  See Motion for Remand [ECF 7], incorporated herein by

3

reference. Therefore, this Court respectfully lacks jurisdiction to adjudicate the instant Motion to Dismiss by HYM.[2]

Plaintiffs respectfully demand the Motion to Dismiss be denied as moot.

**B.     The Proper Record Before This Court Indeed Establishes Jurisdiction**

1.     HYM Avoids The Standard of Review

HYM somehow avoids the standard of review by this Court.  All allegations made by a plaintiff are accepted as true and all disputed facts are construed in a plaintiff's favor. D'Jamoos v. Pilatus Aircraft Ltd., 566 F.3d 94, 102 (3d Cir. 2009); Carteret Say.  Bank, FA v. Shushan, 954 F.2d 141, 142 & n.1 (3d Cir. 1992).  HYM concedes the existence of the allegations in the Complaint that HYM "regularly and systematically conduct[s] business in the United States of America, including the County of Philadelphia", see [ECF 23 Memorandum of Law @ p. 6]. Plaintiffs have met their *prima facie* burden.

Moreover, the defective silver Electra® bicycle was recalled in the United States of America on February 21, 2019, under Consumer Product Safety Commission ("CPSC") Recall No.19-069. See Complaint ¶51 [ECF 1].  That CPSC Recall Notice specifically identifies HYM as the supplier of the defective bicycle component:

---

[2]     HYM even acknowledges the road-trip back to the Court of Common Pleas of Philadelphia County.  See Memorandum of Law @ fn 2 [ECF 23]("HYM reserves its right to challenge service under the Pennsylvania Rules of Civil Procedure in the event this matter if remanded to state court.").



## SRAM Recalls Bicycle Gear Hubs Due to Crash and Injury Hazards

Description: This recall involves SRAM® i-Motion 3 three-speed internal gear hubs with a coaster brake installed on bicycles with no redundant braking system. The recalled hubs were sold on the following Electra® model bicycles: Electra Cruiser Custom 3i, Electra Coaster 3i, Electra Hawaii 3i, Electra Hawaii 3i 24 and Electra Straight 8. The recalled hubs were also sold as aftermarket parts for other bicycles. The recalled hubs have "SRAM i-Motion 3" printed on the hub shell and a brake arm extending from the axle of the hub.

Remedy:  Consumers should immediately stop using bicycles with the recalled gear hubs and contact SRAM for instructions on how to receive a partial refund.

Incidents/Injuries:  SRAM has received five reports of brake failure, resulting in one minor injury to a rider.

Sold At:  Specialty bicycle retailers nationwide from April 2010 through December 2018 for between $400 and $800

for Electra bicycles equipped with the recalled hubs and for about $90 for the recalled aftermarket gear hubs

Manufacturer(s):  Heng Ying Machinery Co., Ltd. of Taoyuan City, Taiwan

Distributor(s): SRAM LLC, of Chicago, Ill.

Manufactured In: Taiwan

Recall number: 19-069



See https://www.cpsc.gov/Recalls/2019/SRAM-Recalls-Bicycle-Gear-Hubs-Due-to-Crash-and-Injury-Hazards, last accessed on August 24, 2023).  See also Complaint ¶52 (emphasis added) [ECF 1]. Frankly, if HYM is subject to the jurisdiction of the U.S. Consumer Product Safety Commission for purposes of a consumer product recall launch, then that should suffice this Court on any question(s) of *prima facie* general or specific jurisdiction! HYM has failed in its burden to contravene these undisputed allegations and facts. See *infra*.

2. <u>HYM Failed In Its Burden</u>

HYM's legal arguments are premised upon a single item – the so-called "Declaration" of Mu-Jing Chang. <u>See</u> <u>Declaration</u> [ECF 23-3]. The "Declaration" claims to be, but is not sworn at all. The subject unsworn "Declaration" is not even taken under the penalty of perjury! It simply fails to comport with the requirements of 28 <u>U.S.C.</u> §1746.³ It thus has "zero" evidentiary basis and must be excluded from this Court's consideration. As a result, HYM has failed in its burden to challenge the jurisdictional allegations of the Complaint.

3. <u>Note Even The Carefully Worded "Declaration"</u>

This Court must take note of the sharp crafting of the "fill-in-the-blank" form even used as the unsworn "Declaration" in this matter. HYM did not "directly market" any products into Pennsylvania. <u>See</u> <u>Declaration</u> ¶10. [ECF 23-3]. No representative of HYM has travelled to Pennsylvania "because of the subject Lawsuit." <u>See</u> <u>Declaration</u> ¶22. [ECF 23-3]. HYM has not shipped product "directly" to any consumer in Pennsylvania. <u>See</u> <u>Declaration</u> ¶23. [ECF 23-3]. HYM does not design its products "specifically for the Pennsylvania market." <u>See</u> <u>Declaration</u> ¶24. [ECF 23-3]. Amazingly, HYM suggests it just has "no knowledge" that its bicycle products would end up in the United States, let alone Pennsylvania (but interestingly no mention of New Jersey where this bike product was sold and injured!)! <u>See</u> <u>Declaration</u> ¶29. [ECF 23-3].

Moreover, note how the product recall itself is nowhere mentioned, the communications HYM had with the U.S. Consumer Product Safety Commission, HYM's recall file remains

---

³ 28 <u>U.S.C.</u> §1746(1) clearly states: "If executed without the United States: 'I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date).'" That statutory language is simply not contained in the so-called "Declaration" of Mu-Jing Chang. <u>See</u> <u>Declaration</u> [ECF 23-3].

unproduced, the conceded contractual/purchase order documents between SRAM and HYM have not been attached for scrutiny, no sales or shipment documentation to support the pure verbiage claims of the unsworn "Declaration," no information about the product defect (its design, manufacturing or assembly), no information about the involvement of HYM in the product recall issued by the U.S. Consumer Product Safety Commission here in the United States specifically naming HYM, what indemnification deal(s) have been made with the other down-stream co-defendants to avoid having to defend its admittedly defective product by itself, and what contacts does Heng Tong Co., Ltd. have with this forum (see [ECF 10, p. 13 of 13] ("Gibson" E-Mail from www.hengtong.com.tw), *etc.* [4]

    4.  Mellor v. ADK Technology, Ltd.

Although admittedly not legally binding in any fashion, the San Diego Superior Court decision in Mellor v. ADK Technology, Ltd., 2018 Cal. Super. LEXIS 106853 (Cal. Superior Ct. Sept. 18, 2018)(review denied)(attached) in on all fours with this matter.

In Meller, a Taiwanese bike company, lost its motion to dismiss for alleged lack of personal jurisdiction. Like in this civil action, the bike product was defective, it was recalled by the U.S. Product Safety Commission, and the plaintiff (and other riders) suffered serious personal injuries. The Court denied the jurisdictional challenge and allowed the civil action to proceed so that Chinese companies who cause injury by their defective and dangerous bike products can be held to respond to litigation and be held accountable in American courts. Analogous to this matter, the Taiwanese bike company herein purposely availed its activities to

---

[4]  HYM was also served with Interrogatories and a Request for Production of Documents on June 12, 2023 and has yet to respond to any discovery in this civil action. Its failure to timely respond to discovery could have answered many of the suggested unsworn disputed factual issues presented by this Motion to Dismiss. HYM cannot be permitted to hide behind its non-responses to the detriment and prejudice of Plaintiffs.

residents of Pennsylvania and New Jersey, resulting in injury to Pennsylvania citizens, and asserting personal jurisdiction here would comport with "fair play and substantial justice," HYM admits it has an ongoing relationship with SRAM, LLC (a citizen of Illinois), and that SRAM, LLC carries and distributes bike product components manufactured and assembled by HYM. "Additionally, modern methods of communication such as telephone, email, etc. and transportation have made the defense of a lawsuit in a forum state less burdensome." *Id.* Accord Southco, Inc. v. Fivetech Tech., Inc., 2011 U.S. Dist. LEXIS 1982 (E.D. Pa., Jan. 10, 2011)(*citing* Asahi Metal Indus., Co., Ltd., 480 U.S. 102 (1987) and Beverly Hills Fan CO. v. Royal Sovereign Corp., 21 F.3d 1558 (Fed. Cir. 1994)("stream of commerce" afforded jurisdiction of this Court over a Taiwanese company).

This case involves more than a one-time transaction in a foreign land. Instead, Plaintiffs contend herein that HYM placed its defective bicycle component into the stream of commerce, acting in consort with its established distributor (SRAM) as part of its regular business, it knew its bicycle component products would be incorporated into SRAM products, and with full knowledge that those products would be sold in the United States. HYM's active participation in supplying the accused product thus constitutes purposeful availment. Jurisdiction in this forum is not random, fortuitous or attenuated. This Court's exercise of jurisdiction would not be constitutionally unreasonable.

     5.     Jurisdiction Is Also Founded In Fed.R.Civ.P. 4(k)(2)

Nevertheless, the Complaint in this civil action clearly sets forth at least two (2) causes of action premised on HYM's failure to comply with federal law, *i.e.* Count X (Magnuson-Moss Warranty Act, 15 U.S.C. §3201, *et seq.*) and Count XIII (Consumer Product Safety Act, 15 U.S.C. §2015 *et seq*). [ECF 1]. For a court to exercise personal jurisdiction over a defendant

under Rule 4(k)(2), only the following requirements must be met: "the plaintiff's claim must arise under federal law, the defendant must not be subject to jurisdiction in any state's court of general jurisdiction, and exercise of jurisdiction must comport with due process." Touchcom, Inc. v. Bereskin & Parr, 574 F.3d 1403, 1412 (Fed. Cir. 2009). Accord Southco, Inc. v. Fivetech Tech., Inc., 2011 U.S. Dist. LEXIS 1982 (E.D. Pa., Jan. 10, 2011)(Motion to Dismiss denied under Rule 4(k)(2))("In contrast, the plaintiff argues that the defendant has purposefully availed itself of the United States by placing its screws into the stream of commerce. It argues that the defendant sells its screws to Inventec with the expectation that they will be incorporated into servers and sold in the United States, in view of HP's large market share in the United States. The plaintiff argues that not only does the defendant expect its screws to end up in the forum, but it has taken active steps to avail itself of the forum, such as directly selling its 46 Series screws to SRI. According to the plaintiff, this Court has jurisdiction based on the 'stream of commerce' theory.").

      Herein, Plaintiffs advance a duo of claims arising under federal law, the form unsworn "Declaration" apparently takes the position it is not subject to the jurisdiction of any state within the United States,[5] but here the exercise of personal jurisdiction comports with the notions of due process. HGY knowingly supplied SRAM with bicycle brake components/hubs to be final assembled into bicycle products headed for the United States of America. HYM's defective, recalled, product caused injury to multiple citizens of the States. HYM must be required to stand and defend its manufacturing and assembly process, the design of its defective

---

     [5]    "[I]f the defendant contends that he cannot be sued in the forum state and refuses to identify any other where suit is possible, then the federal court is entitled to use Rule 4(k)(2)." Touchcom, *supra*. at 1415.

brake hub, and this Court has the power to exercise jurisdiction over HYM pursuant to Rule 4(k)(2) to ensure that they do appear and defend.

While Plaintiffs contend this record is procedurally ripe for a *prima facie* determination of personal jurisdiction and a denial of the Motion to Dismiss *in toto*, if this Court disagrees then jurisdictional discovery must proceed.[6]

### C. Service of Complaint Was Proper Upon HYM

Significant to the proper service of HYM is that this was (and still is properly) a state court civil action. Commenced in the Court of Common Pleas of Philadelphia County, it is undisputed that HYM was timely served with the Compliant by FedEx **on June 12, 2023**, upon an admitted employee of HYM, at its conceded place of business. See [ECF 6](signed for by "receptionist/front desk"). See also [ECF 23-3].[7] Thus, HYM was properly served while this matter was still pending in state court. See Jordon v SEPTA, 708 A.2d 150 (Commw. Ct. 1988)(service upon foreign corporation by mail proper service); Sandoval v. Honda Motor Co., 527 A.2d 564 (Pa. Super. 1987)(service upon foreign corporation by mail proper service). The subsequent defective removal by other named defendants has no import on the service of

---

[6] It is noted that the instant Motion to Dismiss seeks to also dismiss all potential cross-claims by every other named co-defendant. Each named co-defendant is entitled to discovery as well to support their potential cross-claim(s) for common law or contractual indemnity and contribution. That is, unless their counsel are willing to forego such claims and have their clients assume all liability and damages going forward for the recalled, admittedly defective product? This we shall see.

[7] Separately, FedEx, DHL and other commercial mail couriers have been recognized as permissible postal channels. See *e.g.* Tracfone Wireless, Inc. v. Unlimited PCS Inc., 279 F.R.D. 626, 631 (S.D. FL 2012)(FedEx); Tracfone Wireless, Inc. v Sunstrike Int'l Ltd., 273 F.R.D. 697, 699 (S.D. FL 2011)(FedEx); R. Griggs Grp. Ltd. v. Filanto Spa, 920 F. Supp. 110, 1106-08 (D. Nev. 1996)(FedEx); Wong v. Partygaming Ltd., 2008 U.S. Dist. LEXIS 37039 (N.D. Ohio 2008)(DHL). The safeguards of in-transit tracking, delivery confirmation and proof of mailing all support FedEx as a permissible postal channel for service of process.

11

HYM.[8]   HYM's entire "Argument B" is, therefore, void and inapposite to the procedural record before this Court.

Plaintiffs respectfully demand also that the Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(5) on service be denied as erroneous.

### D. If There Are Any Service Deficiencies Leave For Alternative Service Is The Proper Course

Plaintiffs contend that the Complaint, as served, met the requirements of the Pennsylvania Rules of Civil Procedure before this matter was improperly removed to this Court. See Jordon v SEPTA, 708 A.2d 150 (Pa. Commw. 1988); Sandoval v. Honda Motor Co., 527 A.2d 564 (Pa. Super. 1987). Moreover, both state and federal constitutional notions of "notice" and "opportunity to respond" have clearly already been afforded HYM. HYM concedes by the moving papers to have actually received the Complaint, to have read the Complaint, and to have hired defense counsel in the United States (in fact it hired very good defense counsel right here in Philadelphia, Pennsylvania!). HYM stands ready to defend its defectively designed, manufactured or assembled bicycle product which has now injured several, and which was recalled as defective through the U.S. Consumer Product Safety Commission. See Complaint @ ¶¶51-52. [ECF 1]. If this Court has any question about the service upon HYM, then leave to again serve by alternative service (like current defense counsel)[9] is requested.

---

[8]   Note also that none of the other named defendants have objected to the proper service of process upon each of them.

[9]   See Nader Turiu v. Aldossari Ripp, 2021 U.S. Dist. LEXIS 13684 (E.D. Pa. Jan. 26, 2021)(and cases collected therein) which demonstrates this Court's ability to allow for alternative service upon defense counsel under Fed.R.Civ.P. 4(f)(3).

**WHEREFORE**, Plaintiffs, Mitchell S. Fineman, M.D. and Lucy Q. Fineman, respectfully demand that this Court enter an Order remanding this civil action back to the Court of Common Pleas of Philadelphia County, Pennsylvania (and award costs and expenses), pursuant to 28 U.S.C. § 1447(c), or in the alternative, deny this instant HYM Motion to Dismiss *in toto*.

    Respectfully submitted,

    **POST & SCHELL, P.C.**

Dated: August 30, 2023

By: _/s/ Marc H. Perry_
Marc H. Perry, Esquire
PA. I.D. No. 68610
Four Penn Center, 13th Floor
1600 John F. Kennedy Boulevard
Philadelphia, Pennsylvania 19103
(215) 587-1000
mperry@postschell.com

Attorneys for Plaintiffs

## **CERTIFICATION**

I do hereby certify that service of a true and correct copy of the foregoing was electronically filed via the ECF System and has likewise been served by ECF this date.

Dated: August 30, 2023                                **POST & SCHELL, P.C.**

By: _____
Marc H. Perry
Attorneys for Plaintiffs

<u>Mellor v. ADK Technology, Ltd.</u>,

2018 Cal. Super. LEXIS 106853
(Cal. Superior Ct. Sept. 18, 2018)

 Neutral
As of: August 24, 2023 9:02 PM Z

# *Mellor v. Adk Tech.*

Superior Court of California, County of San Diego

September 21, 2018, Decided

CASE NO: 37-2018-00028074-CU-PO-CTL

**Reporter**
2018 Cal. Super. LEXIS 106853 *

*Mellor* v. *ADK* Technology Ltd [IMAGED]

## Core Terms

substantial justice, fair play, residents, personal jurisdiction, tentative ruling, oral argument, manufactured, purposefully, burdensome, availed, comport

**Counsel:** [*1] For Plaintiff(s): Matthew A Pare.

For Defendant: Robert W Harrison.

For Defendant: Mengfa Sports Science and Technology Co Ltd.

**Judges:** Richard E. L. Strauss, JUDICIAL OFFICER PRESIDING.

**Opinion by:** Richard E. L. Strauss

## Opinion

**MINUTE ORDER**

This being the time set for oral argument on the above entitled motion(s), the Court issued its tentative ruling on 09/20/2018,

The Court hears oral argument and CONFIRMS the tentative ruling as follows:

Defendant ADK Technology Limited's Motion to Quash Service is denied.

Specific jurisdiction is satisfied if: (1) the defendant has "purposefully availed" his activities at residents of the forum, *Burger King Corp. v. Rudzewicz (1985) 471 U.S. 462, 472*; (2) the litigation results from alleged injuries that "arise out of or relate to" those activities, *Id.*; and (3) the assertion of personal jurisdiction would comport with "fair play and substantial justice." *International Shoe Co. v. Washington (1945) 326 U.S. 310, 320*. Looking at "fair play and substantial justice," the courts may evaluate: (1) the burden on the defendant; (2) forum state's interest in adjudicating the dispute; (3) plaintiff's interest in obtaining relief; (4) interstate judicial system's interest; and (5) shared interest of the several states in furthering social policies. *World-Wide Volkswagen Corp. v. Woodson (1980) 444 U.S. 286, 292*.

Specific jurisdiction is satisfied because Defendant ADK [*2] purposefully availed its activities to residents of California, the litigation resulted from injuries arising out of or relating to those activities, and asserting personal jurisdiction would comport with "fair play and substantial justice." Felt Bicycles is located in California, and Defendant ADK has an ongoing relationship with Felt Bicycles. (Decl. of Attorney Matthew A. Pare, ¶9-10.) Felt Bicycles carries products manufactured by ADK. (Decl. of Attorney Matthew A. Pare, ¶4.) Plaintiff Mellor claims he was harmed by using the product manufactured by ADK. Defendant ADK argues it would be burdensome to appear in California, however, ADK has an attorney in California. (Decl of Attorney Matthew A. Pare, ¶8.) Additionally, modern methods of communication such as telephone, email, etc. and transportation have made the defense of a lawsuit in a forum state less burdensome. Plaintiff Mellor is a California resident and the incident occurred in California. California has an interest in obtaining relief for its citizens.

Therefore, the motion to quash is denied.

Defendant shall file a responsive pleading on or before October 5, 2018.

IT IS SO ORDERED:

/s/ Richard E. L. Strauss

Judge Richard E. [*3] L. Strauss

---

**End of Document**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MITCHELL S. FINEMAN, M.D. and LUCY Q. FINEMAN, h/w<br><br>Plaintiffs,<br><br>v.<br><br>TREK BICYCLE CORPORATION, LTD., ELECTRA BICYCLE COMPANY, INC., ELECTRA BICYCLE CORPORATION, LLC, TREK RETAIL CORPORATION (d/b/a Trek Bicycle Philadelphia Manayunk), BEACON STORES, INC. (d/b/a Beacon Cycling and/or Beacon Cycling & Fitness), MITCHELL ROVINS and SUSANNA ROVINS (d/b/a Beacon Stores, Inc. (d/b/a Beacon Cycling and/or Beacon Cycling & Fitness), SRAM, LLC, JOHN DOE(S) and JANE DOE(S), ABC CORPORATION and DEF, LLC, HENG YING MACHINERY CO., LTD.<br><br>Defendants. | NO: 2:23-CV-02272-JFM |

## ORDER

**AND NOW**, this _____ day of _____, 2023, upon consideration of the Motion to Dismiss by Defendant, Heng Ying Machinery Co., Ltd. [ECF 23], and the opposition thereto by Plaintiffs, it is hereby **ORDERED** that said Motion is **DENIED AS MOOT.** This civil action is being **REMANDED** back to the Court of Common Pleas of Philadelphia County. 28 U.S.C. §1447(c).

**BY THE COURT:**

_____
, J.

Copies to all parties via ECF

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MITCHELL S. FINEMAN, M.D. and LUCY Q. FINEMAN, h/w<br><br>Plaintiffs,<br><br>v.<br><br>TREK BICYCLE CORPORATION, LTD., ELECTRA BICYCLE COMPANY, INC., ELECTRA BICYCLE CORPORATION, LLC, TREK RETAIL CORPORATION (d/b/a Trek Bicycle Philadelphia Manayunk), BEACON STORES, INC. (d/b/a Beacon Cycling and/or Beacon Cycling & Fitness), MITCHELL ROVINS and SUSANNA ROVINS (d/b/a Beacon Stores, Inc. (d/b/a Beacon Cycling and/or Beacon Cycling & Fitness), SRAM, LLC, JOHN DOE(S) and JANE DOE(S), ABC CORPORATION and DEF, LLC, HENG YING MACHINERY CO., LTD.<br><br>Defendants. | NO: 2:23-CV-02272-JFM |

**ORDER**

**AND NOW**, this _____ day of _____, 2023, upon consideration of the Motion to Dismiss by Defendant, Heng Ying Machinery Co., Ltd. [ECF 23], and the opposition thereto by Plaintiffs, it is hereby **ORDERED** that said Motion is **DENIED.**

**BY THE COURT:**

_____
, J.

Copies to all parties via ECF