IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MITCHELL S. FINEMAN, M.D. and<br>LUCY Q. FINEMAN, h/w,<br><br>        Plaintiffs,<br>    v.<br><br>TREK BICYCLE CORPORATION, LTD.,<br>ELECTRA BICYCLE COMPANY, INC.,<br>ELECTRA BICYCLE CORPORATION,<br>LLC, TREK RETAIL CORPORATION,<br>(d/b/a Trek Bicycle Philadelphia Manayunk),<br>BEACON STORES, INC., (d/b/a Beacon<br>Cycling and/or Beacon Cycling & Fitness),<br>MITCHELL ROVINS and SUSANNA<br>ROVINS (d/b/a Beacon Stores Cycling<br>and/or Beacon Cycling & Fitness), SRAM,<br>LLC, JOHN DOE(S) and JANE DOE(S),<br>ABC CORPORATION and DEF, LLC, and<br>HENG YING MACHINERY CO., LTD.,<br><br>        Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | CIVIL ACTION NO. 2:23-cv-02272 |

## ORDER

**AND NOW**, this _____ day of _____, 2023, upon consideration of

Defendants Beacon Stores, Inc., Mitchell Rovins and Susanna Rovins' Motion to Dismiss

All Claims and Cross Claims for Lack of Personal Jurisdiction, and any responses thereto,

it is hereby **ORDERED** and **DECREED** that the Motion is **GRANTED**. All claims and

cross claims asserted against Beacon Stores, Inc., Mitchell Rovins and Susanna Rovins are

hereby **DISMISSED WITH PREJUDICE**.

**BY THE COURT:**

_____
The Honorable John F. Murphy
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MITCHELL S. FINEMAN, M.D. and LUCY Q. FINEMAN, h/w,<br><br>         Plaintiffs,<br>    v.<br><br>TREK BICYCLE CORPORATION, LTD., ELECTRA BICYCLE COMPANY, INC., ELECTRA BICYCLE CORPORATION, LLC, TREK RETAIL CORPORATION, (d/b/a Trek Bicycle Philadelphia Manayunk), BEACON STORES, INC., (d/b/a Beacon Cycling and/or Beacon Cycling & Fitness), MITCHELL ROVINS and SUSANNA ROVINS (d/b/a Beacon Stores Cycling and/or Beacon Cycling & Fitness), SRAM, LLC, JOHN DOE(S) and JANE DOE(S), ABC CORPORATION and DEF, LLC, and HENG YING MACHINERY CO., LTD.,<br><br>         Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION NO. 2:23-cv-02272 |

**MOTION OF DEFENDANTS BEACON STORES, INC., MITCHELL ROVINS AND SUSANNA ROVINS TO DISMISS ALL CLAIMS AND CROSS CLAIMS FOR LACK OF PERSONAL JURISDICTION**

Defendants Beacon Stores, Inc., Mitchell Rovins and Susanna Rovins, by and through their attorney at Law Offices of Jerry S. Eisenberg, hereby move pursuant to Fed. R. Civ. P 12(b)(2) to dismiss any and all claims and cross claims for lack of personal jurisdiction. The grounds for this motion are set forth in the accompanying Memorandum of Law, which is incorporated as though fully set forth herein at length.

Respectfully submitted,

LAW OFFICES OF JERRY S. EISENBERG

_____

Brian G. Welsh, Esquire
Attorney ID No. 90957
Attorney for Defendant,
Beacon Stores, Inc. (d/b/a Beacon Cycling and/or Beacon
Cycling & Fitness), Mitchell Rovins and Susanna Rovins
309 Fellowship Road, Suite 330
Mount Laurel, NJ  08054
856-778-3211; Brian.Welsh@Selective.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MITCHELL S. FINEMAN, M.D. and LUCY Q. FINEMAN, h/w,<br><br>Plaintiffs,<br>v.<br><br>TREK BICYCLE CORPORATION, LTD., ELECTRA BICYCLE COMPANY, INC., ELECTRA BICYCLE CORPORATION, LLC, TREK RETAIL CORPORATION, (d/b/a Trek Bicycle Philadelphia Manayunk), BEACON STORES, INC., (d/b/a Beacon Cycling and/or Beacon Cycling & Fitness), MITCHELL ROVINS and SUSANNA ROVINS (d/b/a Beacon Stores Cycling and/or Beacon Cycling & Fitness), SRAM, LLC, JOHN DOE(S) and JANE DOE(S), ABC CORPORATION and DEF, LLC, and HENG YING MACHINERY CO., LTD.,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION NO. 2:23-cv-02272 |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF DEFENDANTS BEACON STORES, INC., MITCHELL ROVINS AND SUSANNA ROVINS TO DISMISS ALL CLAIMS AND CROSS CLAIMS FOR LACK OF PERSONAL JURISDICTION**

Plaintiffs purport to bring claims against Beacon Stores, Inc., Mitchell Rovins and Susanna Rovins (hereinafter "Moving Defendants") for the alleged defective manufacture of component parts used in an Electra Coaster 3 bicycle they purchased. Moving Defendants have no connections to Pennsylvania and cannot be subjected to general or specific jurisdiction here. As this Court does not have jurisdiction over Moving Defendants, Plaintiffs' claims against Moving Defendants must be dismissed.

## I.    PROCEDURAL HISTORY AND FACTS

This case arises out of an alleged bicycle accident involving an Electra Coaster 3 bicycle (the "subject bicycle") allegedly owned and ridden by Plaintiffs. A copy of Plaintiffs' Complaint is attached as Exhibit A. On or about June 18, 2021, Plaintiff Mitchell S. Fineman was allegedly riding the subject bicycle when it allegedly failed to brake. *See* Exhibit A, ¶¶ 34-39. He allegedly sustained personal injury arising out of the incident. *See* Exhibit A, ¶¶ 80-120. Plaintiffs allege that a defect in the subject bicycle's braking system caused the accident. *See* Exhibit A, ¶¶ 40-46.

On or about June 9, 2023, Plaintiffs filed a Complaint in the Pennsylvania Court of Common Pleas of Philadelphia County. *See* Exhibit A. This matter was removed to the U.S. District Court for the Eastern District of Pennsylvania pursuant to diversity jurisdiction on June 14, 2023.

### A.    Moving Defendants have no Jurisdictional Contacts with Pennsylvania

In the Complaint, Plaintiffs allege that Moving Defendants were involved in the sale and distribution of the subject bicycle. *See generally* Exhibit A. The Complaint identifies no contacts between Moving Defendants and Pennsylvania. *See* id. In fact, Moving Defendants have never conducted business in Pennsylvania. A copy of defendants Mitchell Rovins and Susanna Rovins' Affidavit in Support of the present Motion is attached as Exhibit "B" and in it they state:

- At all material times, we were the owner and operators of the bicycle stores known at Beacon Stores, Inc. doing business as Beacon Stores Cycling and/or Beacon Cycling & Fitness (hereinafter "Beacon").

- As of February 2022 Beacon has ceased all business operations and we have retired.

- Beacon was in the business of selling and servicing bicycles and related equipment.

- Beacon conducted its business by operating brick-and-mortar stores.

- At all relevant times, Beacon was licensed to do business in New Jersey.

- Beacon's s stores were located in Northfield, New Jersey and Freehold, New Jersey.

- Beacon was never licensed to do business in Pennsylvania.

- Beacon did not operate in Pennsylvania.

- Beacon, Mitchell Rovins and Susanna Rovins had no business contacts with Pennsylvania.

- At all material times Mitchell Rovins and Susanna Rovins, husband and wife, were citizens of and resided in New Jersey, residing 1005 Maple Ave., Linwood NJ, 08221, same address as alleged in Plaintiffs' Complaint.

- At no material time have we maintained an office, warehouse or place of business in Pennsylvania.

- At no material time have we solicited business from Pennsylvania residents, and have not directly marketed any products in Pennsylvania.

- At no material time have we maintained a bank account or telephone listing in Pennsylvania.

- At no material time have we had a registered agent for service of process in Pennsylvania.

- At no material time have we purchased goods or materials within Pennsylvania and have never paid taxes in Pennsylvania.

- At no material time have we owned, leased, rented, purchased, or controlled real property in Pennsylvania.

- At no material time have we had any assets in Pennsylvania and have no employees,

officers or directors residing in Pennsylvania.

- At no material time have we consented to or anticipated or intended that it might be subjected to the personal jurisdiction of any court in Pennsylvania.

- Neither ourselves nor any representatives of us or Beacon have traveled to Pennsylvania because of the subject Lawsuit.

At no time did Moving Defendants have any contacts with Pennsylvania.

## II.    LEGAL ARGUMENT

Federal Rule of Civil Procedure 12(b) allows a party to assert several defenses by motion before filing a responsive pleading, including the defenses of lack of personal jurisdiction and defective service. *Ciolli v. Iravani*, 625 F.Supp.2d 276, 283 (E.D. Pa. 2009); *Shellito v. Travelers Companies, Inc.*, 567 F.Supp.3d 538, 540 (E.D. Pa. 2021). Prevailing on either argument should result in dismissal of claims against Moving Defendants. Plaintiffs cannot establish jurisdiction.

### A.    Moving Defendants are Not Subject to Personal Jurisdiction in Pennsylvania

Once a defendant moves to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing sufficient facts to show that jurisdiction exists. *Marten v. Godwin*, 499 F.3d 290, 295–96 (3d Cir. 2007). The plaintiff must present "a prima facie case for the exercise of personal jurisdiction by establishing with reasonable particularity sufficient contacts between the defendant and the forum state." *Mellon Bank PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992). "Ultimately, the plaintiff bears the burden of proving, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction over the

defendants." *Black v. JP Morgan Chase & Co.*, Civil Action No. 10-848, 2011 U.S. Dist. LEXIS 103727, at *135 (W.D. Pa. Aug. 10, 2011).

To carry its jurisdictional burden, Plaintiffs must, at a minimum, establish facts sufficient to support a reasonable inference that a finding of personal jurisdiction in this matter would satisfy both Pennsylvania's long arm statute and the due process clause of the Constitution.[1] *See Kingsmill v. Roundo AB*, No. 12-3524, 2013 U.S. Dist. LEXIS 100943, at *14–16 (E.D. Pa. July 18, 2013). Plaintiffs can meet its due process burden by "establishing either that the cause of action arose from [Moving Defendants'] forum-related activities (specific jurisdiction) or that [Moving Defendants] has 'continuous and systematic' contacts with the forum state (general jurisdiction)." *Mellon Bank (E.) PSFS, N.A., v. DiVeronica Bros.*, 983 F.2d 551, 554 (3d Cir. 1993) (quoting *Bane v. Netlink, Inc.*, 925 F.2d 637, 639 (3d Cir.1991)). Thus, to survive a motion to dismiss, Plaintiffs must "establish with reasonable particularity sufficient contacts" between Moving Defendants and Pennsylvania. *Farino*, 960 F.2d at 1223 (quoting *Provident Nat. Bank v. California Fed. Sav. & Loan Assoc.*, 819 F.2d 434 (3d Cir. 1987)). Plaintiffs cannot do so here.

### 1.    No General Jurisdiction Over Moving Defendants

Plaintiffs cannot satisfy the standards for general jurisdiction set by both the Third Circuit and the Supreme Court. "General jurisdiction depends on a defendant having maintained 'continuous and systematic contacts' with the forum state." *Aardvark Event Logistics, Inc. v. Bobcar Media LLC, et al.,* Civ. Action No. 16-5873, 2017 U.S. Dist.

---

[1] Pennsylvania's Long Arm Statute permits a court to exercise personal jurisdiction over a nonresident defendant "to the fullest extent allowed under the Constitution of the United States...." 42 Pa. Stat. and Cons. Stat. Ann. § 5322(b). Thus, the sole inquiry into jurisdiction over a nonresident is the analysis of the constitutional due process requirements. *See Farino*, 960 F.2d at 1221.

LEXIS 1281, at \*8 (E.D. Pa. Jan. 5, 2017), *quoting, D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 107 (3d Cir. 2009)). "Proof of such contact requires a showing of 'extensive and pervasive' activity in the forum state." *Id., citing, Reliance Steel Prods. Co. v. Watson, Ess, Marshall, & Engass*, 675 F.2d 587, 589 (3d Cir. 1982)). In fact, the contacts must be "so continuous and systematic as to render [the defendant] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (internal quotation marks omitted); *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919–24 (2011) ("[T]he paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home.")

It is "incredibly difficult to establish general jurisdiction [over a corporation] in a forum other than the place of incorporation or principal place of business." *Chavez v. Dole Food Co.*, 836 F.3d 205, 223 (3d Cir. 2016). "Being 'essentially at home' in a place is a very high bar, almost never found for corporations where they are neither incorporated nor headquartered." *In re Aggrenox Antitrust Litig.*, No. 3:14-md-2516, 2015 WL 1311352, at \*25 (D. Conn. Mar. 23, 2015); *see also Daimler AG*, 571 U.S. at 122 (holding that "Daimler is not 'at home' in California and cannot be sued there for injuries plaintiffs attribute to MB Argentina's conduct in Argentina").

Plaintiffs do not allege that Moving Defendants have any contacts which would make them "essentially at home" in Pennsylvania. While Plaintiffs' Complaint baldly alleges that Moving Defendants "regularly and systematically conduct[s] business in the United States of America, including the County of Philadelphia," no factual averments support the allegations. *See* Exhibit A, ¶ 19. Moving Defendants' was not incorporated in

Pennsylvania and their principal place of business are is in New Jersey — not Pennsylvania. *See* Exhibit B. Moving Defendants have never conducted business in Pennsylvania, nor has it registered as a corporation in Pennsylvania. *Id.* Indeed, the Affidavit of Mr. & Ms. Rovins confirms that Moving Defendants have not engaged in any relevant activities in the in Pennsylvania. *See* Exhibit B. Moving Defendants simply have no contacts with Pennsylvania, much less affiliations with the forum so constant and pervasive as to render it "at home" here. *See Daimler AG*, 187 L. Ed. 2d 624; Exhibit B.

### 2.    No Specific Jurisdiction of Moving Defendants

"In the absence of 'continuous and systematic' contacts, a plaintiff may rely on 'specific jurisdiction' where the cause of action is related to or arises out of the defendant's contacts with the forum." *Aardvark,* 2017 U.S. Dist. LEXIS 1281, at *8 (citing *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998)). Determination of specific jurisdiction involves a three-part inquiry. First, the plaintiff must demonstrate that the defendant has "constitutionally sufficient 'minimum contacts' with the forum." *Id.* Second, the underlying claim must directly "arise out of, or relate to," the defendant's forum-state activities. *Id.* at 8–9 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). Third, the exercise of jurisdiction must comport with the principles of "fair play and substantial justice." *Id.* at *9 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985)). Courts need not address the element of fair play and substantial justice unless the plaintiff has already met its burden on the first two criteria for specific jurisdiction. The allegations of Plaintiffs' Complaint do not satisfy the standard for specific jurisdiction.

Nothing in Plaintiffs' Complaint even remotely suggests that Moving Defendants have any contacts with Pennsylvania or has engaged in any activities in Pennsylvania—

much less activities that gave rise to Plaintiffs' claims. Indeed, Plaintiffs' affirmative allegations assert that the subject bicycle was purchased for use in New Jersey and was stored and used at their vacation home in Longport, New Jersey. *See* Exhibit A.

As there are no contacts with Pennsylvania to support specific or general personal jurisdiction over Moving Defendants, Plaintiffs' claims against Moving Defendants must be dismissed as a matter of law.

**III.    CONCLUSION**

For the foregoing reasons, Beacon Stores, Inc., Mitchell Rovins and Susanna Rovins, request that this Court grant their Motion to Dismiss and dismiss Plaintiffs' claims against them with prejudice.

Respectfully submitted,

LAW OFFICES OF JERRY S. EISENBERG

Brian G. Welsh, Esquire
Attorney ID No. 90957
Attorney for Defendant,
Beacon Stores, Inc. (d/b/a Beacon Cycling and/or Beacon Cycling & Fitness), Mitchell Rovins and Susanna Rovins
309 Fellowship Road, Suite 330
Mount Laurel, NJ  08054
856-778-3211; Brian.Welsh@Selective.com

## CERTIFICATE OF SERVICE

I, Brian G. Welsh, Esquire, hereby certify that I electronically filed with the Court and served a true and correct copy of the foregoing Motion upon all parties of record via the Court's electronic notification system and/or First Class U.S. mail on the 21st day of September, 2023

LAW OFFICES OF JERRY S. EISENBERG

By:_____
        Brian G. Welsh, Esquire

# EXHIBIT A

TO: Defendants

You are hereby notified to plead to the
enclosed Complaint within twenty (20) days of
service thereof or a default judgment may be
entered against you.

BY: _____
　　　　Attorney for Plaintiffs

**POST & SCHELL, P.C.**
BY: MARC H. PERRY, ESQUIRE
I.D. #: 68610
13TH FLOOR
FOUR PENN CENTER
1600 JOHN F KENNEDY BLVD.
PHILADELPHIA, PA 19103
(215) 587-1000
mperry@postschell.com

ATTORNEYS FOR PLAINTIFFS,
MITCHELL S. FINEMAN and
LUCY Q. FINEMAN

MITCHELL S. FINEMAN, M.D.
and LUCY Q. FINEMAN, h/w
2312 Holly Lane
Lafayette Hill, PA 19444

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

Plaintiffs,

v.

TREK BICYCLE CORPORATION, LTD.
801 W Madison Street
Waterloo, WI 53594

NO: _____

ELECTRA BICYCLE COMPANY, INC.
1010 South Coast Hwy 101
Suite 101
Encinitas, CA 92024

ELECTRA BICYCLE CORPORATION, LLC
3275 Corporate View
Vista, CA 92081

JURY TRIAL DEMANDED

TREK RETAIL CORPORATION (d/b/a Trek
Bicycle Philadelphia Manayunk)
4159 Main Street
Philadelphia, PA 19127

Case ID: 230600934

BEACON STORES, INC. (d/b/a Beacon
Cycling and/or Beacon Cycling & Fitness)
231 Tilton Road
Northfield, NJ 08225

MITCHELL ROVINS and SUSANNA
ROVINS (d/b/a Beacon Stores, Inc. (d/b/a
Beacon Cycling and/or Beacon Cycling &
Fitness)
1005 Maple Ave
Linwood, NJ 08221

SRAM, LLC
1000 W. Fulton Market #4
Chicago, IL 60607

JOHN DOE(S) and JANE DOE(S)
1234 Main Street
Anywhere, PA 19107

ABC CORPORATION and DEF, LLC
1234 Main Boulevard
Anytown, PA 19107

HENG YING MACHINERY CO., LTD.
136 Jen Teh 5th St. 33545
Taoyuan City, Taiwan (R.O.C.)

                                    Defendants.

## CIVIL ACTION – COMPLAINT

Plaintiffs, Mitchell S. Fineman and Lucy Q. Fineman, by and through their attorneys,

Post & Schell, P.C., hereby avers as follows:

### PARTIES.

1.      Plaintiff, MITCHELL S. FINEMAN, M.D. ("Dr. Fineman"), is an adult

individual, with a home address of 2312 Holly Lane, Lafayette Hill, PA 19444 within the County

of Philadelphia.

2

Case ID: 230600934

2.      Plaintiff, LUCY Q. FINEMAN (Mrs. Fineman"), is an adult individual, with a home address of 2312 Holly Lane, Lafayette Hill, PA 19444 within the County of Philadelphia.

3.      Defendant, TREK BICYCLE CORPORATION, LTD. ("Trek BC"), is a for-profit corporation organized and existing under the laws of the State of Delaware, with a principal place of business of 801 W Madison Street, Waterloo, WI 53594, who regularly and systematically conducts business in the County of Philadelphia.

4.      Defendant, Trek BC is the parent corporation of both ELECTRA BICYCLE CORPORATION, LLC and TREK RETAIL CORPORATION (d/b/a Trek Bicycle Philadelphia Manayunk).

5.      Defendant, ELECTRA BICYCLE COMPANY, INC. ("Electra Inc."), is a for-profit corporation organized and existing under the laws of the State of California, with a principal place of business of 1010 South Coast Hwy 101, Suite 101, Encinitas, CA 92024, who regularly and systematically conducts business in the County of Philadelphia.

6.      Defendant, ELECTRA BICYCLE CORPORATION, LLC ("Electra LLC"), is a for-profit corporation organized and existing under the laws of the State of Delaware, with a principal place of business of 1010 South Coast Hwy 101, Suite 101, Encinitas, CA 92024, who regularly and systematically conducts business in the County of Philadelphia.

7.      Defendant, Electra LLC is the successor-in-interest to Electra Inc.

8.      Defendant, Electra LLC continued the manufacture and sale of the product line of ELECTRA INC.

9.      Defendant, Trek BC, purchased Electra LLC in 2013, including all of its assets and liabilities.

10.     Defendant, Trek BC, is the successor-in-interest to Electra LLC.

3

11.    Defendant, Trek BC, has continued the manufacture and sale of the product line of ELECTRA LLC.

12.    Defendant, TREK RETAIL CORPORATION (d/b/a Trek Bicycle Philadelphia Manayunk) ("Trek M"), is a is a for-profit corporation organized and existing under the laws of the State of Wisconsin, with a principal place of business of 4159 Main Street, Philadelphia, PA 19127, who conducts business daily in the County of Philadelphia selling and servicing Trek® and Electra® bicycles.

13.    Defendant, BEACON STORES, INC. (d/b/a Beacon Cycling and/or Beacon Cycling & Fitness) ("Beacon Cycling") is a is a for-profit corporation organized and existing under the laws of the State of Delaware, with a principal place of business of 231 Tilton Road, Northfield, NJ  08225, who regularly and systematically conducts business in the County of Philadelphia selling and servicing Trek® and Electra® bicycles.

14.    Defendant, MITCHELL ROVINS ("Mr. Rovins"), is an adult individual and owner/operator of Beacon Stores, Inc. (d/b/a Beacon Cycling and/or Beacon Cycling & Fitness), with a former address of 231 Tilton Road, Northfield, NJ 08225, and a current address of 1005 Maple Ave Linwood, NJ 08221, who regularly and systematically conducted business in the County of Philadelphia.

15.    Defendant, SUSANNA ROVINS ("Mrs. Rovins"), is an adult individual and owner/operator of Beacon Stores, Inc. (d/b/a Beacon Cycling and/or Beacon Cycling & Fitness), with a former address of 231 Tilton Road, Northfield, NJ 08225, and a current address of 1005 Maple Ave Linwood, NJ 08221, who regularly and systematically conducted business in the County of Philadelphia.

4

16.     Defendant, SRAM, LLC ("SRAM"), is a for-profit corporation organized and existing under the laws of the State of Delaware, with a principal place of business of 1000 W. Fulton Market #4, Chicago, IL 60607, who regularly and systematically conducted business in the County of Philadelphia.

17.     Defendants, JOHN DOE(S) and JANE DOE(S), are yet known adult individuals who designed, manufactured, sold, distributed, warranted, or repaired the subject product, with an address of 1234 Main Street, Anywhere, PA 19107, and who regularly and systematically conducted business in the County of Philadelphia.

18.     Defendants, ABC CORPORATION and DEF, LLC, are for-profit business entities or partnerships of unknown form, who designed, manufactured, sold, distributed, warranted, or repaired the subject product, with a principal place of business of 1234 Main Boulevard, Downtown, PA 19107 and who regularly and systematically conducted business in the County of Philadelphia.

19.     Defendant, HENG YING MACHINERY CO., LTD. ("Heng YMC"), is a for-profit corporation organized and existing under the laws of the Country of Taiwan, with a principal place of business of 136 Jen Teh 5th St. 33545, Taoyuan City, Taiwan (R.O.C.), and who regularly and systematically conducted business in the United States of America, including the County of Philadelphia.

20.     Defendants, at all times pertinent hereto, acted by and through their owners, officers, partners, servants, employees, representatives and agents in the course and scope of their employment, representation or agency.

<u>VENUE</u>

21.     Plaintiffs have elected this venue to pursue their various legal claims.

5

Case ID: 230600934

22.     Plaintiffs, at all times material hereto, have resided in the City of Philadelphia, County of Philadelphia, Commonwealth of Pennsylvania.

23.     Defendants, at all times material hereto, have resided in and/or regularly and systematically conducted business in the City of Philadelphia, County of Philadelphia, Commonwealth of Pennsylvania.

<u>FACTS</u>

24.     Dr. Fineman is a long-term customer of Trek BC bicycle products.

25.     Dr. Fineman is a long-term customer of Electra bicycle products.

26.     Dr. Fineman is a long-term customer of Trek M bicycle products and services.

27.     Dr. Fineman is a long-term customer of Beacon Cycling bicycle products and services.

28.     In or about the Summer of 2014, the Fineman's completed construction on a vacation home at the Jersey Shore (*i.e.* Longport, New Jersey).

29.     As a result, also in or about the Summer of 2014, the Fineman's purchased a silver Electra® Coaster 3 bicycle, bearing serial number ELC2D14722, inclusive of each of its components (the "defective silver Electra bicycle"):



6

Case ID: 230600934

30.   The defective silver Electra® bicycle was sold and distributed "fully assembled."

31.   At the same time, the Fineman's also purchased a second black Electra® Coaster 3 bicycle, bearing serial number ELC3F03173, inclusive of each of its components (the "second defective black Electra bicycle").

32.   The second defective black Electra® bicycle was sold and distributed "fully assembled."

33.   The Fineman's purchased the bicycles for personal use, intending to use them to ride together as a couple for relaxation while down at the Jersey Shore (*i.e.* Longport, New Jersey).

34.   On June 18, 2021, while casually riding himself on a clear, warm summer day at the Jersey Shore, on his way to get lunch at Aversa's Deli's in Margate, New Jersey, Dr. Fineman approached the intersection of S. Madison Avenue and Pacific Avenue in Longport, New Jersey.

35.   Dr. Fineman began his left hand turn onto S. Madison Ave.

36.   Dr. Fineman wished to slow his turn onto S. Madison Ave.

37.   Dr. Fineman sought to engage the "coaster brake" of the defective silver Electra® bicycle.

38.   The "coaster brake" of the defective silver Electra® bicycle provided no braking response.

39.   As a result of the inability to control the speed of the defective silver Electra® bicycle, Dr. Fineman was unable to safely negotiate the turn and crashed ("the crash").

7

## THE DEFECTIVE BICYCLE

40.     Unknown to Dr. Fineman, his defective silver Electra® bicycle had a hidden, latent condition which rendered it unsafe for use.

41.     The defective silver Electra® bicycle was designed, manufactured and distributed with only a "coaster brake."

42.     The defective silver Electra® bicycle was designed, manufactured and distributed without any independent or redundant cabled "hand brake."

43.     The defective silver Electra® bicycle was manufactured in Taiwan, Republic of China.

44.     The defective silver Electra® bicycle was manufactured, sold and distributed with an SRAM i-Motion 3 three-speed hub (a "coaster brake" version).

45.     Unknown to Dr. Fineman, his defective silver Electra® bicycle had a hidden, latent condition which caused its "coaster brake" to fail to engage when applied.

46.     As a result of this hazardous, latent, unsafe and hidden condition, all Electra® Coaster 3i bicycles equipped with an SRAM i-Motion 3 three-speed hub (the "coaster brake" version) were recalled for safety reasons.

## THE CANADIAN RECALL

47.     The defective silver Electra® bicycle was first recalled in Canada on January 17, 2019, under the Government of Canada, Recall No. RA-68862.

48.     That Canadian Recall Notice stated, *inter alia*:

Consumer product recall

### SRAM recalls three-speed internal gear hub with coaster brake

Starting date: January 17, 2019

8

Case ID: 230600934

Posting date: January 17, 2019
Type of communication: Consumer Product Recall
Subcategory: Sports/Fitness
Source of recall: Health Canada
Issue: Fall Hazard
Audience: General Public
Identification number:RA-68862

What you should do

Affected products: SRAM three-speed internal gear hub with coaster brake

Product description: This recall involves SRAM i-Motion 3, three-speed internal gear hub with coaster brake, UPC 710845662782, for a bicycle.

The internal gear hub was sold installed on the following models of bicycles (with no redundant braking system - for example no front brake):

Electra Cruiser Custom 3i
Electra Coaster 3i
Electra Hawaii 3i
Electra Hawaii 3i (24")
Electra Straight 8
Hazard identified

The brake can fail, posing a crash or fall hazard to the rider.

As of January 3, 2019, the company has received no reports of incidents or injuries in Canada. In the United States, the company has received 4 reports of crashes or falls, and 1 report of a knee and ankle injury from a fall.

Number sold: Approximately 700 units of the affected products were sold in Canada.

Time period sold: The affected products were sold in Canada between February 2014 and January 2018.

Place of origin: Manufactured in Taiwan.

Companies: Distributor, SRAM, LLC, Chicago, Illinois, UNITED STATES

Case ID: 230600934



What you should do

Consumers should immediately stop using the recalled hub and contact SRAM for reimbursement of the affected bicycle. SRAM will repurchase the affected bicycles at a fair market, depreciated value, based on the Bicycle Blue Book.

For more information, consumers can contact SRAM's Canadian distributor HLC by telephone toll-free at 1-888-522-2453 between 9:00 a.m. and 8:00 p.m. EST Monday through Friday or online.

Please note that the Canada Consumer Product Safety Act prohibits recalled products from being redistributed, sold or even given away in Canada.

Health Canada would like to remind Canadians to report any health or safety incidents related to the use of this product or any other consumer product or cosmetic by filling out the Consumer Product Incident Report Form.

This recall is also posted on the OECD Global Portal on Product Recalls website. You can visit this site for more

Case ID: 230600934

information on other international consumer product recalls.

(https://recalls-rappels.canada.ca/en/alert-recall/sram-recalls-three-speed-internal-gear-hub-

coaster-brake, last accessed on December 5, 2022).

49.    Dr. Fineman was never informed of the Canadian recall of the defective silver

Electra bicycle prior to the crash.

50.    Dr. Fineman was never informed of the Canadian recall of the second defective

black Electra bicycle prior to the crash.

### THE UNITED STATES RECALL

51.    The defective silver Electra® bicycle was then recalled in the United

States of America on February 21, 2019, under Consumer Product Safety Commission

("CPSC") Recall No.19-069.

52.    That CPSC Recall Notice stated, *inter alia*:



Case ID: 230600934

## SRAM Recalls Bicycle Gear Hubs Due to Crash and Injury Hazards

Description: This recall involves SRAM® i-Motion 3 three-speed internal gear hubs with a coaster brake installed on bicycles with no redundant braking system. The recalled hubs were sold on the following Electra® model bicycles: Electra Cruiser Custom 3i, Electra Coaster 3i, Electra Hawaii 3i, Electra Hawaii 3i 24 and Electra Straight 8. The recalled hubs were also sold as aftermarket parts for other bicycles. The recalled hubs have "SRAM i-Motion 3" printed on the hub shell and a brake arm extending from the axle of the hub.

Remedy: Consumers should immediately stop using bicycles with the recalled gear hubs and contact SRAM for instructions on how to receive a partial refund.

Incidents/Injuries: SRAM has received five reports of brake failure, resulting in one minor injury to a rider.

Sold At: Specialty bicycle retailers nationwide from April 2010 through December 2018 for between $400 and $800 for Electra bicycles equipped with the recalled hubs and for about $90 for the recalled aftermarket gear hubs

Manufacturer(s): Heng Ying Machinery Co., Ltd. of Taoyuan City, Taiwan

Distributor(s): SRAM LLC, of Chicago, Ill.

Manufactured In: Taiwan

Recall number: 19-069

12

Case ID: 230600934



https://www.cpsc.gov/Recalls/2019/SRAM-Recalls-Bicycle-Gear-Hubs-Due-to-Crash-and-

Injury-Hazards, last accessed on December 5, 2022).[1]

---

[1]   See also *SRAM RECALLS 7,700 INTERNALLY GEARED HUBS DUE TO BRAKE
FAILURE, IT'S OFFERING TO BUY BACK ANY COASTER-BRAKE BIKES SOLD WITH I-MOTION 3
HUBS,* (https://www.bicycling.com/news/a26521411/sram-recall-internal-gear-hubs/, last accessed on
December 5, 2022)   ("SRAM has offered to buy affected bikes back at prices based on the Bicycle Blue
Book—most of the models in question are listed at roughly $350—or else help local dealers request
compatible new hubs.").

13

Case ID: 230600934

53.     Dr. Fineman was never informed of the United States recall of the defective silver Electra® bicycle prior to the crash.

54.     Dr. Fineman was never informed of the United States recall of the second defective black Electra® bicycle prior to the crash.

### THE DEFECTIVE DESIGN FIX

55.     Subsequent to the recall of the defective silver Electra® bicycle, the design and manufacture of _inter alia_ the Electra® Coaster 3 bicycle was changed to discard the unsafe "coaster brake" only design -- which was thereafter manufactured with an independent or redundant cabled "hand brake:"



56.     Defendant knew, or should have known, that the "coaster brake" only design of the defective silver Electra® bicycle was unsafe in design, manufacture or distribution.

Case ID: 230600934

57.    Defendant knew, or should have known, that the design, manufacture or distribution of an adult bicycle in 2014 with only a "coaster brake" was defective and unreasonably dangerous.

58.    Defendant knew, or should have known, that the design, manufacture or distribution of an adult bicycle in 2014 with only a "coaster brake," and no independent or redundant cabled "hand brake" was defective and unreasonably dangerous.

59.    The defective silver Electra® bicycle was not state of the art when manufactured and sold in 2014.

60.    The defective silver Electra® bicycle could have been designed, manufactured and sold in 2014 with an independent or redundant cabled "hand brake."

61.    Defendant regularly sold and distributed substantially similar bicycles with independent or redundant cabled "hand brakes" in 2014.

## NO NOTICE OF RECALLED DEFECTIVE SILVER ELECTRA® BICYCLE

62.    Dr. Fineman was never informed, advised or cautioned of any recall of the defective silver Electra® bicycle.

63.    Dr. Fineman was never informed, advised or cautioned of any recall of the second defective black Electra® bicycle.

64.    Mrs. Fineman was never informed, advised or cautioned of any recall of either the defective silver Electra® bicycle or the second defective black Electra® bicycle.

65.    The Fineman's independently decided not to ride the defective silver Electra® bicycle again because of its malfunctioning coaster brake.

15

Case ID: 230600934

66.    Mrs. Fineman, uncomfortable with Dr. Fineman announcing his desire to bicycle again after the crash, insisted that he take the second defective black Electra® bicycle to their local Trek retail store to get it inspected.

67.    In or about the Fall of 2021, Dr. Fineman took the second black Electra® bicycle from the Jersey Shore back home to Philadelphia for Trek M to check out the bicycle, specifically the brakes.

68.    Trek M took possession of the second black Electra® bicycle and represented it had road tested the brakes, that there was nothing wrong with the brakes, and further represented "the bike is fine," even though the product had been recalled with instructions to stop using the product "immediately," and returned the second defective black Electra® bicycle to Dr. and Mrs. Fineman for their continued use.

69.    Trek M never informed the Fineman's of the recall of his defective silver Electra® bicycle.

70.    Trek M never informed the Fineman's of the recall of his second defective black Electra® bicycle.

71.    Trek M never informed the Fineman's that the distributor of the SRAM i-Motion 3 three-speed hub (the "coaster brake" version) advised all consumers "to stop riding it immediately."

72.    Trek M never informed Dr. Fineman that the Canadian Government advised all consumers of the product "to stop riding it immediately."

73.    Trek M never informed Dr. Fineman that the CPSC advised all consumers to "immediately stop using bicycles with the recalled gear hubs."

74.    Trek M did not offer to repurchase the defective silver Electra® bicycle.

16

75. Trek M did not offer to repurchase the second defective black Electra® bicycle.

76. Still uncomfortable with riding even the second defective black Electra® bicycle given the defective silver Electra® bicycle's prior brake failure and the resulting crash and injuries, even after the improper "all clear" representation by Trek M, Dr. Fineman conducted some internet research seeking whether replacement hubs were available for purchase.

77. It was not until April 23, 2022 that Dr. Fineman's own Internet research first alerted him to the fact his defective silver Electra® bicycle, and second defective black Electra® bicycle, had been recalled, that he was warned by both Canadian and United States government officials to stop riding the bicycle(s) immediately, that several other consumers had likewise experienced a "coaster brake" failure, and that at least one other person had also crashed due to the failure of the bicycle's "coaster brake" suffering bodily injury.

78. Dr. Fineman and Mrs. Fineman are angered that nobody bothered to inform them of the recall of the defective silver Electra® bicycle, and second defective black Electra® bicycle, prior to the crash and the injuries and damages suffered by each of them in 2021 (and since such time).

79. Both Dr. Fineman and Mrs. Fineman have since permanently stored, and will not ride again, the defective silver Electra® bicycle or the second defective black Electra® bicycle.

## THE INJURIES

80. In his normal use of the defective silver Electra® bicycle, Dr. Fineman was caused to forcibly crash onto the roadway.

81. Dr. Fineman instinctively reached out with his left arm to brace himself during the crash.

82. Dr. Fineman is a left-hand dominant surgeon.

17

Case ID: 230600934

83.    Dr. Fineman's body was caused to be contused and bruised.

84.    Dr. Fineman's left hand was scraped, contused and bruised.

85.    Dr. Fineman felt an injury to his left elbow and tricep.

86.    The muscular structures in Dr. Fineman's left elbow and tricep were forcibly torn, strained and sprained.

87.    Dr. Fineman maneuvered the defective silver Electra® bicycle home and sought medical advice from Pedro K. Beredjiklian, M.D. of the Rothman Institute on the same day.

88.    Dr. Beredjiklian referred Dr. Fineman for an MRI study.

89.    Dr. Fineman underwent an MRI study the next day on June 19, 2021 at Main Line Health Systems in Newtown Square, Pennsylvania which revealed a full-thickness left tricep tendon rupture with retraction of the torn fibers, extensive tissue swelling, areas of intramuscular edema and hemorrhage throughout the posterior elbow with concomitant distal triceps muscle strain.

90.    Dr. Fineman was examined by Christopher C. Dodson, M.D. of the Rothman Institute on June 21, 2021.

91.    Dr. Dodson performed a left open distal triceps tendon repair surgery upon Dr. Fineman on June 24, 2021 at the Vinsera Surgery Center located in Philadelphia, Pennsylvania.

92.    Dr. Fineman was caused to undergo the risks of general anesthesia for the surgery of June 24, 2021.

93.    Dr. Fineman was hard casted from June 24, 2021 through July 6, 2021.

94.    Dr. Fineman was last examined by Dr. Dodson at the Novacare facility in South Philadelphia, Pennsylvania on July 27, 2021 during the Philadelphia Eagles physicals.

Case ID: 230600934

95.   Dr. Fineman underwent physical therapy at Novacare in Conshohocken, Pennsylvania through September 7, 2021.

96.   Dr. Fineman was confined to an adjustable brace until September 7, 2021.

97.   Dr. Fineman has been required to receive medical treatment and will require further medical treatment in the future.

98.   Dr. Fineman body is scarred.

99.   Dr. Fineman has been caused to take prescription medications as a result of his injuries and surgery.

100.   Dr. Fineman suffers from cold intolerance in his left elbow joints and muscles.

101.   Dr. Fineman has difficulty sleeping.

102.   Dr. Fineman has lost strength in his left upper body.

103.   Dr. Fineman has suffered a loss of capacity and function.

104.   Dr. Fineman injuries are permanent in nature.

105.   Dr. Fineman has been denied every day pleasures and enjoyment.

106.   Dr. Fineman has suffered a diminished quality of life.

107.   Dr. Fineman has suffered, and will suffer, pain, suffering and mental anguish.

108.   Dr. Fineman has suffered, and will suffer, humiliation and embarrassment.

109.   Dr. Fineman has been caused to purchase medical equipment and supplies as a result of his injuries, surgery and recovery.

110.   Dr. Fineman is a licensed (Pennsylvania and New Jersey), board certified ophthalmologist, a vitreoretinal surgeon, on the active staffs of Wills Eye Hospital (Philadelphia, PA), Bryn Mawr Hospital (Bryn Mawr, PA), St. Luke's Hospital (Bethlehem, PA) and Virtua

Case ID: 230600934

Health-West Jersey Health System (Vorhees, NJ), an Assistant Professor at the Thomas Jefferson University and the Team Ophthalmologist for the Philadelphia Eagles (NFL).

111.   Dr. Fineman's crash caused disruption to his employment duties, patient relationships and surgery schedule.

112.   Dr. Fineman was caused to go on short term disability from the crash and resulting injuries.

113.   Dr. Fineman lost significant income as a result of his absence and/or limitations from his employment following the crash.

114.   Dr. Fineman activities of daily life were also interrupted, disrupted, frustrated, inconvenienced, delayed and limited.

115.   Dr. Fineman suffered a loss of life's pleasures.

116.   Dr. Fineman suffered a loss of companionship and intimacy with his spouse.

117.   All of Dr. Fineman's injuries and damages were proximately caused by Defendant.

118.   Dr. Fineman incurred, and will incur in the future, medical and others expenses associated with this loss.

119.   Dr. Fineman will suffer other damages and injuries which may become apparent during the pendency of this civil action.

120.   Dr. Fineman's past, current and future medical and/or financial losses were proximately caused as a result of the crash set forth above.

Case ID: 230600934

COUNT I – NEGLIGENCE = INADEQUATE RECALL
Dr. Fineman v. Trek BC, Electra Inc., Electra LLC, Beacon Cycling,
Mr. Rovins, Mrs. Rovins, SRAM, Heng YMC,
John Doe(s), Jane Doe(s), XYZ Corporation(s) and DEF, LLC(s)

121.   Plaintiffs repeat and aver each of the preceding paragraphs of the Complaint as if set forth at length herein.

122.   Defendant had an actual knowledge of the recall of the defective silver Electra® bicycle prior to Dr. Fineman's crash and injuries.

123.   Defendant has a history of recalls for other defective bicycles (and components thereof) before the recall was announced of the subject defective silver Electra® bicycle.

124.   Defendant had prior experience in recall campaigns sufficient to ensure consumer notice and safety, including, *inter alia*:

| 2019 | Kickstarter Safety Recall |
|------|---------------------------|
| 2018 | Line Pro Pedal Recall |
| 2017 | 720 Disc Recall |
| 2016 | Bicycle Light Recall |
| 2016 | Fairly & Farley 6 Fork Recall |
| 2015 | Superfly Seatpost Recall |
| 2015 | Santour Fork Bolt Recall |
| 2015 | Quick Release Lever Recall |
| 2014 | Suntour Fork Recall |
| 2013 | Madone Recall |
| 2013 | Fox Evalution Fork Recall |
| 2012 | Suntour Support Tube Fork Recall |

Case ID: 230600934

| 2011 | FX and District Recall |
|------|------------------------|
| 2009 | Trek 7300, 7300WSD & 7500 Fork Recall |
| 2008 | Trek Girl's MT 220 Bicycle Recall |
| 2006 | Trek Anthem C Elite Recall |
| 2001 | Chariot Child Carrier Recall |
| 2000 | Rock Show Suspension Fork Recall |
| 1998 | Sachs Chain Recall |
| 1996 | Klein Stern Recall |
| 1994 | KSS Bottom Bracket Recall |

125.   Defendant thus knew, or should have known, how to properly, effectively, and practically conduct a viable recall campaign to ensure consumer notice and safety.

126.   Trek BC at all times relevant hereto registered, owned and/or maintained the web domain name at trekbikes.com.

127.   Trek BC at all times relevant hereto also registered, owned and/or maintained the web domain at ascendrms.com.

128.   Trek BC knew and possessed the personal e-mail address of Dr. Fineman as early as January 2016.

129.   Trek BC communicated directly to Dr. Fineman's personal e-mail address as early as 2016.

130.   Trek BC communicated directly to Dr. Fineman's personal e-mail address as early as 2016 on behalf of Beacon Cycling.

131.   Beacon Cycling at all times relevant hereto registered, owned and/or maintained the web domain at beaconcycling.com.

22

Case ID: 230600934

132.    Beacon Cycling at all times relevant hereto also registered, owned and/or maintained the email address of theclub@theclub.com.

133.    Beacon Cycling knew and possessed the personal e-mail address of Dr. Fineman since 2014.

134.    Beacon Cycling communicated directly to Dr. Fineman's personal e-mail address since 2014.

135.    Trek M operated at all times relevant hereto through the e-mail address of manayunk@trekbikes.com.

136.    Trek M knew and possessed the personal e-mail address of Dr. Fineman since approximately 2017.

137.    Trek M communicated directly to Dr. Fineman's personal e-mail address since approximately 2017.

138.    Defendant's failure to implement and conduct an adequate recall campaign regarding defective silver Electra® bicycle fell below an acceptable standard of care.

139.    Defendant was negligent for its individual and/or collective failure to have and implement an adequate recall campaign regarding the defective silver Electra® bicycle.

140.    Dr. Fineman has suffered damages as a proximate result of the failure of Defendant to have and implement an adequate recall campaign regarding the defective silver Electra® bicycle.

141.    Defendant had an actual knowledge of the dangers associated with the continued use of the defective silver Electra® bicycle to users like Dr. Fineman, but knowingly failed to reveal, or concealed, such dangers, and the Fineman's are thus entitled to punitive damages to deter Defendant and others from engaging in such callous conduct in the future.

Case ID: 230600934

WHEREFORE, Plaintiffs, Mitchell S. Fineman and Lucy Q. Fineman, demand judgment in their favor, jointly and severally, together with damages, costs, attorneys' fees and punitive damages.

### COUNT II – NEGLIGENCE (DEFECTIVE PRODUCT)
Dr. Fineman v. Trek BC, Electra Inc., Electra LLC, Beacon Cycling, Mr. Rovins, Mrs. Rovins, SRAM, Heng YMC, John Doe(s), Jane Doe(s), XYZ Corporation(s) and DEF, LLC(s)

142.    Plaintiffs repeat and aver each of the preceding paragraphs of the Complaint as if set forth at length herein.

143.    Defendant distributed a defective and unreasonably dangerous product.

144.    Defendant failed to warn Dr. Fineman of the defective and unreasonably dangerous condition in the product.

145.    Defendant's actions and/or inactions were wanting of ordinary or reasonable care.

146.    Defendant's actions and/or inactions were intentional, willful, wanton, outrageous, reckless and/or careless in complete disregard for the safety of Dr. Fineman.

147.    Defendant's carelessly, negligently and recklessly failed to design, test, manufacture, inspect, package, label, sell, distribute, market, display, advertise, and/or failed to warn regarding the condition of the defective silver Electra® bicycle, including, but not limited to:

    a.    In designing and/or manufacturing and/or selling the bicycle and/or its component parts manufactured from inadequate materials that could fail or malfunction during normal anticipated use;

    b.    In failing to assure that the bicycle and/or its component parts it designed, manufactured, maintained, assembled, fabricated and/or sold utilized a proper design to ensure that its "coaster brake" would not fail during normal foreseeable use;

    c.    In failing to assure that the bicycle and/or its component parts it designed, manufactured and/or sold utilized proper materials that could withstand the foreseeable force and stress that comes from the ordinary use of the product;

24

d.   In failing to warn of the dangers of the bicycle and/or its component parts, which could fail and cause a user to lose control of the bicycle during ordinary intended use;

e.   In designing and/or manufacturing and/or selling the bicycle and/or its component parts in a condition that could cause or permit the "coaster brake" to fail and pose a crash hazard;

f.   In failing to provide all features necessary to render the bicycle and/or its component parts safe for its intended use;

g.   In failing to assure that the bicycle and/or its component parts were appropriate for its intended uses;

h.   In marketing the bicycle as safe for its intended use when its "coaster brake" could fail and cause the rider to lose control of the bicycle and be injured;

i.   In failing to assure all necessary warnings, directions, and instructions regarding the risks and limitations attendant to the use of the bicycle were provided;

j.   In failing to adequately and more effectively recall the bicycle; and,

k.   In failing to identify and properly repair the dangerous defect at any time when the bicycle was inspected and/or serviced before the crash.

148.   Defendant, at all times pertinent hereto, are vicariously liable for the actions or inactions of their owners, officers, partners, servants, employees, representatives and/or agents.

149.   Defendant's actions and/or inactions breached the applicable standard of care.

150.   Defendant's actions and/or inactions caused the crash involving Dr. Fineman.

151.   Dr. Fineman has suffered injuries and damages as a proximate result of the negligence of Defendant.

152.   Defendant had actual knowledge of the dangers associated with the continued use of the defective silver Electra® bicycle to users like Dr. Fineman, but knowingly failed to reveal, or concealed, such dangers, and the Fineman's are thus entitled to punitive damages to deter Defendant and others from engaging in such callous conduct in the future.

WHEREFORE, Plaintiffs, Mitchell S. Fineman and Lucy Q. Fineman, demand judgment in their favor, jointly and severally, together with damages, costs, attorneys' fees and punitive damages.

Case ID: 230600934

COUNT III – NEW JERSEY PRODUCT LIABILITY ACT
Dr. Fineman v. Trek BC, Electra Inc., Electra LLC, Beacon Cycling,
Mr. Rovins, Mrs. Rovins, SRAM, Heng YMC,
John Doe(s), Jane Doe(s), XYZ Corporation(s) and DEF, LLC(s)

153.    Plaintiffs repeat and aver each of the preceding paragraphs of the Complaint as if set forth at length herein.

154.    Defendant designed, tested, manufactured, inspected, packaged, labeled, sold, distributed, marketed, displayed, advertised a defective and unreasonably dangerous product.

155.    The defective silver Electra® bicycle was expected to and did reach Dr, Fineman, and was used by him, without substantial change in the condition in which it was sold.

156.    The subject defective silver Electra® bicycle was unreasonably dangerous in design.

157.    The subject defective silver Electra® bicycle was unreasonably dangerous in its manufacture.

158.    The subject defective silver Electra® bicycle was unreasonably dangerous in its lack of, and inadequate, warnings.

159.    The defective silver Electra® bicycle was unreasonably dangerous in that it could and did malfunction and/or fail under normal use.

160.    The defective silver Electra® bicycle was unreasonably dangerous in that it failed to have proper labels, warnings, and instructions.

161.    Defendant acted with conscious and deliberate disregard of the foreseeable harm caused by the defective silver Electra® bicycle.

162.    Dr. Fineman has suffered damages as a proximate result of the strict liability of Defendant.

26

Case ID: 230600934

163.    Defendant's actions and/or inactions were intentional, willful, wanton, outrageous, reckless and/or careless in complete disregard for the safety of Dr. Fineman.

164.    The defective and unreasonably dangerous condition(s) of the defective silver Electra® bicycle, included, but are not limited to:

    a.   In designing and/or manufacturing and/or selling the bicycle and/or its component parts manufactured from inadequate materials that could fail or malfunction during normal anticipated use;

    b.   In failing to assure that the bicycle and/or its component parts it designed, manufactured, maintained, assembled, fabricated and/or sold utilized a proper design to ensure that its "coaster brake" would not fail during normal foreseeable use;

    c.   In failing to assure that the bicycle and/or its component parts it designed, manufactured and/or sold utilized proper materials that could withstand the foreseeable force and stress that comes from the ordinary use of the product;

    d.   In failing to warn of the dangers of the bicycle and/or its component parts, which could fail and cause a user to lose control of the bicycle during ordinary intended use;

    e.   In designing and/or manufacturing and/or selling the bicycle and/or its component parts in a condition that could cause or permit the "coaster brake" to fail and pose a crash hazard;

    f.   In failing to provide all features necessary to render the bicycle and/or its component parts safe for its intended use;

    g.   In failing to assure that the bicycle and/or its component parts were appropriate for its intended uses;

    h.   In marketing the bicycle as safe for its intended use when its "coaster brake" could fail and cause the rider to lose control of the bicycle and be injured;

    i.   In failing to assure all necessary warnings, directions, and instructions regarding the risks and limitations attendant to the use of the bicycle were provided;

    j.   In failing to adequately and more effectively recall the bicycle; and,

    k.   In failing to identify and properly repair the dangerous defect at any time when the bicycle was inspected and/or serviced before the crash.

165.    Defendant's actions and/or inactions caused the crash involving Dr. Fineman.

166.    Dr. Fineman has suffered injuries and damages as a proximate result of the defective silver Electra® bicycle.

167.    Defendant had actual knowledge of the dangers associated with the continued use of the defective silver Electra® bicycle to users like Dr. Fineman, but knowingly failed to reveal,

27

or concealed, such dangers, and the Fineman's are thus entitled to punitive damages to deter

Defendant and others from engaging in such callous conduct in the future.

WHEREFORE, Plaintiffs, Mitchell S. Fineman and Lucy Q. Fineman, demand judgment in

their favor, jointly and severally, together with damages, costs, attorneys' fees and punitive

damages.

### COUNT IV -- PENNSYLVANIA STRICT LIABILITY (CONSUMER EXPECTATION)
Dr. Fineman v. Trek BC, Electra Inc., Electra LLC, Beacon Cycling,
Mr. Rovins, Mrs. Rovins, SRAM, Heng YMC,
John Doe(s), Jane Doe(s), XYZ Corporation(s) and DEF, LLC(s)

168.    Plaintiffs repeat and aver each of the preceding paragraphs of the Complaint as if

set forth at length herein.

169.    A bicycle is a consumer product.

170.    The defective silver Electra® bicycle is a consumer product.

171.    Defendant distributed a defective and unreasonably dangerous product.

172.    Dr. Fineman expected as a purchaser of a consumer product such as a bicycle that

it would have a properly designed and manufactured brake to retard, control and stop the forward

momentum of the bicycle upon user demand.

173.    The defective silver Electra® bicycle was defective and unreasonably dangerous

because it did not meet the reasonable expectations of an ordinary consumer.

174.    The defective silver Electra® bicycle was unreasonably dangerous in that it failed

to have expected proper labels, warnings, and instructions.

175.    Defendant failed to warn Dr. Fineman of the defective and unreasonably

dangerous condition in the defective silver Electra® bicycle.

176.    Defendant had an actual knowledge of the dangers associated with the continued

use of the defective silver Electra® bicycle to users like Dr. Fineman, but knowingly failed to

Case ID: 230600934

reveal, or concealed, such dangers, and the Fineman's are thus entitled to punitive damages to deter Defendant and others from engaging in such callous conduct in the future.

177.   Dr. Fineman has suffered damages as a proximate result of the strict liability of Defendant.

WHEREFORE, Plaintiffs, Mitchell S. Fineman and Lucy Q. Fineman, demand judgment in their favor, jointly and severally, together with damages, costs, attorneys' fees and punitive damages.

COUNT V – PENNSYLVANIA STRICT LIABILITY (RISK-UTILITY)
Dr. Fineman v. Trek BC, Electra Inc., Electra LLC, Beacon Cycling,
Mr. Rovins, Mrs. Rovins, SRAM, Heng YMC,
John Doe(s), Jane Doe(s), XYZ Corporation(s) and DEF, LLC(s)

178.   Plaintiffs repeat and aver each of the preceding paragraphs of the Complaint as if set forth at length herein.

179.   At all times relevant hereto, Defendant was engaged in the business of designing, manufacturing, marketing, advertising, distributing and sale of bicycles (and/or bicycle components).

180.   The bicycle was defective at the time it was designed, manufactured, and sold by Defendant and at the time of the incident, in that its braking could and did fail during normal and anticipated use.

181.   The bicycle and/or its component parts were further defective because the risk posed by their design and/or manufacture exceeded the utility, if any, of their design.

182.   A bicycle would not ordinarily have its brakes fail in the course of normal foreseeable use unless it was defectively designed and/or manufactured.

29

Case ID: 230600934

183.   Defendant knew or should have known that users riding a bicycle with non-functioning "coaster brakes" was a hazardous condition which could foreseeably lead to a user's crash and resultant bodily injury.

184.   Defendant distributed a defective and unreasonably dangerous product.

185.   Defendant failed to warn Dr. Fineman of the defective and unreasonably dangerous condition in the defective silver Electra® bicycle.

186.   Dr. Fineman has suffered damages as a proximate result of the strict liability of Defendant.

187.   Defendant had actual knowledge of the dangers associated with the continued use of the defective silver Electra® bicycle to users like Dr. Fineman, but knowingly failed to reveal, or concealed, such dangers, and the Fineman's are thus entitled to punitive damages to deter Defendant and others from engaging in such callous conduct in the future.

WHEREFORE, Plaintiffs. Mitchell S. Fineman and Lucy Q. Fineman, demand judgment in their favor. jointly and severally, together with damages, costs, attorneys' fees and punitive damages.

### COUNT VI – PENNSYLVANIA STRICT LIABILITY (FAILURE TO WARN)
### Dr. Fineman v. Trek BC. Electra Inc., Electra LLC. Beacon Cycling,
### Mr. Rovins, Mrs. Rovins, SRAM, Heng YMC,
### John Doe(s), Jane Doe(s), XYZ Corporation(s) and DEF, LLC(s)

188.   Plaintiffs repeat and aver each of the preceding paragraphs of the Complaint as if set forth at length herein.

189.   At all times relevant hereto, Defendant was engaged in the business of designing, manufacturing, marketing, advertising, distributing and sale of bicycles (and/or bicycle components).

190.   Defendant herein distributed a defective and unreasonably dangerous product.

30

Case ID: 230600934

191.    Defendant knew or should have known that components of the defective silver Electra® bicycle were unreasonably dangerous at the time of its sale to Dr Fineman in 2014.

192.    Defendant knew or should have known that components of the defective silver Electra® bicycle were unreasonably dangerous prior to the time of Dr Fineman's crash in 2021.

193.    Defendant knew or should have known that users riding a bicycle with non-functioning "coaster brakes" was a hazardous condition which could foreseeably lead to a user's crash and resultant bodily injury.

194.    Yet, Defendant did not warn or alert, provide guidance or instruction to, Dr. Fineman of the defective and unreasonably dangerous condition in the defective silver Electra® bicycle prior to his crash.

195.    Dr. Fineman has suffered damages as a proximate result of the failure to warn by Defendant.

196.    Defendant had actual knowledge of the dangers associated with the continued use of the defective silver Electra® bicycle to users like Dr. Fineman, but knowingly failed to reveal, or concealed, such dangers, and the Fineman's are thus entitled to punitive damages to deter Defendant and others from engaging in such callous conduct in the future.

WHEREFORE, Plaintiffs, Mitchell S. Fineman and Lucy Q. Fineman, demand judgment in their favor, jointly and severally, together with damages, costs, attorneys' fees and punitive damages.

### COUNT VII - BREACH OF WARRANTY (EXPRESS)
Dr. Fineman v. Trek BC, Electra Inc., Electra LLC, Beacon Cycling,
Mr. Rovins, Mrs. Rovins, SRAM, Heng YMC,
John Doe(s), Jane Doe(s), XYZ Corporation(s) and DEF, LLC(s)

197.    Plaintiffs repeat and aver each of the preceding paragraphs of the Complaint as if set forth at length herein.

31

Case ID: 230600934

198.    Defendant expressly warranted[2] that the defective silver Electra® bicycle was *inter alia* free of defects in material and workmanship, and proper for its intended use.

199.    Defendant instead distributed a defective and unreasonably dangerous product.

200.    Dr. Fineman reasonably relied upon the skill and judgment of Defendant and upon said express warranty in using the consumer product.

201.    Defendant had ample and sufficient notice of the breach of said express warranty, as soon as the true nature of the defective product became known, and the fact that the express warranty and representations were false, prior to Dr. Fineman's crash.

202.    Nevertheless, Defendant failed to warn Dr. Fineman of the defective and unreasonably dangerous condition in the defective silver Electra® bicycle before his crash.

203.    Indeed, Dr. Fineman had to learn in 2022 by his own efforts, and after his unnecessary crash, that the defective silver Electra® bicycle had been recalled in 2019 due to its latent and unreasonably dangerous condition.

204.    Dr. Fineman has suffered damages as a proximate result of Defendant's breach of the express warranty.

205.    Defendant had actual knowledge of the dangers associated with the continued use of the defective silver Electra® bicycle to users like Dr. Fineman, but knowingly failed to reveal, or concealed, such dangers, and the Fineman's are thus entitled to punitive damages to deter Defendant and others from engaging in such callous conduct in the future.

---

[2]    Dr. Fineman is not currently in possession of each express warranty, said warranty(ies) being in the possession of Defendant(s) – to be produced during the course of discovery. Pa.R.Civ.P. 1019(i).

32

Case ID: 230600934

WHEREFORE, Plaintiffs, Mitchell S. Fineman and Lucy Q. Fineman, demand judgment in their favor, jointly and severally, together with damages, costs, attorneys' fees and punitive damages.

### COUNT VIII – BREACH OF WARRANTY (IMPLIED – FITNESS OF PARTICULAR PURPOSE)
#### Dr. Fineman v. Trek BC, Electra Inc., Electra LLC, Beacon Cycling,
#### Mr. Rovins, Mrs. Rovins, SRAM, Heng YMC,
#### John Doe(s), Jane Doe(s), XYZ Corporation(s) and DEF, LLC(s)

206.    Plaintiffs repeat and aver each of the preceding paragraphs of the Complaint as if set forth at length herein.

207.    Defendant is a "merchant" as defined by Article 2 of the Uniform Commercial Code.

208.    Defendant impliedly warranted that the defective silver Electra® bicycle was safe and fit for its intended use.

209.    Defendant instead distributed a latently defective and unreasonably dangerous product.

210.    Dr. Fineman reasonably relied upon the skill and judgment of Defendant that the consumer product was safe and fit for its intended use.

211.    Defendant had ample and sufficient notice of the breach of said implied warranty, as soon as the true nature of the unfit consumer product became known, and the fact that the product was not fit for its intended use, prior to Dr. Fineman's crash.

212.    Nevertheless, Defendant failed to warn Dr. Fineman of the defective and unreasonably dangerous condition in the defective silver Electra® bicycle before his crash.

213.    Indeed, Dr. Fineman had to learn in 2022 by his own efforts, and after his unnecessary crash, that the unfit and defective silver Electra® bicycle had been recalled in 2019 due to its latent and unreasonably dangerous condition.

33

Case ID: 230600934

214.   Dr. Fineman has suffered damages as a proximate result of Defendant breach of the implied warranty.

215.   Defendant had an actual knowledge of the dangers associated with the continued use of the defective silver Electra® bicycle to users like Dr. Fineman, but knowingly failed to reveal, or concealed, such dangers, and the Fineman's are thus entitled to punitive damages to deter Defendant and others from engaging in such callous conduct in the future.

WHEREFORE, Plaintiffs, Mitchell S. Fineman and Lucy Q. Fineman, demand judgment in their favor, jointly and severally, together with damages, costs, attorneys' fees and punitive damages.

### COUNT IX – BREACH OF WARRANTY (IMPLIED - MERCHANTABILITY)
Dr. Fineman v. Trek BC, Electra Inc., Electra LLC, Beacon Cycling,
Mr. Rovins, Mrs. Rovins, SRAM, Heng YMC,
John Doe(s), Jane Doe(s), XYZ Corporation(s) and DEF, LLC(s)

216.   Plaintiffs repeat and aver each of the preceding paragraphs of the Complaint as if set forth at length herein.

217.   Defendant impliedly warranted that the defective silver Electra® bicycle was safe and merchantable for its intended use.

218.   Defendant instead distributed a latently defective and unreasonably dangerous product.

219.   Dr. Fineman reasonably relied upon the skill and judgment of Defendant that the consumer product was safe and of merchantable quality for its intended use.

220.   Defendant had ample and sufficient notice of the breach of said implied warranty, as soon as the true nature of the defective product became known, and the fact that the product was not of merchantable quality for its intended use, prior to Dr. Fineman's crash.

34

Case ID: 230600934

221.    Nevertheless, Defendant failed to warn Dr. Fineman of the defective and unreasonably dangerous condition in the defective silver Electra® bicycle before his crash.

222.    Indeed, Dr. Fineman had to learn in 2022 by his own efforts, and after his unnecessary crash, that the unmerchantable and defective silver Electra® bicycle had been recalled in 2019 due to its latent and unreasonably dangerous condition.

223.    Dr. Fineman has suffered damages as a proximate result of Defendant breach of the implied warranty.

224.    Defendant had actual knowledge of the dangers associated with the continued use of the defective silver Electra® bicycle to users like Dr. Fineman, but knowingly failed to reveal, or concealed, such dangers, and the Fineman's are thus entitled to punitive damages to deter Defendant and others from engaging in such callous conduct in the future.

WHEREFORE, Plaintiffs, Mitchell S. Fineman and Lucy Q. Fineman, demand judgment in their favor, jointly and severally, together with damages, costs, attorneys' fees and punitive damages.

### COUNT X – BREACH OF WARRANTY (MAGNUSON-MOSS WARRANTY ACT)
Dr. Fineman v. Trek BC, Electra Inc., Electra LLC, Beacon Cycling,
Mr. Rovins, Mrs. Rovins, SRAM, Heng YMC,
John Doe(s), Jane Doe(s), XYZ Corporation(s) and DEF, LLC(s)

225.    Plaintiffs repeat and aver each of the preceding paragraphs of the Complaint as if set forth at length herein.

226.    Dr. Fineman was a "consumer" as defined the Magnuson-Moss Warranty Act, 15 U.S.C. §2301(3).

227.    Defendant is a "supplier" and "warrantor" as defined the Magnuson-Moss Warranty Act, 15 U.S.C. §2301(4-5).

35

Case ID: 230600934

228.   The defective silver Electra® bicycle is a "consumer product" as defined the Magnuson-Moss Warranty Act, 15 U.S.C. §2301(1).

229.   Defendant warranted that the defective silver Electra® bicycle was *inter alia* free of defects in material and workmanship, and proper for its intended use:

230.   Defendant instead sold and distributed a defective and unreasonably dangerous product which failed to confirm to such warranty.

231.   Dr. Fineman has suffered damages as a proximate result of Defendant's breach of warranty.

232.   Defendant had actual knowledge of the dangers associated with the continued use of the defective silver Electra® bicycle to users like Dr. Fineman, but knowingly failed to reveal, or concealed, such dangers, and the Fineman's are thus entitled to punitive damages to deter Defendant and others from engaging in such callous conduct in the future.

WHEREFORE, Plaintiffs, Mitchell S. Fineman and Lucy Q. Fineman, demand judgment in their favor, jointly and severally, together with damages, costs, attorneys' fees and punitive damages.

### COUNT XI – NEW JERSEY CONSUMER FRAUD ACT
Dr. Fineman v. Trek BC, Electra Inc., Electra LLC, Beacon Cycling,
Mr. Rovins, Mrs. Rovins, SRAM, Heng YMC,
John Doe(s), Jane Doe(s), XYZ Corporation(s) and DEF, LLC(s)

233.   Plaintiffs repeat and aver each of the preceding paragraphs of the Complaint as if set forth at length herein.

234.   Dr. Fineman is a "person" as defined by the New Jersey Consumer Fraud Act, N.J. Stat. Ann. §56:8-1(d).

235.   Defendants was engaged in the "sale" of "merchandise" as defined by the New Jersey Consumer Fraud Act, N.J. Stat. Ann. §56:8-1(c), (d).

36

Case ID: 230600934

236.   Defendant engaged in an unlawful act, use or employment of an unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, and/or the knowing concealment, suppression of omission, in connection with the sale or advertisement of merchandise, and/or with the subsequent performance, in the distribution to, and/or failure to warn Dr. Fineman of, the defective and unreasonably dangerous condition in the defective silver Electra® bicycle.

237.   Dr. Fineman has suffered damages as a proximate result of the liability of Defendant.

238.   Defendant had actual knowledge of the dangers associated with the continued use of the defective silver Electra® bicycle to users like Dr. Fineman, but knowingly failed to reveal, or concealed, such dangers, and the Fineman's are thus entitled to punitive damages to deter Defendant and others from engaging in such callous conduct in the future.

WHEREFORE, Plaintiffs, Mitchell S. Fineman and Lucy Q. Fineman, demand judgment in their favor, jointly and severally, together with damages, costs, attorneys' fees and treble damages.

### COUNT XII – PENNSYLVANIA UNFAIR TRADE PRACTICES ACT
Dr. Fineman v. Trek BC, Electra Inc., Electra LLC, Beacon Cycling,
Mr. Rovins, Mrs. Rovins, SRAM, Heng YMC,
John Doe(s), Jane Doe(s), XYZ Corporation(s) and DEF, LLC(s)

239.   Plaintiffs repeat and aver each of the preceding paragraphs of the Complaint as if set forth at length herein.

240.   Defendant engaged in fraudulent and deceptive practices which created the likelihood of confusion and misunderstanding in violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. 201-1, *et seq*.

37

241.   Defendant knowingly and intentionally induced Plaintiffs to purchase the defective silver Electra® bicycle (and the second defective black Electra® bicycle) through the use of false and/or misleading marketing, advertising, representations and statements.

242.   Dr. Fineman reasonably relied upon the skill and judgment of Defendant that the consumer product was safe and fit for its intended use.

243.   The defective silver Electra® bicycle (and the second defective black Electra® bicycle) failed to perform as marketed, advertised and represented, and in fact was unsafe, defective and unreasonably dangerous.

244.   Defendant wrongfully profited from its unfair, deceptive, misleading and false representations from the sale of defective and unreasonably dangerous products like the defective silver Electra® bicycle (and the second defective black Electra® bicycle) to Plaintiffs, and to others similarly harmed.

245.   Dr. Fineman has suffered damages as a proximate result of the unfair, deceptive, misleading and false representations of Defendant.

246.   Defendant had actual knowledge of the dangers associated with the continued use of the defective silver Electra® bicycle to users like Dr. Fineman, but knowingly failed to reveal, or concealed, such dangers, and the Fineman's are thus entitled to punitive damages to deter Defendant and others from engaging in such callous conduct in the future.

WHEREFORE, Plaintiffs, Mitchell S. Fineman and Lucy Q. Fineman, demand judgment in their favor, jointly and severally, together with damages, costs, attorneys' fees and treble damages.

Case ID: 230600934

## COUNT XIII – CONSUMER PRODUCT SAFETY ACT (15 U.S.C. §§ 2015 *ET SEQ.*)
### Dr. Fineman v. Trek BC, Electra Inc., Electra LLC, Beacon Cycling, Mr. Rovins, Mrs. Rovins, SRAM, Heng YMC, John Doe(s), Jane Doe(s), XYZ Corporation(s) and DEF, LLC(s)

247.   Plaintiffs repeat and aver each of the preceding paragraphs of the Complaint as if set forth at length herein.

248.   Defendant knowingly and/or willfully violated consumer product safety rules, other rules and/or orders issued by the Consumer Product Safety Commission, including but not limited to:

    a.   16 C.F.R. §1512.3;

    b.   16 C.F.R. §1512.4;

    c.   16 C.F.R. §1512.5;

    d.   16 C.F.R. §1512.17;

    e.   16 C.F.R. §1512.18; and/or,

    f.   16 C.F.R. §1512.19.

249.   Dr. Fineman has suffered damages as a proximate result of the violation of the above-referenced rules, other rules and/or orders by Defendant.

**WHEREFORE**, Plaintiffs, Mitchell S. Fineman and Lucy Q. Fineman, demand judgment in their favor, jointly and severally, together with damages, costs, expert fees, attorneys' fees and punitive damages.

## COUNT XIV – NEGLIGENCE
### Finemans v. Trek M

250.   Plaintiffs repeat and aver each of the preceding paragraphs of the Complaint as if set forth at length herein.

251.   Trek M had a duty to warn the Fineman's of the recall(s) of their defective and unreasonably dangerous bicycles.

Case ID: 230600934

252.   Trek M was at all times pertinent hereto, was a representative and/or agent of Trek BC, Electra Inc., Electra LLC, Beacon Cycling, Mr. Rovins, Mrs. Rovins, SRAM, Heng YMC, John Doe(s), Jane Doe(s), XYZ Corporation(s) and/or DEF, LLC(s).

253.   Defendant failed to warn the Finemans of the defective and unreasonably dangerous condition in the product.

254.   Defendant's actions and/or inactions were wanting of ordinary or reasonable care.

255.   Defendant's actions and/or inactions were intentional, willful, wanton, outrageous, reckless and/or careless in complete disregard for the safety of the Finemans.

256.   Defendant's actions and/or inactions breached the applicable standard of care.

257.   The Fineman's have suffered damages as a proximate result of the negligence of Defendant.

WHEREFORE, Plaintiffs, Mitchell S. Fineman and Lucy Q. Fineman, demand judgment in their favor, jointly and severally, together with damages, costs and attorneys' fees.

COUNT XV – MISREPRESENTATION
Finemans v. Trek M

258.   Plaintiffs repeat and aver each of the preceding paragraphs of the Complaint as if set forth at length herein.

259.   Defendant failed to warn the Finemans of the defective and unreasonably dangerous condition in the product.

260.   Indeed, Trek M represented to Dr. Fineman that the second defective black Electra® bicycle was okay to ride – despite the product having been recalled and consumers which were to be informed to stop riding the bicycle immediately!

261.   The Fineman's relied upon the representations of Trek M.

40

Case ID: 230600934

262.   Defendant's representations were false, misleading and otherwise wanting of ordinary or reasonable care.

263.   Defendant's misrepresentations were intentional, willful, wanton, outrageous, reckless and/or careless in complete disregard for the safety of the Finemans.

264.   Defendant's actions and/or inactions breached the applicable standard of care.

265.   The Fineman's have suffered ongoing damages as a proximate result of the misrepresentations of Defendant.

WHEREFORE, Plaintiffs, Mitchell S. Fineman and Lucy Q. Fineman, demand judgment in their favor, jointly and severally, together with damages, costs and attorneys' fees.

### COUNT XVI – CONSORTIUM
### Mrs. Fineman v. Defendants

266.   Plaintiff repeats and avers each of the preceding paragraphs of the Complaint as if set forth at length herein.

267.   Mrs. Fineman is the wife of Dr. Fineman for more than 23 years and as such is entitled to her loss of society, companionship and services caused by the crash.

268.   Defendant's carelessness, negligence, recklessness, defective silver Electra® bicycle, breach of warranty(ies) and deceptive and unfair trade practices has caused Mrs. Fineman to suffer a loss of consortium and she has been deprived of her husband's intimacy, companionship, comfort, affection, society and physical assistance.

WHEREFORE, Plaintiffs, Mitchell S. Fineman and Lucy Q. Fineman, demand judgment in their favor, jointly and severally, together with damages, costs, attorneys' fees, punitive damages and treble damages.

41

Case ID: 230600934

Dated:  June 9, 2023                         **POST & SCHELL, P.C.**

                                   By: _____
                                         Marc H. Perry

                                         I.D. #: 68610
                                         13th Floor
                                         Four Penn Center
                                         1600 John F. Kennedy Blvd.
                                         Philadelphia, Pa  19103
                                         (215) 587-1000
                                         mperry@postschell.com

                                         Attorneys for Plaintiffs

42

## VERIFICATION

I hereby verify the foregoing Complaint in this litigation. The information contained in the foregoing is true and correct to the best of my knowledge and belief.  To the extent that the *foregoing contains legal positions or statements, they are made on the advice of legal counsel,* upon whom I have relied. The undersigned understands that the statements herein are made subject to the penalties of 18 Pa.C.S.A. §4904 relating to unsworn falsification to authorities.

_____
Mitchell S. Fineman

Case ID: 230600934

<u>**VERIFICATION**</u>

I hereby verify the foregoing Complaint in this litigation. The information contained in the foregoing is true and correct to the best of my knowledge and belief. To the extent that the foregoing contains legal positions or statements, they are made on the advice of legal counsel, upon whom I have relied. The undersigned understands that the statements herein are made subject to the penalties of 18 Pa.C.S.A. §4904 relating to unsworn falsification to authorities.

Lucy Q. Fineman

Case ID: 230600934

## CERTIFICATION

I do hereby certify that a true and correct copy of the above was E-filed this date.

I also certify that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that requires filing confidential information and documents differently than non-confidential information and documents.

Dated:  June 9, 2023                                    **POST & SCHELL, P.C.**

                                                    By: _____
                                                         Marc H. Perry
                                                         Attorneys for Plaintiffs

Case ID: 230600934

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MITCHELL S. FINEMAN, M.D. and<br>LUCY Q. FINEMAN, h/w,<br><br>Plaintiffs,<br>v.<br><br>TREK BICYCLE CORPORATION, LTD.,<br>ELECTRA BICYCLE COMPANY, INC.,<br>ELECTRA BICYCLE CORPORATION,<br>LLC, TREK RETAIL CORPORATION,<br>(d/b/a Trek Bicycle Philadelphia Manayunk),<br>BEACON STORES, INC., (d/b/a Beacon<br>Cycling and/or Beacon Cycling & Fitness),<br>MITCHELL ROVINS and SUSANNA<br>ROVINS (d/b/a Beacon Stores Cycling<br>and/or Beacon Cycling & Fitness), SRAM,<br>LLC, JOHN DOE(S) and JANE DOE(S),<br>ABC CORPORATION and DEF, LLC, and<br>HENG YING MACHINERY CO., LTD.,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION NO. 2:23-cv-02272 |

**AFFIDAVIT OF MITCHELL ROVINS AND SUSANNA ROVINS ON THEIR OWN
BEHALF AND ON BEHALF OF BEACON STORES, INC. IN SUPPORT OF THE
MOTION TO DISMISS FOR LACK OF JURISDICTION**

We, Mitchell Rovins and Susanna Rovins, being duly sworn, depose and say:

1. At all material times, we were the owner and operators of the bicycle stores known at Beacon Stores, Inc. doing business as Beacon Stores Cycling and/or Beacon Cycling & Fitness (hereinafter "Beacon").

2. As of February 2022 Beacon has ceased all business operations and we have retired.

3. Beacon was in the business of selling and servicing bicycles and related equipment.

4. Beacon conducted its business by operating brick-and-mortar stores.

5. At all relevant times, Beacon was licensed to do business in New Jersey.

6. Beacon's s stores were located in Northfield, New Jersey and Freehold, New Jersey.

7. Beacon was never licensed to do business in Pennsylvania.

8. Beacon did not operate in Pennsylvania.

9. Beacon, Mitchell Rovins and Susanna Rovins had no business contacts with Pennsylvania.

10. At all material times Mitchell Rovins and Susanna Rovins, husband and wife, were citizens of and resided in New Jersey, residing 1005 Maple Ave., Linwood NJ, 08221, same address as alleged in Plaintiffs' Complaint.

11. At no material time have we maintained an office, warehouse or place of business in Pennsylvania.

12. At no material time have we solicited business from Pennsylvania residents, and have not directly marketed any products in Pennsylvania.

13. At no material time have we maintained a bank account or telephone listing in Pennsylvania.

14. At no material time have we had a registered agent for service of process in Pennsylvania,

15. At no material time have we purchased goods or materials within Pennsylvania and have never paid taxes in Pennsylvania.

16. At no material time have we owned, leased, rented, purchased, or controlled real property in Pennsylvania.

17. At no material time have we had any assets in Pennsylvania and have no employees, officers or directors residing in Pennsylvania.

18. At no material time have we consented to or anticipated or intended that it might be subjected to the personal jurisdiction of any court in Pennsylvania.

19. Neither ourselves nor any representatives of us or Beacon have traveled to Pennsylvania because of the subject Lawsuit.

AFFIANT SAYETH NOT FURTHER                AFFIANT SAYETH NOT FURTHER

Mitchell Rovins                           Susanna Rovins

Sworn to and subscribed before me this $\underline{19}$ day of $\underline{September}$ 2023

Notary Public
   20.



MACKENZIE L MONTGOMERY
Notary Public, State of New Jersey
Comm. # 50213308
My Commission Expires 8/21/2028