**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MITCHELL S. FINEMAN, M.D., LUCY Q. FINEMAN** | : | **CIVIL ACTION** |
| | : | |
| | : | |
| **v.** | : | **NO.  23-2272** |
| | : | |
| **TREK BICYCLE CORPORATION, LTD.,** | : | |
| **ELECTRA BICYCLE COMPANY, INC.,** | : | |
| **TREK RETAIL CORPORATION,** | : | |
| **BEACON STORES, INC., MITCHELL** | : | |
| **ROVINS, SUSANNA ROVINS, SRAM,** | : | |
| **LLC, JOHN DOE(S), JANE DOE(S), ABC** | : | |
| **CORPORATION, DEF, LLC, HENG YING** | : | |
| **MACHINERY CO., LTD., ELECTRA** | : | |
| **BICYCLE CORPORATION, LLC** | : | |

# ORDER

**AND NOW**, this 11th day of March 2024, upon considering defendant Heng Ying

Machinery Co., Ltd.'s motion to dismiss (DI 23), the Finemans'[1] opposition (DI 24), and Heng

Ying's reply (DI 25), it is **ORDERED**:

      1.      Heng Ying's motion to dismiss (DI 23) is **DENIED.**

      2.      The Finemans shall, no later than **March 18, 2024**: (a) meet and confer with

counsel for Heng Ying regarding the issues discussed in this Order and to explore whether Heng

Ying will accept service; (b) file a motion or proposal of some kind for how service on Heng

Ying may be perfected and a plan for moving forward, including an explanation of Heng Ying's

position if it remains opposed.

      3.      The plaintiffs are Philadelphia residents Dr. Mitchell S. Fineman, M.D., and his

wife, Lucy Q. Fineman.  DI 1 at 13-14 (ECF).  They filed a complaint in the Philadelphia Court

---

[1] "The Finemans" means plaintiffs Dr. Mitchell S. Fineman and Lucy Q. Fineman.

of Common Pleas against several defendants:

      a.   The Trek group: Trek Bicycle Corporation, Ltd., Electra Bicycle Company, Inc., Electra Bicycle Corporation, LLC, Trek Retail Corporation (d/b/a Trek Bicycle Philadelphia Manayunk), and SRAM, LLC;

      b.   The Beacon Stores group: Beacon Stores, Inc. (d/b/a Beacon Cycling and/or Beacon Cycling & Fitness), Mitchell Rovins, and Susanna Rovins;

      c.   Heng Ying Machinery Co., Ltd.; and

      d.   Several unknown individual and corporate defendants.

4.      The case concerns Dr. Fineman's bicycle accident in New Jersey.  The Finemans blame the accident on a Trek group bicycle that he purchased from the Beacon Stores group — specifically, they say the coaster brake failed in the bicycle's SRAM gear hub, which in turn was manufactured by Heng Ying.  *Id.* at 17-31 (ECF).  The complaint identifies 16 counts of various New Jersey and Pennsylvania statutory and common law causes of action.  *Id.* at 32-53 (ECF).

5.      The Trek group removed the case to our court.  *Id.* at 1-5.  The Beacon Stores group consented to removal, and Heng Ying had not yet been served.  *Id.* at 3-4.  A denial of the Finemans' motion to remand is issuing today.

6.      Heng Ying moves to dismiss because the Finemans failed to properly serve it with the complaint, and even if they did, this court lacks personal jurisdiction over Heng Ying.  DI 23 at 3 (ECF).

7.      Starting with service, Heng Ying is a corporation organized and existing under the laws of Taiwan, with a principal place of business in Taoyuan City, Taiwan.  DI 23-3 at 2 (ECF).  Because the Trek group properly removed the case, service must be proper under federal law.  28 U.S.C. § 1447(a); 1448.  And because Taiwan is not a member of the Hague Convention, service

here must be effected under Fed. R. Civ. P. 4(f)(2).  There appears to be no dispute that the

Finemans failed to serve Heng Ying in accordance with Taiwanese law or as directed in response

to a letter rogatory.  See DI 23 at 9-10 (outlining procedures); DI 24 at 11-12 (contending only

that service was proper under Pennsylvania law).  That said, we have the latitude to allow for

service to be perfected and entertain arguments for alternative service — which may be on good

footing considering that Heng Ying has notice and is participating in the case.  That may be why

Heng Ying focuses on the argument that correcting service would be futile because we lack

personal jurisdiction.

       8.     Turning to jurisdiction, the complaint alleges that Heng Ying "regularly and

systematically conducted business in the United States of America, including the County of

Philadelphia."  DI 1 at 16 (ECF).  The complaint does not expand on that allegation, but it does

allege that Dr. Fineman's bicycle was manufactured in Taiwan and contains an SRAM hub made

by Heng Ying.  *Id.* at 19 (defective bicycle "was manufactured in Taiwan"); *id.* at 23 (recall

notice for hubs noting "Manufacturer(s): Heng Ying" and "Distributor(s): SRAM LLC").  Heng

Ying, for its part, offers a sworn declaration from its sales manager, Mr. Chang.  DI 23-3.[2]  Mr.

Chang avers that Heng Ying has no direct connection to Pennsylvania.  Rather, Heng Ying

makes the hubs at issue for SRAM in Taiwan, ships the hubs to some other factory in Taiwan,

and receives payment in Taiwanese dollars from SRAM's Taiwanese operation.  *Id.* at 4.  This of

course leaves open the allegation that Heng Ying's products eventually flow through the stream

of commerce into Pennsylvania.  *Id.*

---

[2] The Finemans puzzlingly argue that Mr. Chang's declaration should be disregarded
because it fails to comply with 28 U.S.C. § 1746.  DI 24 at 7.  They must have been looking at a
different declaration because Mr. Chang's is entirely in order and concludes with the statutory
language.  See DI 23-3 at 4.

9.      A court should dismiss a complaint when it lacks personal jurisdiction over the defendant. Fed. R. Civ. P. 12(b)(2).  "Once challenged, the plaintiff bears the burden of establishing personal jurisdiction." *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 316 (3d Cir. 2007).  This may be established through "affidavits or other competent evidence." *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009) (quoting *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996)).  If the court does not hold an evidentiary hearing, then the plaintiff "need only establish a prima facie case of personal jurisdiction." *Id.* (quoting *O'Connor*, 496 F.3d at 316).  The plaintiff is "entitled to have [his] allegations taken as true and all factual disputes drawn in [his] favor." *O'Connor*, 496 F.3d at 316 (quoting *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004)).

10.     A district court sitting in diversity applies the personal jurisdiction law of the forum state. *Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prods. Co.,* 75 F.3d 147, 150 (3d Cir. 1996) (citing Fed. R. Civ. P. 4(e)).  Pennsylvania's long arm statute is coextensive with the limits of the U.S. Constitution. *Id.* (citing 42 Pa. Stat. and Cons. Stat. § 5322(b)).  We will "therefore look to federal constitutional doctrine" in determining whether personal jurisdiction over Heng Ying is appropriate. *Id.*  Personal jurisdiction can be general or specific, but we will focus on specific because there is no serious contention or slightest indication that Heng Ying could be subject to general personal jurisdiction.

11.     Specific jurisdiction requires "purposeful availment" of the forum state, meaning that Heng Ying must have taken "some act by which it purposefully avails itself of the privilege of conducting activities within [Pennsylvania]." *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021) (quotation omitted).  "The contacts must be [Heng Ying's] own choice and not random, isolated, or fortuitous." *Id.* (quotation omitted).  Further, the Fineman's claims

4

"must arise out of or relate to [Heng Ying's] contacts" with Pennsylvania. *Id.* (quotation omitted) ("[T]here must be an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation."). "If these purposeful availment and relationship requirements are met, a court may exercise personal jurisdiction over a defendant so long as the exercise of that jurisdiction comports with fair play and substantial justice." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004) (quotation omitted).

12.     There is nothing in the record to suggest that Heng Ying did anything at all to target Pennsylvania.  Rather, Heng Ying demonstrated that it makes and conveys the hubs in Taiwan, and although the United States market may be an obvious destination, there's no connection with Pennsylvania in particular.  See DI 23-3.  The Third Circuit does not automatically impose specific personal jurisdiction over any company whose products end up in Pennsylvania — even if that were a foreseeable result.  *See Shuker v. Smith & Nephew, PLC*, 885 F.3d 760, 780 (3d Cir. 2018) ("We perceive no merit in the Shukers' stream-of-commerce theory of personal jurisdiction.").  Thus, there is no indication that Heng Ying purposefully availed itself of Pennsylvania's market.

13.     In opposition, the Finemans argue that it adequately demonstrated jurisdiction by alleging that Heng Ying "regularly and systemically conduct[s] business in" Pennsylvania.  DI 24 at 4 (quoting DI 1 at 16 (ECF)).  That is wrong not only because the allegation is conclusory, but also because "[o]nce challenged, the plaintiff bears the burden of establishing personal jurisdiction." *O'Connor*, 496 F.3d at 316.

14.     Second, the Finemans argue that there must be personal jurisdiction over Heng Ying because the Consumer Product Safety Commission issued a recall notice on SRAM hubs,

which in turn identified Heng Ying as the manufacturer.  That certainly tends to show that Heng

Ying's hubs penetrated the U.S. market, but that's not really in dispute, and it does nothing to

show that Heng Ying purposefully availed itself of Pennsylvania.

15.    Third, the Finemans argue that Mr. Chang's declaration leaves unanswered

questions, such as whether a representative from Heng Ying has ever been to Pennsylvania for

any reason, or how well Heng Ying understood its products would enter the U.S. market.  Fair

enough, but, again, "what is necessary is a deliberate targeting of the forum," *O'Connor*, 496

F.3d at 317, so efforts "to exploit a national market" that "necessarily included Pennsylvania" are

insufficient, *D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 104 (3d

Cir. 2009).

16.    Perhaps appreciating the obstacle Third Circuit law imposes, the Finemans next

turn to Fed. R. Civ. P. 4(k)(2), which allows us to exercise personal jurisdiction over Heng Ying

if "(A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and

(B) exercising jurisdiction is consistent with the United States Constitution and laws."  In reply,

Heng Ying argues that there was no more targeting of the U.S. market generally than there was

of Pennsylvania in particular.  That strikes us as dubious.  Mr. Chang's declaration focused

almost entirely on establish a lack of targeting of Pennsylvania — not the United States.  Nor did

Mr. Chang highlight any particular connection to some other state.  Heng Ying was making hubs

for SRAM — a company based in the United States — and Heng Ying was specifically called

out in the United States recall for the hubs.  As a general matter, "specific jurisdiction attaches in

cases identical to the ones here — when a company . . . serves a market for a product in the

forum . . . and the product malfunctions there." *Ford*, 592 U.S. at 363.  Given where the record

stands, we cannot say that Heng Ying has done its part to call Rule 4(k)(2) jurisdiction into

question.

17.     So coming back to where we began, we cannot agree with Heng Ying that it would be futile to address the problematic service here.  Pursuant to 28 U.S.C. § 1448, we will provide the Finemans with an opportunity to propose a plan for adequate service on Heng Ying.[3] Accordingly, we deny Heng Ying's motion to dismiss.


**MURPHY, J.**

---

[3] If Heng Ying can mount a robust challenge to jurisdiction under Rule 4(k)(2), it may do so in a responsive pleading after service is accepted or perfected.  But based on the record as it stands, such an attempt would likely fail or lead to jurisdictional discovery.