IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MITCHELL S. FINEMAN, M.D., LUCY Q. FINEMAN | : | CIVIL ACTION |
| | : | |
| v. | : | NO.   23-2272 |
| | : | |
| TREK BICYCLE CORPORATION, LTD., ELECTRA BICYCLE COMPANY, INC., TREK RETAIL CORPORATION, BEACON STORES, INC., MITCHELL ROVINS, SUSANNA ROVINS, SRAM, LLC, JOHN DOE(S), JANE DOE(S), ABC CORPORATION, DEF, LLC, HENG YING MACHINERY CO., LTD., ELECTRA BICYCLE CORPORATION, LLC | : | |

## ORDER TRANSFERRING CASE

**AND NOW**, this 19th day of March 2024, upon considering the Finemans'[1] alternative request to transfer to the District of New Jersey (DI 28), our order requesting additional briefing on transfer (DI 29), the response of the Beacon Stores group[2] (DI 32), as well as the Trek group's[3] motion to dismiss (DI 3) and the Beacon Stores group's motion to dismiss (DI 27), and all the responses thereto, it is **ORDERED**:

1. The Trek group's motion to dismiss (DI 3) is **DENIED as moot**.

2. The Beacon Stores group's motion to dismiss (DI 27) is **DENIED as moot**.

3. The alternative request to transfer is **GRANTED** and we direct the clerk of court

---

[1] "The Finemans" means plaintiffs Dr. Mitchell S. Fineman and Lucy Q. Fineman.

[2] "The Beacon Stores group" means defendants Beacon Stores, Inc. (d/b/a Beacon Cycling and/or Beacon Cycling & Fitness), Mitchell Rovins, and Susanna Rovins.

[3] "The Trek group" means defendants Trek Bicycle Corporation, Ltd., Electra Bicycle Company, Inc., Electra Bicycle Corporation, LLC, Trek Retail Corporation (d/b/a Trek Bicycle Philadelphia Manayunk), and SRAM, LLC.

1

to transfer this case to the District of New Jersey, Camden vicinage.

4. The plaintiffs are Philadelphia residents Dr. Mitchell S. Fineman, M.D., and his wife, Lucy Q. Fineman. DI 1 at 13-14 (ECF). They filed a complaint in the Philadelphia Court of Common Pleas against several defendants:

   a. The Trek group: Trek Bicycle Corporation, Ltd., Electra Bicycle Company, Inc., Electra Bicycle Corporation, LLC, Trek Retail Corporation (d/b/a Trek Bicycle Philadelphia Manayunk), and SRAM, LLC;

   b. The Beacon Stores group: Beacon Stores, Inc. (d/b/a Beacon Cycling and/or Beacon Cycling & Fitness), Mitchell Rovins, and Susanna Rovins;

   c. Heng Ying Machinery Co., Ltd.; and

   d. Several unknown individual and corporate defendants.

5. The case concerns Dr. Fineman's bicycle accident in New Jersey. The Finemans blame the accident on a Trek group bicycle that he purchased from the Beacon Stores group in New Jersey — specifically, they say the coaster brake failed in the bicycle's SRAM gear hub, which in turn was manufactured by Heng Ying. *Id.* at 17-31. The complaint identifies 16 counts of various New Jersey and Pennsylvania statutory and common law causes of action. *Id.* at 32-53.

6. The Trek group removed the case to our court. *Id.* at 1-5. The Beacon Stores group consented to removal, and Heng Ying had not yet been served. *Id.* at 3-4.

7. We denied the Finemans' motion to remand. DI 30.

8. We denied Heng Ying's motion to dismiss and ordered several steps to address the issue of service on Heng Yeng. DI 31.

9. The Beacon Stores group moved to dismiss for lack of personal jurisdiction

because the stores — which have since closed — and their former owners, the Rovinses, are entirely New Jersey based and have no connection to Pennsylvania. DI 27. The Finemans mounted little credible opposition on that point, but asked that rather than dismiss the Beacon Stores group, we transfer the case to the District of New Jersey. DI 28.

10. Even at a glance, the case for transfer is strong. Indeed, the premise of the Trek group's motion to dismiss is that the case has no relevance to Pennsylvania other than the citizenship of the Finemans. DI 3. So we ordered additional briefing on the prospect of transfer. DI 29. Only the Beacon Stores group responded, and it did not oppose transfer. DI 32.

11. We conclude that transfer is warranted either under 28 U.S.C. § 1404(a) — because the transfer factors are satisfied — or under § 1406 — because transfer avoids dismissal of the Beacon Group stores pursuant to its compelling motion to dismiss for lack of personal jurisdiction.

12. Under § 1404(a), we consider the following factors: plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses — but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum); the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879-80 (3d Cir. 1995).

13. Here, the record reflects that the only connection to Pennsylvania is that the Finemans are located here and they chose to file the case in Philadelphia court. Several factors compel transfer to New Jersey. First, the claim arose there — that is where Dr. Fineman purchased the bicycle and that is where the accident happened. Second, in its motion to dismiss, the Trek group compellingly argued that largely because of the accident location, New Jersey law would predominate in this case. Third, the Rovinses have retired and closed their bicycle stores, and given the other facts, it is at least remarkably inconvenient if not downright inappropriate for them to defend this case in Pennsylvania. The other factors are largely indifferent to transfer. And as mentioned, no party is opposed to transfer.

14. With respect to § 1406, we note that the Finemans offered nothing but speculation in opposition to the Beacon Stores group's motion to dismiss for lack of personal jurisdiction. If we had gone down the road of considering opening jurisdictional discovery, it would have been a close call and there was every possibility that it would bring us exactly back to this moment.

15. We deny the two remaining motions as moot. For the Beacon Stores group, this order resolves their motion. For the Trek group, it is unclear to us whether the transfer would affect their arguments, and think it best that the Trek group have the opportunity to restate the motion to the New Jersey district court.

MURPHY, J.